1   MANATT, PHELPS & PHILLIPS, LLP
    BARRY S. LANDSBERG (Bar No. CA 117284)
2   E-mail:  blandsberg@manatt.com
    BRAD W. SEILING (Bar No. CA 143515)
3   E-mail:  bseiling@manatt.com
    ANDREW H. STRUVE (Bar No. CA 200803)
4   E-mail:  astruve@manatt.com
    JESSICA J. SLUSSER (Bar No. CA 217307)
5   E-mail:  jslusser@manatt.com
    JUSTIN C. JOHNSON (Bar No. CA 252175)
6   E-mail:  jjohnson@manatt.com
    11355 West Olympic Boulevard
7   Los Angeles, CA  90064-1614
    Telephone:  (310) 312-4000
8   Facsimile:  (310) 312-4224

9   DAVID L. SHAPIRO (*Pro Hac Vice*)
    E-mail:  dshapiro@law.harvard.edu
10  1563 Mass. Ave.
    Cambridge, MA  02138
11  Telephone:  (617) 495-4618
    Facsimile:  (617) 495-1950

12

13  *Attorneys for Specially Appearing Defendants* EmpRes
    Healthcare, Inc.; EHC Financial Services, L.L.C. and
    Evergreen California Healthcare, L.L.C.

14
                    UNITED STATES DISTRICT COURT
15
                  NORTHERN DISTRICT OF CALIFORNIA
16

17
    Phyllis Wehlage, on her behalf and on        No.  C 10-05839 CW
18  behalf of others similarly situated,
                                                 **DEFENDANTS EMPRES**
19            Plaintiff,                          **HEALTHCARE, INC., EHC**
                                                 **FINANCIAL SERVICES, L.L.C.**
20       vs.                                     **AND EVERGREEN CALIFORNIA**
                                                 **HEALTHCARE, L.L.C.'S NOTICE**
21  EmpRes Healthcare, Inc.; EHC                 **OF MOTION AND MOTION TO**
    Management LLC; EHC Financial                **DISMISS PURSUANT TO FED. R.**
22  Services LLC; Evergreen California           **CIV. P. 12(b)(2) OR IN THE**
    Healthcare LLC; Evergreen at Arvin           **ALTERNATIVE FED. R. CIV. P.**
23  LLC; Evergreen at Bakersfield LLC;           **12(b)(6); MEMORANDUM OF**
    Evergreen at Lakeport LLC; Evergreen         **POINTS AND AUTHORITIES IN**
24  at Heartwood LLC; Evergreen at Springs       **SUPPORT THEREOF;**
    Road LLC; Evergreen at Tracy LLC;            **DECLARATION OF DALE**
25  Evergreen at Oroville LLC; Evergreen at      **PATTERSON**
    Petaluma LLC; Evergreen at Gridley
26  (SNF) LLC; and DOES 1 THROUGH                Hearing Date:  April 7, 2011
    100,                                         Time:            2 p.m.
27                                               Judge:           Hon. Claudia Wilken
              Defendants.
28

1   **TO THE COURT AND TO PLAINTIFF AND HER ATTORNEYS OF**

2   **RECORD: PLEASE TAKE NOTICE** that, on April 7, 2011, at 2 p.m., or as soon

3   thereafter as the matter may be heard in the Courtroom of the Honorable Claudia

4   Wilken, located at 1301 Clay Street, Courtroom 2, Oakland, California 94612,

5   defendants EmpRes Healthcare, Inc., EHC Financial Services, L.L.C. and Evergreen

6   California Healthcare, L.L.C. (collectively, "Defendants") will and hereby do

7   specially appear for the purpose of moving the Court, pursuant to Rule 12(b)(2) of

8   the Federal Rules of Civil Procedure, to dismiss the Complaint of plaintiff Phyllis

9   Wehlage ("Plaintiff") for lack of *in personam* jurisdiction.  Defendants also

10  provisionally move the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil

11  Procedure, to dismiss the Complaint for failure to state a claim by joining two

12  motions to dismiss concurrently filed by Evergreen at Lakeport, L.L.C. and EHC

13  Management, L.L.C. *et al.*[1]

14       This motion is and will be based on this notice of motion and attached

15  memorandum of points and authorities and declaration of Dale Patterson, all

16  pleadings and papers on file in this matter, and all other such evidence or argument

17  as may be submitted to the Court at or prior to the hearing.

18

19  Dated:  February 18, 2011          MANATT, PHELPS & PHILLIPS

20

21                                     By:  /s/ Barry S. Landsberg
                                            Barry S. Landsberg
22                                          *Attorneys for Specially Appearing*
                                            *Defendants* EmpRes Healthcare, Inc.; EHC
23                                          Financial Services, L.L.C. and Evergreen
                                            California Healthcare, L.L.C.
24

25

26  [1] Despite the special appearance of these defendants to contest personal jurisdiction,
    it is settled practice for this court to deflect ruling on Rule 12(b)(2) motions
27  pending a ruling on a potentially case-dispositive Rule 12(b)(6) motion. *See Kema,*
    *Inc. v Koperwhats*, 2010 WL 3464737, *12 (N.D.Cal. Sept. 1, 2010) (holding that
28  granting of Rule 12(b)(6) motion mooted consideration of Rule 12(b)(2) motion).

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ......................................................................1

II.  RELEVANT FACTS ................................................................2

III.  ARGUMENT...........................................................................5

    A.  Plaintiff Bears the Burden to Prove Facts Establishing Jurisdiction Over Defendants. ..............................................5

    B.  The Three Traditional Bases for Jurisdiction Are Not Present Here ..............................................................................5

    C.  Defendants Do Not Have Sufficient Contacts With California to Confer Either General or Specific Personal Jurisdiction .....................7

        1.  The Court's Jurisdiction Over Parent or Subsidiary Companies Alone is Insufficient to Confer Jurisdiction Over Defendants.......................................................7

        2.  The Court Lacks General Jurisdiction Over Defendants Because They do Not Have Substantial, Continuous and Systematic Contacts With California and Because Jurisdiction Is Not Reasonable..........................................8

        3.  The Court Lacks Specific Jurisdiction Over Defendants Because They Have Not Purposefully Availed Themselves of the Privileges of Conducting Activities in California, Plaintiff's Claims Do Not Arise Out of Defendants' Contacts With California, and the Exercise of Jurisdiction Is Not Reasonable..................................12

            a.  Purposeful Availment .................................... 13

            b.  Forum-Related Activities............................... 14

            c.  Reasonableness .............................................. 15

IV.  CONCLUSION..................................................................... 16

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

i

DEFENDANTS EMPRES HEALTHCARE. INC..
ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

# TABLE OF AUTHORITIES

**Page**

## CASES

*Asahi Metal Industry Co. v. Superior Court,*
  480 U.S. 102 (1987)...................................................................................9

*Ballard v. Savage,*
  65 F.3d 1495 (9th Cir. 1995) ..................................................... 12, 13, 14

*Bancroft & Masters, Inc. v. Augusta National Inc.,*
  223 F.3d 1082 (9th Cir. 2000) ........................................... 8, 9, 10, 11

*Burger King v. Rudzewicz,*
  471 U.S. 462 (1985)...................................................................... 12, 13

*Burnham v. Superior Court,*
  495 U.S. 604 (1990)............................................................................ 5, 6

*Corporate Inv. Business Brokers v. Melcher,*
  824 F.2d 786 (9th Cir. 1987) .................................................................. 12

*Data Disc, Inc. v. Systems Technology Assoc., Inc.,*
  557 F.2d 1280 (9th Cir. 1977) .................................................................5

*Dielsi v. Falk,*
  916 F. Supp. 985 (C.D. Cal. 1996) ..........................................................6

*Doe v. Unocal Corp.,*
  248 F.3d 915 (9th Cir. 2001) ..................................................... passim

*Dole Food Co., Inc. v. Watts,*
  303 F.3d 1104 (9th Cir. 2002) .......................................................... 7, 15

*Edmunds v. Superior Court (Ronson),*
  24 Cal.App.4th 221 (1994) .................................................................... 14

*Gray Line Tours of Southern Nevada v. Reynolds Electrical & Engineering
  Co., Inc.,*
  193 Cal.App.3d 190 (1987) .................................................................... 11

*Hammond v. Monarch Investors,*
  2010 U.S. Dist. LEXIS 66595 (S.D. Cal. Jul. 2, 2010) ..........................8

*Hanson v. Denckla,*
  357 U.S. 235 (1958)............................................................................... 13

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS EMPRES HEALTHCARE, INC.,
ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

**TABLE OF AUTHORITIES**
**(continued)**

Page

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
 466 U.S. 408 (1984)..................................................................8

*International Shoe Co. v. Washington,*
 326 U.S. 310 (1945).............................................................. 5, 7

*Keeton v. Hustler Magazine, Inc.,*
 465 U.S. 770 (1984).................................................................7

*Kema, Inc. v Koperwhats,*
 2010 WL 3464737 (N.D.Cal. Sept. 1, 2010) ...........................2

*Marriage of Meredith,*
 129 Cal. App. 3d 356 (1982) ...................................................6

*Metro-Goldwyn-Mayer Inc. v. Grokster, Ltd.,*
 243 F.Supp.2d 1073 (C.D. Cal. 2003) .....................................5

*Panavision Int'l, L.P. v. Toeppen,*
 141 F.3d 1316 (9th Cir. 1998) .................................................7

*Schwarzenegger v. Fred Martin Motor Co.,*
 374 F.3d 797 (9th Cir. 2004) ................................................ 13

*SDS Korea Co. v. SDS USA, Inc.,*
 2010 U.S. Dist. LEXIS 80223 (S.D. Cal. Aug. 4, 2010)................... 13

*Stone v. Advance Am. Cash Advance Centers, Inc.,*
 2009 U.S. Dist. LEXIS 24762 (S.D.Cal. Mar. 20, 2009) ...................9

*Thomson v. Anderson,*
 113 Cal.App.4th 258 (2003) ................................................ 11

*Transure, Inc. v. Marsh and McLennan, Inc.,*
 766 F.2d 1297 (9th Cir. 1985) .................................................7

*Vons Cos., Inc. v. Seabest Foods, Inc.,*
 14 Cal.4th 434 (1996), *cert. denied sub nom. Washington Restaurant*
 *Mgm't v. Vons Cos., Inc.*, 522 U.S. 808 (1997)............................. 14

*West Corp. v. Superior Court (Sanford),*
 116 Cal. App. 4th 1167 (2004) ...............................................7

**STATUTES**

28 USC § 1332(c)(1).....................................................................6

Cal. Code Civ. Proc. § 410.10...........................................................5

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

DEFENDANTS EMPRES HEALTHCARE, INC.,
ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

1

**TABLE OF AUTHORITIES**
**(continued)**

2

Page

3  Corp. Code § 2105 ................................................................ 11

4  Corp. Code § 2105(a)(4) ....................................................... 11

5  Corp. Code § 2105(a)(5) ....................................................... 11

6  Corp. Code § 31420 .............................................................. 11

7  Health & Safety Code § 1430(b)............................................ 15

8  Ins. Code §§ 1610–1611 ....................................................... 11

**RULES**

9

Fed. R. Civ. P. 4(k)(1)(A) .......................................................5

10

Fed. R. Civ. P. 12(b)(2)...........................................................2

11

Fed. R. Civ. P. 12(b)(6)...........................................................2

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS EMPRES HEALTHCARE. INC..
ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

**MEMORANDUM**

## I.    **INTRODUCTION**

Plaintiff Phyllis Wehlage filed this lawsuit against the skilled nursing facility in which she lived, Evergreen Lakeport Healthcare[2] ("Evergreen Lakeport") in Lakeport, California, as well as against eight other companies that are the licensed operators of different, independently-licensed nursing homes across California in which she never resided. Her putative class action alleges that there was inadequate nurse staffing at all nine facilities during a four-year class period beginning November 15, 2006.

Wehlage also names as defendants four entities that do not even hold licenses to operate skilled nursing facilities (aka nursing homes, or "SNFs.") These defendants, which are either direct or indirect members of the licensed operating companies, or are companies that provided certain limited direct and indirect management and consulting services, are EmpRes Healthcare, Inc. ("EmpRes"), EHC Management, L.L.C. ("EHC Management"), EHC Financial Services, L.L.C. ("EHC Financial") and Evergreen California Healthcare, L.L.C. ("Evergreen"). Three of these entities, however, are citizens of the State of Washington, which are not subject to personal jurisdiction in California, and hence should be dismissed for this action.

This Court lacks personal jurisdiction over EmpRes, EHC Financial and Evergreen (collectively, "Defendants"). EmpRes is a Washington corporation with its principal place of business in the State of Washington. Similarly, EHC Financial and Evergreen are two Washington limited liability companies, also with their principal places of business in the State of Washington. None of the Defendants have any relationship with the State of California that would give rise to personal jurisdiction consistent with the established standards. As personal

---

[2] Plaintiff sued Evergreen Lakeport as Evergreen at Lakeport, L.L.C., which is the licensee of Evergreen Lakeport.

1  jurisdiction is lacking in California, the Complaint as against Defendants must be

2  dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

3  Movants EmpRes, EHC Financial and Evergreen also join in their co-

4  defendants' concurrently-filed motions to dismiss under Rule 12(b)(6).[3]  Despite

5  the special appearance of Defendants to contest personal jurisdiction, it is settled

6  practice for this court to deflect ruling on Rule 12(b)(2) motions pending a ruling

7  on a potentially case-dispositive Rule 12(b)(6) motion.  *See Kema, Inc. v*

8  *Koperwhats*, 2010 WL 3464737, * 12 (N.D.Cal. Sept. 1, 2010) (holding that

9  granting of Rule 12(b)(6) motion mooted consideration of Rule 12(b)(2) motion).

10  ## II.  RELEVANT FACTS

11  Plaintiff's Complaint asserts, as the sole basis for this Court's

12  jurisdiction, that the collective "defendants" named therein – including EmpRes,

13  EHC Management, EHC Financial, Evergreen, Evergreen at Arvin, L.L.C.,

14  Evergreen at Bakersfield, L.L.C., Evergreen Lakeport, Evergreen at Heartwood

15  Avenue, L.L.C.[4], Evergreen at Springs Road, L.L.C., Evergreen at Tracy, L.L.C.,

16  Evergreen at Oroville, L.L.C., Evergreen at Petaluma, L.L.C. and Evergreen at

17  Gridley (SNF), L.L.C. – "have all regularly conducted business throughout the

18  State of California, including, but not limited to, the ownership, licensing,

19  administration, operation, management, and/or supervision of the Facilities."[5]

20  [3] A motion to dismiss pursuant to Rule 12(b)(6) is being filed concurrently by

21  defendant Evergreen at Lakeport, L.L.C.  A second motion pursuant to Rule 12(b)(6) is also being concurrently filed by defendants EmpRes, EHC Management,

22  Evergreen, EHC Financial, Evergreen at Arvin, L.L.C., Evergreen at Bakersfield, L.L.C., Evergreen at Heartwood Avenue, L.L.C., Evergreen at Springs Road,

23  L.L.C., Evergreen at Tracy, L.L.C., Evergreen at Oroville, L.L.C., Evergreen at Petaluma, L.L.C. and Evergreen at Gridley (SNF), L.L.C.  Thus, in the alternative, and without waiving any rights or their contention that personal jurisdiction is

24  improper, Defendants hereby move for dismissal of the Complaint pursuant to Rule 12(b)(6).

25  [4] This entity was incorrectly named in the Complaint as Evergreen at Heartwood,

26  L.L.C.

27  [5] In the Complaint, the "Facilities" are defined as Evergreen at Arvin, L.L.C., Evergreen at Bakersfield, L.L.C., Evergreen at Lakeport, L.L.C., Evergreen at

28  Heartwood Avenue, L.L.C., Evergreen at Springs Road, L.L.C., Evergreen at Tracy, L.L.C., Evergreen at Oroville, L.L.C., Evergreen at Petaluma, L.L.C. and

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

2

DEFENDANTS EMPRES HEALTHCARE, INC.,
ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

1  (Comp., ¶ 22.)  Plaintiff further alleges that defendants EmpRes, EHC

2  Management, EHC Financial and Evergreen "own, license, administer, operate,

3  manage and/or supervise the Facilities."  (Comp., ¶ 11.)

4         As to the moving Defendants, these allegations are false.  The

5  Defendants bringing this Motion, namely EmpRes, EHC Financial and Evergreen,

6  do not license, administer, operate, manage or supervise *any* nursing homes in the

7  State of California.  No officers or employees of any of the Defendant entities make

8  decisions regarding staffing at the Facilities.  (Declaration of Dale Patterson

9  ("Patterson Decl.") ¶ 16.)  To the contrary, each Facility is an independent

10  Washington limited liability company, individually licensed and regulated by

11  California's Office of Statewide Health Planning and Development ("OSHPD").

12  The limited liability company membership units of the licensed operator of each

13  Facility are owned 100% by Evergreen.  (Patterson Decl. ¶ 15.)

14         **Evergreen**

15         Evergreen, which has never had any employees, is a holding company

16  with no property other than limited liability company membership units in the

17  subsidiary operating companies.  (Patterson Decl. ¶ 12.)  Evergreen does not

18  transact or participate in business in California.  (Patterson Decl. ¶ 17.)  Evergreen

19  has never maintained an office in California, does not own or possess any real or

20  personal property and has never held any mortgages or liens in California, has

21  never maintained a California account at any bank or depository institution, has

22  never had a telephone listing in California, has never had officers in California, and

23  has never incurred or paid income or property taxes in California.  (Patterson Decl.

24  ¶ 13.)  100% of the limited liability company membership units of Evergreen are

25  owned by EmpRes.  (Patterson Decl., ¶ 5.)

26         **EHC Financial**

27

28  Evergreen at Gridley (SNF), L.L.C.  (Comp., ¶ 21.)

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

3

DEFENDANTS EMPRES HEALTHCARE, INC.,
ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

1    EHC Financial is a management and consulting company.  It's

2  business is to provide certain limited accounting, information technology services

3  and other specified services to EHC Management.  (Decl., ¶ 6.)  EHC Financial

4  does not makes sales in California, does not hold any California business licenses

5  and does not solicit or engage in business in California.  EHC Financial does not

6  purposefully direct its business activities toward California residents nor does it

7  specifically seek out California residents for its business.  (Patterson Decl. ¶ 7.)

8  EHC Financial maintains the EHC Management website, which provides certain

9  information on EHC Management and the individual SNFs.  (Patterson Decl. ¶ 10.)

10  EHC Financial has never maintained an office in California, does not own or

11  possess any real or personal property and has never held any mortgages or liens in

12  California, has not maintained a California account at any bank or depository

13  institution since 2002, has never had a telephone listing in California, has not had

14  officers or employees who resided or were based in California since 2001, and has

15  never incurred or paid income or property taxes in California.  (Patterson Decl. ¶ 8.)

16  The limited liability company membership units of EHC Financial are owned 100%

17  by EmpRes.  (Patterson Decl. ¶ 5.)

18    **EmpRes**

19    EmpRes is a holding company.  It provides no services and has no

20  employees.  (Patterson Decl., ¶¶ 2, 3.)  EmpRes has never maintained an office in

21  California, does not own or possess any real or personal property and has never

22  held any mortgages or liens in California, has never maintained a California

23  account at any bank or depository institution and has never had a telephone listing

24  in California, has never had officers in California.  (Patterson Decl. ¶ 3.)  The stock

25  of EmpRes is owned 100% by the EmpRes Healthcare, Inc. Employee Stock

26  Ownership Trust, a Washington trust.    (Patterson Decl. ¶ 4.)

27    Finally, Defendants neither have consented to jurisdiction nor have

28  they appeared in this matter, other than for the sole limited purpose of joining in the

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

4

DEFENDANTS EMPRES HEALTHCARE, INC..
ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

1    removal of the action to federal court.  (Patterson Decl. ¶ 21.)

2    ## III.  ARGUMENT

3         Traditionally, a California district court may exercise jurisdiction over

4    a defendant if the defendant: (a) is personally served while physically present in

5    California, (b) is domiciled within the State, or (c) consents to or appears in the

6    action. *See Burnham v. Superior Court*, 495 U.S. 604, 609 (1990); *see also Metro-*

7    *Goldwyn-Mayer Inc. v. Grokster, Ltd.*, 243 F.Supp.2d 1073, 1082 (C.D. Cal. 2003).

8    Based on California's long-arm statute, a district court also may exercise

9    jurisdiction over a defendant that has sufficient minimum contacts with California.

10    *See* Fed. R. Civ. P. 4(k)(1)(A); Cal. Code Civ. Proc. § 410.10; *International Shoe*

11    *Co. v. Washington*, 326 U.S. 310, 316 (1945).  None of these bases for personal

12    jurisdiction exist with respect to Defendants.  Accordingly, this Court should grant

13    the instant motion and dismiss the Complaint against Defendants.

14      A.    **Plaintiff Bears the Burden to Prove Facts Establishing Jurisdiction Over Defendants.**

15

16         The plaintiff has the burden of establishing the court's personal

17    jurisdiction over a defendant. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir.

18    2001).  In response to a challenge to the existence of personal jurisdiction, the

19    plaintiff must make a *prima facie* showing of jurisdiction based upon admissible

20    evidence in the form of declarations and authenticated documentary evidence. *See*

21    *Data Disc, Inc. v. Systems Technology Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir.

22    1977).  Plaintiff's Complaint does not set forth any specific contacts that EmpRes,

23    EHC Financial or Evergreen have in California, nor could it do so.

24      B.    **The Three Traditional Bases for Jurisdiction Are Not Present Here.**

25

26         Defendants are not subject to personal jurisdiction under any of the

27    three traditional bases for jurisdiction: (a) personal service on persons physically

28    present in California, (b) domicile within the State, or (c) consent to or appearance

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

5

DEFENDANTS EMPRES HEALTHCARE, INC.,
ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

1   in the action.  *See Burnham, supra*, 495 U.S. at 609.

2   　　　　*First*, Defendants were not personally served with the summons in

3   California in a way that conferred jurisdiction over them.  As a courtesy to

4   Plaintiff's counsel, Defendants' then counsel, Kathleen Walker, agreed to accept

5   service on behalf of all parties named in the Complaint, including Defendants.

6   However, Ms. Walker sent Plaintiff's counsel a letter with the Acknowledgements

7   of Receipt wherein she confirmed the need for Defendants to preserve any and all

8   jurisdictional challenges, and hence Ms. Walker's acceptance of service did not

9   waive Defendants' rights to later assert a lack of personal jurisdiction.[6]  (Patterson

10  Decl. ¶ 20.)

11  　　　　*Second*, Defendants are not domiciled within California.  A

12  corporation is deemed a citizen of both the state in which it was incorporated and of

13  the state in which it has its principal place of business.  28 USC § 1332(c)(1).  Here,

14  Defendants are a Washington corporation and two Washington limited liability

15  companies, all with principal places of business in the State of Washington.

16  (Patterson Decl. ¶¶ 2, 6, 11).  Thus, Defendants are not domiciled in the State of

17  California.

18  　　　　*Third*, Defendants have not consented to jurisdiction nor have they

19  appeared in this action, other than for the limited purpose of removing the action to

20  federal court (Patterson Decl. ¶ 21), which does not waive the defense of personal

21  jurisdiction.  *See Dielsi v. Falk*, 916 F. Supp. 985, 994 (C.D. Cal. 1996).

22

23  [6] To that end, Ms. Walker added the following language to the Acknowledgement
    of Receipt for Defendants:  "The parties signing below do not consent to personal

24  jurisdiction and reserve the right to contest personal jurisdiction.  The parties
    signing below have signed the Acknowledgment of Receipt in reliance on

25  Plaintiff's agreement that plaintiffs will not use such signing as a basis to assert
    personal jurisdiction over the parties."  Even without Defendants' specific

26  reservation of rights, such service would not confer personal jurisdiction on
    Defendants.  *See Marriage of Meredith*, 129 Cal. App. 3d 356, 362 (1982) (a non-

27  resident's signing of an acknowledgement of service does not confer personal
    jurisdiction, absent a statement on the form that, by signing the document, the

28  defendant is submitting to the jurisdiction of California courts).

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

6

DEFENDANTS EMPRES HEALTHCARE, INC.,
ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

1    Thus, under the common law, no basis for jurisdiction exists over

2  Defendants.

3    **C.    Defendants Do Not Have Sufficient Contacts With California to Confer Either General or Specific Personal Jurisdiction.**

4

5    Since personal jurisdiction over Defendants, which are non-resident

6  entities, does not otherwise exist, Plaintiff must show that Defendants had at least

7  "minimum contacts" with California, such that the exercise of jurisdiction "does not

8  offend traditional notions of fair play and substantial justice." *Dole Food Co., Inc.*

9  *v. Watts*, 303 F.3d 1104, 1110-11 (9th Cir. 2002) (quoting *International Shoe*, 326

10  U.S. at 316).  Under the minimum contacts test, an essential criterion is whether the

11  "quality and nature" of the defendant's activity is such that it is reasonable and fair

12  to require the defendant to conduct his defense in that state.  *West Corp. v. Superior*

13  *Court (Sanford)*, 116 Cal. App. 4th 1167, 1172 (2004) (citations omitted).[7]

14    Applying the minimum contacts analysis, a court may obtain either

15  general or specific jurisdiction over a defendant. *Doe v. Unocal, supra*, 248 F.3d at

16  923.  As set forth below, Plaintiff cannot establish either.

17    1.    The Court's Jurisdiction Over Parent or Subsidiary Companies Alone is Insufficient to Confer Jurisdiction Over Defendants.

18

19    The fact that Defendants are alleged in the Complaint to be affiliated

20  in some manner with other defendants which are subject to this Court's jurisdiction

21  is irrelevant to the analysis.  The mere existence of a relationship between a parent

22  company and its subsidiaries is *not* sufficient to establish personal jurisdiction over

23  the parent on the basis of the subsidiaries' minimum contacts with the forum.  *See*

24  *Doe v. Unocal, supra*, 248 F.3d at 925 (citing *Transure, Inc. v. Marsh and*

25  *McLennan, Inc.*, 766 F.2d 1297, 1299 (9th Cir. 1985)); *see also Keeton v. Hustler*

26

27  [7] Where there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits.  *See*

28  *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

7

DEFENDANTS EMPRES HEALTHCARE, INC.,
ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

1  *Magazine, Inc.*, 465 U.S. 770, 781 n. 13 (1984) ("jurisdiction over a parent

2  corporation [does not] automatically establish jurisdiction over a wholly owned

3  subsidiary"). Furthermore, Plaintiff fails to allege facts sufficient to establish, if

4  proven, that Defendants are alter egos of the Facilities such that the acts of the

5  Facilities in California could confer jurisdiction on Defendants. *See Unocal*, 248

6  F.3d at 927.

7         Thus, the Court may only consider Defendants' own minimum

8  contacts, and not those of any subsidiary or affiliate, as a basis for exercising

9  jurisdiction over Defendants.

10      2.   The Court Lacks General Jurisdiction Over Defendants Because
   They do Not Have Substantial, Continuous and Systematic
11          Contacts With California and Because Jurisdiction Is Not
12          Reasonable.

13         None of the moving Defendants are subject to general jurisdiction in

14  California. General jurisdiction exists only when a defendant's activities in the

15  state are "extensive or wide-ranging" or "substantial . . . continuous and

16  systematic." *Bancroft & Masters, Inc. v. Augusta National Inc.*, 223 F.3d 1082,

17  1086 (9th Cir. 2000) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*,

18  466 U.S. 408, 415 (1984)); *see also Hammond v. Monarch Investors*, 2010 U.S.

19  Dist. LEXIS 66595, at * 5 (S.D. Cal. Jul. 2, 2010) ("Unless a defendant's contacts

20  with a forum are so substantial, continuous, and systematic that the defendant can

21  be deemed to be 'present' in that forum for all purposes, a forum may exercise only

22  'specific' jurisdiction – that is, jurisdiction based on the relationship between the

23  defendant's forum contacts and the plaintiff's claim"). In such a situation, there is a

24  constitutionally sufficient relationship to warrant jurisdiction for all causes of action

25  against the defendant, regardless of whether the specific cause of action is

26  connected to the defendant's business activities in the forum. *Bancroft*, 223 F.3d at

27  1086.

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

8

DEFENDANTS EMPRES HEALTHCARE, INC.,
ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

1    General jurisdiction exists where the defendant's contacts with the

2  forum are akin to physical presence, such as when a company operates most of its

3  administrative functions, employs most of its staff, and makes substantial purchases

4  in the forum. *See Stone v. Advance Am. Cash Advance Centers, Inc.*, 2009 U.S.

5  Dist. LEXIS 24762, at * 11 (S.D.Cal. Mar. 20, 2009).  The standard for establishing

6  general jurisdiction is "fairly high" and requires that the defendant's contacts be of

7  the sort that approximate physical presence. *Bancroft*, 223 F.3d at 1086.

8    The exercise of jurisdiction must also be reasonable. *Doe v. Unocal,*

9  *supra*, 248 F.3d at 925.  "A determination of the reasonableness of the exercise of

10  jurisdiction in a given case involves the evaluation of several factors: the burden on

11  the defendant, the interests of the forum state, and the plaintiff's interest in

12  obtaining relief." *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 113

13  (1987).

14    Defendants plainly are not subject to general jurisdiction in California.

15  A defendant subject to general jurisdiction in the State of California is one whose

16  contacts with the forum are so substantial that they "approximate physical

17  presence." *Bancroft*, 223 F.3d at 1086.  Defendants do not even remotely maintain

18  or approximate physical presence in California in the manner contemplated.  To

19  subject Defendants to the general jurisdiction of this Court, Plaintiff must therefore

20  establish that Defendants personally engaged in "substantial . . . continuous and

21  systematic" activities *within* the State of California. *Id.*  She cannot do this.

22    Defendants' non-existent California "contacts" could not be classified

23  as "substantial . . ., continuous and systematic."  Defendants have not (1)

24  maintained an office in California, (2) owned or possessed any real or personal

25  property or held any mortgages or liens in California, (3) had California accounts at

26  any bank or depository institution since 2002[8], (4) had telephone listings in

27  ---

[8] EHC Financial has not maintained a California account in any bank or depository
28  institution since 2002.  EmpRes and Evergreen have never maintained any
California accounts.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

9

DEFENDANTS EMPRES HEALTHCARE, INC.,
ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

1   California or (5) had officers or employees in California since 2001[9].  (Patterson

2   Decl. ¶¶ 3, 8, 13.)

3         In fact, Plaintiff's only basis for asserting jurisdiction over Defendants

4   is that the collective body of various defendant entities, and certain of their

5   subsidiaries own, license, administer, operate, manage or supervise SNFs in the

6   State of California.  (Comp., ¶ 22.)  But Defendants do not license, administer,

7   operate, manage or supervise nursing homes in the State of California.  (Patterson

8   Decl. ¶ 18.)  And Evergreen's ownership of the membership units of the limited

9   liability companies that are the licensed operators of the SNFs is not sufficient.[10]

10        The present uncontroverted facts, established in Mr. Patterson's

11  accompanying declaration, make it clear that Defendants' contacts do not come

12  close to the minimum quantum needed for general jurisdiction under controlling

13  case law.  For example, in *Bancroft*, the Ninth Circuit agreed with the district court

14  that the defendant's contacts were insufficient to confer general jurisdiction over

15  the defendant.  *Bancroft*, 223 F.3d at 1086.  The Ninth Circuit noted that the

16  defendant was not registered or licensed to do business in California, paid no taxes

17  in California, maintained no bank accounts in California, had no advertising

18  targeted towards California, and maintained only a passive website (meaning

19  consumers could not use it to make purchases).  *Id.*  Though the defendant

20  occasionally sold merchandise to California residents and had license agreements

21  with two television networks and a handful of California vendors, the Ninth Circuit

22  concluded that such limited contacts with California were insufficient to establish

23  general jurisdiction.  *Id.*

24  ―――――――――――――――――――

25  [9] EHC Financial has not had employees in California since 2001.  EmpRes and
    Evergreen have never had officers or employees in California.

26  [10] As noted, the existence of a relationship between a parent company and its
    subsidiaries is not sufficient to establish personal jurisdiction over the parent on the

27  basis of the subsidiaries' minimum contacts with the forum.  *Doe v. Unocal*, 248
    F.3d at 925.  Thus, the Court may only consider Defendants' minimum contacts as

28  a basis for jurisdiction over Defendants.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

10

DEFENDANTS EMPRES HEALTHCARE, INC..
ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

1         Here, like the defendant in *Bancroft*, Defendants are not registered to

2   do business in California[11] and maintained no accounts here since 2002.[12]

3   (Patterson Decl. ¶¶ 3, 8, 13.)  EHC Financial uses employees in Washington to

4   maintain a passive website for EHC Management, which does not offer to sell

5   anything online or allow California residents to register to live at any of the

6   Facilities.  The website offers general information about the Facilities, but if

7   potential residents or family members want to ask specific questions about the

8   Facilities or schedule a tour, they are put in contact with the specific facility itself,

9   or perhaps with EHC Management.   (Patterson Decl. ¶ 10.)  Under *Bancroft*, this

10  is not sufficient to establish general jurisdiction.

11        Likewise, in *Unocal*, the Ninth Circuit granted a defendant's motion to

12  dismiss after determining that the defendant, Total, S.A., did not have sufficient

13  contacts with California.  Total's only alleged contacts with California were

14  through its subsidiary holding companies.  *Doe v. Unocal, supra*, 248 F.3d at 930-

15  31.  Defendants, too, have no direct contact with the State of California.  (Patterson

16  Decl. ¶¶ 18, 19.)  Their only connection with California is through the Facilities

17  located there.

18        Therefore, Defendants lack the contacts in California required to

---

[11] Qualification to do business in California does not operate to confer jurisdiction An out-of-state corporation can "qualify" to do business in California by filing a prescribed form with the Secretary of State and paying statutory fees. *See* Corp. Code § 2105. As part of the "qualification" process, a foreign corporation must appoint a local agent for service of process (or consent to service on the Secretary of State, or, under the Franchise Investment Law, the Commissioner of Corporations).  *See* Corp. Code §§ 2105(a)(4), (5) & 31420; Ins. Code §§ 1610–1611.  This is not a consent to jurisdiction: A foreign corporation's designation of an agent for service of process in California is not a submission to personal jurisdiction here – *i.e.*, although service of summons may be made on the designated agent, the action cannot be maintained against a foreign corporation absent minimum contacts with California. *See Gray Line Tours of Southern Nevada v. Reynolds Electrical & Engineering Co., Inc.*, 193 Cal.App.3d 190, 193–194 (1987) (no personal jurisdiction found because defendant did not have sufficient contacts with the State of California); *Thomson v. Anderson*, 113 Cal.App.4th 258, 270 (2003).

[12] See footnote 8.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

11

DEFENDANTS EMPRES HEALTHCARE, INC.,
ET AL.'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

1    establish general jurisdiction and jurisdiction is not reasonable.

2         3.   <u>The Court Lacks Specific Jurisdiction Over Defendants Because</u>

3            <u>They Have Not Purposefully Availed Themselves of the</u>
        <u>Privileges of Conducting Activities in California, Plaintiff's</u>

4            <u>Claims Do Not Arise Out of Defendants' Contacts With</u>
        <u>California, and the Exercise of Jurisdiction Is Not Reasonable.</u>

5

6         Defendants also lack the contacts in California required to establish

7    specific jurisdiction.  In contrast to general jurisdiction, a court may exercise

8    specific jurisdiction over a defendant if the cause of action itself arises out of or has

9    a substantial connection to the defendant's contacts with California.  The Ninth

10   Circuit has applied a three-part test – and the plaintiff must demonstrate that the

11   defendant meets each prong – to determine whether the assertion of specific

12   jurisdiction comports with due process.  *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th

13   Cir. 1995).  Here, none of the three conjunctive prongs is satisfied.

14        *First*, to be subject to specific jurisdiction, the defendant must have

15   taken steps to "purposefully avail" itself of the privileges of conducting activities in

16   the forum state, thereby invoking the benefits and protections of the forum and

17   having "fair warning" that a particular activity may subject it to jurisdiction.

18   *Corporate Inv. Business Brokers v. Melcher*, 824 F.2d 786, 788 (9th Cir. 1987).

19   Purposeful availment is demonstrated when the defendant has taken deliberate

20   action within the forum state or created continuing obligations to residents of the

21   forum state.  *Burger King v. Rudzewicz*, 471 U.S. 462, 475-76 (1985).  A defendant

22   need not be physically present within the forum state, provided its efforts are

23   purposefully directed towards forum residents.  *Ballard*, 65 F.3d at 1498.

24        *Second*, the claim must arise out of or result from the defendant's

25   forum-related activities.  *Id.*  A claim "arises out of" the defendant's forum-related

26   activities if the injury to the plaintiff would not have occurred "but for" the

27   defendant's activities.  *Id.*

28        *Third*, the assertion of jurisdiction must be reasonable.  *Id.*  In

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS EMPRES HEALTHCARE, INC.,
ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

1  considering reasonableness, courts balance several factors to determine whether the

2  asserted jurisdiction comports with "fair play and substantial justice." *Id.*

3       Plaintiff has the burden of establishing the first two elements. *See SDS*

4  *Korea Co. v. SDS USA, Inc.*, 2010 U.S. Dist. LEXIS 80223, at * 33 (S.D. Cal. Aug.

5  4, 2010).

6                 a.    Purposeful Availment

7       Plaintiff must satisfy the first prong by demonstrating that the

8  defendant "purposefully directed" its conduct toward the forum state, or

9  "purposefully availed" itself of the privilege of doing business in that state. *SDS*

10  *Korea Co.*, 2010 U.S. Dist. LEXIS 80223, at * 32.  The defendant's intent must be

11  "to perform an actual, physical act in the real world, rather than an intent to

12  accomplish a result or consequence of that act." *Schwarzenegger v. Fred Martin*

13  *Motor Co.*, 374 F.3d 797, 806 (9th Cir. 2004).

14       In *Burger King*, the United States Supreme Court extensively

15  discussed the level of "purposeful availment" that must be demonstrated before a

16  court may constitutionally exercise personal jurisdiction over a nonresident

17  defendant:

18          The unilateral activity of those who claim some
19          relationship with a nonresident defendant cannot satisfy
        the requirement of contact with a forum State.  The
20          application of that rule will vary with the quality and
        nature of the defendant's activity, *but it is essential in*
21          *each case that there be some act by which the defendant*
        *purposefully avails itself of the privilege of conducting*
22          *activities within the forum State, thus invoking its benefits*
        *and protections of its laws.*

23  *Burger King*, 471 U.S. at 474-75 (citing *Hanson v. Denckla*, 357 U.S. 235, 253

24  (1958) (emphasis added)).  The Supreme Court pointed out that the "purposeful

25  availment" requirement ensures that a defendant will not be haled into a jurisdiction

26  solely as a result of "fortuitous" or "attenuated" contacts. *Id.* at 475.

27       "'[A]bsent some form of 'purposeful availment,' the fact a defendant's

28

13

1   conduct in the forum state has some relationship to the causes of action asserted in

2   the lawsuit, cannot, in and of itself, render jurisdiction reasonable.'" *Edmunds v.*

3   *Superior Court (Ronson)*, 24 Cal.App.4th 221, 231 (1994) (citation omitted).

4   Specific jurisdiction over a nonresident defendant requires a substantial nexus

5   between the plaintiff's alleged claim and the defendant's activities *within* the state:

> [T]he cause of action must arise out of an act done or
> transaction consummated in the forum, or defendant must
> perform some other act by which he purposefully avails
> himself of the privilege of conducting activities in the
> forum, thereby invoking the benefits and protections of its
> laws.

*Vons Cos., Inc. v. Seabest Foods, Inc.*, 14 Cal.4th 434, 448 (1996), *cert. denied sub*

*nom. Washington Restaurant Mgm't v. Vons Cos., Inc.*, 522 U.S. 808 (1997).

Defendants conduct does not remotely rise to the requisite standard.

Defendants have not purposefully availed themselves of any benefit of the laws of

the State of California such that they would reasonably expect to be haled into court

here.  Again, Defendants have not (1) maintained an office in California, (2) owned

or possessed any real or personal property or held any mortgages or liens in

California, (3) had California accounts at any bank or depository institution since

2002[13], (4) had telephone listings in California, or (5) had officers or employees in

California since 2001[14].  (Patterson Decl. ¶¶ 3, 8, 13.)  Defendants conduct no

activity in California and they certainly have done nothing to *purposefully* avail

themselves of California privileges by invoking this state's benefits and protections.

b.   Forum-Related Activities

Plaintiff also cannot establish that her claims arise out of or result from

Defendants' forum-related activities.  A claim "arises out of" the defendant's

forum-related activities if the injury to the plaintiff would not have occurred "but

for" the defendant's activities.  *Ballard, supra*, 65 F.3d at 1500.  In this case, as set

---

[13] See footnote 8.

[14] See footnote 9.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

14

DEFENDANTS EMPRES HEALTHCARE. INC..
ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

1   forth in EHC Management, *et al*'s motions to dismiss, filed concurrently herewith,

2   Plaintiff did not suffer any injury cognizable under Health & Safety Code Section

3   1430(b), the UCL or the CLRA at the hands of Defendants, and therefore the

4   second prong for specific jurisdiction cannot be satisfied on this ground alone.

5   However, even if Plaintiff had suffered an injury, the claims alleged in the

6   Complaint could not have occurred "but for" Defendants' activities in California

7   because Defendants conduct no activity in California.  In addition, because

8   Defendants do not license, administer, operate, manage or supervise any SNF in

9   California (Patterson Decl. ¶¶ 18, 19), they could not be the cause of any injuries

10   alleged in the Complaint.

11                    c.     Reasonableness

12            Finally, though the Court need not reach the third prong of the specific

13   jurisdiction test because Plaintiff cannot establish either of the first two prongs

14   against Defendants, specific jurisdiction over Defendants also fails under the third

15   prong of the test because the assertion of jurisdiction over Defendants in California

16   is not reasonable.  In analyzing reasonableness, the Ninth Circuit considers seven

17   factors:

18                    (1) the extent of the defendant's purposeful interjection;

19                    (2) the burden on the defendant of defending in the forum;

20                    (3) the extent of conflict with the sovereignty of the defendant's state;

21                    (4) the forum state's interest in adjudicating the dispute;

22                    (5) the most efficient judicial resolution of the controversy;

23                    (6) the importance of the forum to the plaintiff's interest in convenient

24                    and effective relief; and

25                    (7) the existence of an alternate forum.

26   *Watts, supra*, 303 F.3d at 1114.

27            A balancing of the factors shows that it is not reasonable to exercise

28   jurisdiction over Defendants, because Defendants have no presence in California.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

15

DEFENDANTS EMPRES HEALTHCARE, INC.,
ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

1  They do not do business in California and do not have any offices or staff in

2  California.  It would be a burden for Defendants to defend a lawsuit in California,

3  and there exist alternate forums where Defendants are subject to jurisdiction (for

4  example, the State of Washington, where each have their principal place of

5  business).  Therefore, Plaintiff also fails to satisfy the final prong of the specific

6  jurisdiction test because jurisdiction over Defendants in California is unreasonable.

7  **IV.    CONCLUSION**

8         For all of the foregoing reasons, Defendants respectfully requests that

9  the Court grant their Motion to Dismiss.

10

11  Dated:  February 18, 2011           Respectfully submitted,

12                                      MANATT, PHELPS & PHILLIPS

13

14                                      By:  /s/ Barry S. Landsberg
                                             Barry S. Landsberg
15                                           *Attorneys for Specially Appearing*
                                             *Defendants* EmpRes Healthcare, Inc.; EHC
16                                           Financial Services, L.L.C. and Evergreen
                                             California Healthcare, L.L.C.

17

18

19

20

21  300214057.3

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

16

DEFENDANTS EMPRES HEALTHCARE. INC..
ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

**DECLARATION**

# DECLARATION OF DALE PATTERSON

I, Dale Patterson, hereby declare as follows:

1.      I am Chief Executive Officer of EHC Financial Services, L.L.C.  I submit this Declaration in support of defendants EmpRes Healthcare, Inc., EHC Financial Services, L.L.C. and Evergreen California Healthcare, L.L.C.'s Motion to Dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.  I have personal knowledge of the facts stated herein, and, if called as a witness to testify, I could and would do so competently.

## EmpRes

2.      EmpRes Healthcare, Inc. ("EmpRes") is a holding company, incorporated in the State of Washington, with its principal place of business in the State of Washington.

3.      EmpRes provides no services and has no employees.  EmpRes has never maintained an office in California, does not own or possess any real or personal property and has never held any mortgages or liens in California, has never maintained a California account at any bank or depository institution, has never had a telephone listing in California, has never had officers who have worked of resided in California.

4.      The stock of EmpRes is owned 100% by the EmpRes Healthcare, Inc. Employee Stock Ownership Trust, a Washington trust.  Andrew V. Martini, a Washington resident, is the trustee of the EmpRes Healthcare, Inc. Employee Stock Ownership Trust.  Beneficial owners of the trust reside in many states including California.

5.      EmpRes owns 100% of the limited liability company membership units of EHC Management, L.L.C. ("EHC Management[1]"), EHC Financial Services, L.L.C. ("EHC Financial") and Evergreen California Healthcare, L.L.C. ("Evergreen").

---

[1] EHC Management is not a party to this Motion.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

1

2    **EHC Financial**

3         6.    EHC Financial is a Washington limited liability company, with its

4    principal place of business in the State of Washington.  EHC Financial is a

5    management and consulting company.  Its business is to provide certain limited

6    accounting, information technology services and other services to EHC

7    Management.

8         7.    EHC Financial does not makes sales in California, does not hold any

9    California business licenses, and does not solicit or engage in business in

10   California.  EHC Financial does not purposefully direct its business activities

11   toward California residents nor does it specifically seek out California residents for

12   its business.

13        8.    EHC Financial has never maintained an office in California, does not

14   own or possess any real or personal property and has never held any mortgages or

15   liens in California, has not maintained a California account at any bank or

16   depository institution since 2002, has never had a telephone listing in California,

17   has not had officers or employees who resided or were based in California since

18   2001, and has never incurred or paid income or property taxes in California.

19        9.    EHC Financial was previously called Evergreen Healthcare

20   Management, L.L.C.  The name change took place approximately January 1, 2007.

21        10.   EHC Financial maintains the website for EHC Management, L.L.C.

22   located at www.evergreenhealthcare.com.  The website does not offer to sell

23   anything online or allow California residents to register at any of the California

24   skilled nursing facilities listed in the Complaint ("SNFs").  The website offers

25   general information about EHC Management, L.L.C. and various SNFs, but if

26   potential residents or family members want to ask specific questions about SNFs or

27   schedule a tour, they are put in contact with either the specific SNF, or with EHC

28   Management, L.L.C.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

**Evergreen**

11.   Evergreen is a Washington limited liability company, with its principal place of business in the State of Washington.

12.   Evergreen has never had any employees.  It is a holding company with no property other than limited liability company membership units in the subsidiary operating companies.

13.   Evergreen has never maintained an office in California, does not own or possess any real or personal property in California, has never held any mortgages or liens in California, has never maintained a California account at any bank or depository institution, has never had a telephone listing in California, has never had officers or employees in California, and has never incurred or paid income or property taxes in California.

**The SNFs**

14.   Each SNF is an independent Washington limited liability company, individually licensed and regulated by the California Office of Statewide Health Planning and Development ("OSHPD").  A true and correct link to the OSHPD self-authenticating website, where license information regarding every entity named in the Complaint, is as follows: https://www.alirts.oshpd.ca.gov/default.aspx.

15.   The limited liability company membership units of each of the licensed operators of the SNFs are owned 100% by Evergreen.

**Defendants**

16.   No officers or employees of any of the Defendant entities make decisions regarding staffing at the SNFs.

17.   Defendants do not transact or participate in business in California.

18.   Defendants do not license, administer, operate, manage or supervise SNFs in the State of California, as alleged in the Complaint.  Neither Evergreen, EmpRes or EHC Financial owns the SNFs in the State of California, although

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

1     Evergreen owns 100% of the membership units of the limited liability companies

2     that are the licensed operators of the SNFs.

3           19.    Defendants are not registered to do business in the State of California.

4     Defendants have no appointed registered agent for service of process in the State of

5     California.

6           20.    As a courtesy to Plaintiff's counsel, Defendants' then counsel,

7     Kathleen Walker of Lewis Brisbois Bisgaard & Smith LLP in Los Angeles, agreed

8     to accept service on behalf of all parties named in the Complaint, including

9     Defendants. Ms. Walker sent Plaintiff's counsel a letter dated November 24, 2010

10     enclosing the Acknowledgements of Receipt.  Therein, she confirmed that given the

11     need for Defendants to preserve any and all jurisdictional challenges, Plaintiff

12     agreed that Ms. Walker's acceptance of service did not waive Defendants' rights to

13     later assert a lack of personal jurisdiction. Ms. Walker added the following

14     language to the Acknowledgement of Receipt: "The parties signing below do not

15     consent to personal jurisdiction and reserve the right to contest personal

16     jurisdiction.  The parties signing below have signed the Acknowledgment of

17     Receipt in reliance on Plaintiff's agreement that plaintiffs will not use such signing

18     as a basis to assert personal jurisdiction over the parties." True and correct copies

19     of Ms. Walker's November 24, 2010 letter and the Acknowledgements of Receipt

20     are attached collectively hereto as **Exhibit 1**.

21           21.    Defendants have not consented to jurisdiction in California nor have

22     they appeared in this matter other than for the sole purpose of removing the

23     Complaint to federal court.

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

1        I declare under penalty of perjury under the laws of the United States

2  of America that the foregoing is true and correct.  Executed this _18th_ day of February,

3  2011 at Vancouver, Washington.

4

5                         *Dale L. Patterson*

6                         Dale Patterson

7

300214141.1

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Kathryn A. Stebner    (Bar # 121088)<br>Stebner and Associates<br>870 Market Street<br>San Francisco, CA 94102<br>TELEPHONE NO.: (415) 362-9800       FAX NO. (Optional): (415) 362-9801<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Phyllis Wehlage, Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
STREET ADDRESS: 600 Administration Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Rosa 95403
BRANCH NAME:

PLAINTIFF/PETITIONER: Phyllis Wehlage, on her behalf and on behalf of others similarly situated, et al.

DEFENDANT/RESPONDENT: EmpRes Healthcare, Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>SCV 248613 |
|---|---|

TO (insert name of party being served): Please see attached.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 11/22/10

Kathryn R. Stebner
(TYPE OR PRINT NAME)                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

---

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. [X] A copy of the summons and of the complaint.
2. [X] Other (specify):
   Civil Case Cover Sheet, Notice of Assignment to Judge and Notice of Case Management
   Conference with ADR Packet and Declaration of Phyllis Wehlage.

The parties signing below do not consent to personal jurisdiction and reserve the right to contest personal jurisdiction. The parties signing below have signed the Acknowledgment of Receipt in reliance on Plaintiff's agreement that plaintiffs will not use such signing as a basis to assert personal jurisdiction over the parties.

Date this form is signed: 11/24/10

Patricia Groth   EHC Financial Services                                   Secretary
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)               ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)
Evergreen California Healthcare, L.C.C.
EmpRes Healthcare, Inc.

| | | Page 1 of 1 |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

LexisNexis® Automated California Judicial Council Forms

**ATTACHMENT TO NOTICE AND ACKNOWLEDGMENT OF RECEIPT**

To:   EmpRes Healthcare, Inc.; ███████████ BHC Financial Services LLC;
      Evergreen California Healthcare LLC; ████████████████████████
      ████████████████████████████████████████████████

# LEWIS
## BRISBOIS
## BISGAARD
## & SMITH LLP
ATTORNEYS AT LAW

221 North Figueroa Street, Suite 1200
Los Angeles, CA 90012
Telephone: 213.250.1800
Fax: 213.250.7900
www.lbbslaw.com

**KATHLEEN M. WALKER**
DIRECT DIAL: 213.680.5199
E-MAIL: kwalker@lbbslaw.com

November 24, 2010

File No.
Pending

*VIA E-MAIL AND U.S. MAIL*

Kathryn A. Stebner
Stebner and Associates
870 Market Street
San Francisco, CA 94102

        Re:    Phyllis Wehlage, et al. v. Evergreen

Dear Ms. Stebner:

        This will confirm the agreement reached between our respective offices that in exchange for my client agreeing to accept personal service of the complaint in the aforementioned matter you have provided the defendants with a sixty day extension in which to respond to the complaint. Those notices of acknowledgments are enclosed for your review.

        As discussed today, several of the entities named are Washington based and not authorized to do business in California. Given your need for service to be accomplished as soon as possible and my clients' need to preserve any and all jurisdictional challenges that may exist for them, you have specifically agreed that acceptance of service will not and does not waive my clients' rights to later assert these issues. To that end, I have added to the following language to the Notice of Acknowledgement as to the Washington entities as follows: "The parties signing below do not consent to personal jurisdiction and reserve the right to contest personal jurisdiction. The parties signing below have signed this Acknowledgment of Receipt in reliance on Plaintiff's agreement that plaintiffs will not use such signing as a basis to assert personal jurisdiction over the parties." I trust this meets with your approval.

ATLANTA • BEAUMONT • CHARLESTON • CHICAGO • FORT LAUDERDALE • HOUSTON • LAFAYETTE • LAS VEGAS • LOS ANGELES • NEW ORLEANS
NEW YORK • NEWARK • ORANGE COUNTY • PHOENIX • SACRAMENTO • SAN BERNARDINO • SAN DIEGO • SAN FRANCISCO • TAMPA • TUCSON

4839-8376-1928.1

Kathryn Stebner
November 24, 2010
Page 2

Thank you for your patience and have a wonderful Thanksgiving holiday.

Very truly yours,

*Dictated but not read*

Kathleen M. Walker of
LEWIS BRISBOIS BISGAARD & SMITH LLP

KMW/clc
Enclosure as indicated.