MANATT, PHELPS & PHILLIPS, LLP
BARRY S. LANDSBERG (Bar No. CA 117284)
E-mail: blandsberg@manatt.com
BRAD W. SEILING (Bar No. CA 143515)
E-mail: bseiling@manatt.com
ANDREW H. STRUVE (Bar No. CA 200803)
E-mail: astruve@manatt.com
JESSICA J. SLUSSER (Bar No. CA 217307)
E-mail: jslusser@manatt.com
JUSTIN C. JOHNSON (Bar No. CA 252175)
E-mail: jjohnson@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

DAVID L. SHAPIRO (*Pro Hac Vice*)
E-mail: dshapiro@law.harvard.edu
1563 Mass. Ave.
Cambridge, MA 02138
Telephone: (617) 495-4618
Facsimile: (617) 495-1950

*Attorneys for Defendants* EmpRes Healthcare, Inc.; EHC Management, L.L.C.; EHC Financial Services, L.L.C.; Evergreen California Healthcare, L.L.C.; Evergreen at Arvin, L.L.C.; Evergreen at Bakersfield, L.L.C.; Evergreen at Heartwood Avenue, L.L.C.; Evergreen at Springs Road, L.L.C.; Evergreen at Tracy, L.L.C.; Evergreen at Oroville, L.L.C.; Evergreen at Petaluma, L.L.C.; Evergreen at Gridley (SNF), L.L.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Phyllis Wehlage, on her behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EmpRes Healthcare, Inc.; EHC Management LLC; EHC Financial Services LLC; Evergreen California Healthcare LLC; Evergreen at Arvin LLC; Evergreen at Bakersfield LLC; Evergreen at Lakeport LLC; Evergreen at Heartwood LLC; Evergreen at Springs Road LLC; Evergreen at Tracy LLC; Evergreen at Oroville LLC; Evergreen at | No. C 10-05839 CW<br><br>**DEFENDANTS EMPRES HEALTHCARE, INC., ET AL'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: April 7, 2011<br>Time: 2 p.m.<br>Judge: Hon. Claudia Wilken |

Petaluma LLC; Evergreen at Gridley
(SNF) LLC; and DOES 1
THROUGH 100,

Defendants.

**TO THE COURT AND TO PLAINTIFF AND HER ATTORNEYS OF**

**RECORD: PLEASE TAKE NOTICE** that, on April 7, 2011, at 2 p.m., or as soon

thereafter as the matter may be heard in the Courtroom of the Honorable Claudia

Wilken, located at 1301 Clay Street, Courtroom 2, Oakland, California 94612,

defendants EmpRes Healthcare, Inc., EHC Management, L.L.C., EHC Financial

Services, L.L.C., Evergreen California Healthcare, L.L.C., Evergreen at Arvin,

L.L.C., Evergreen at Bakersfield, L.L.C., Evergreen at Heartwood Avenue, L.L.C.[1],

Evergreen at Springs Road, L.L.C., Evergreen at Tracy, L.L.C., Evergreen at

Oroville, L.L.C., Evergreen at Petaluma, L.L.C. and Evergreen at Gridley (SNF),

L.L.C. (collectively, "Defendants")[2] will and hereby do move the Court for an order

dismissing the Complaint filed by plaintiff Phyllis Wehlage ("Plaintiff") with

prejudice.

Specifically, this Motion seeks dismissal of the Complaint with prejudice

pursuant to Federal Rule of Civil Procedure Section 12(b)(6), on the ground that it

fails to state a claim as a matter of law for alleged violations of: (1) California

Health & Safety Code Section 1430(b); (2) California Business & Professions Code

---

[1] This entity was incorrectly named in the Complaint as Evergreen at Heartwood, L.L.C.

[2] Defendants EmpRes Healthcare, Inc., EHC Financial Services, L.L.C. and Evergreen California Healthcare, L.L.C. are specially appearing in this motion. These defendants have also filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Despite the special appearance of these defendants to contest personal jurisdiction, it is settled practice for this court to deflect ruling on Rule 12(b)(2) motions pending a ruling on a potentially case-dispositive Rule 12(b)(6) motion. *See Kema, Inc. v Koperwhats*, 2010 WL 3464737, *12 (N.D.Cal. Sept. 1, 2010) (holding that granting of Rule 12(b)(6) motion mooted consideration of Rule 12(b)(2) motion).

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

300214012.3                                    1

DEFENDANTS EMPRES HEALTHCARE,
INC.. ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

1   Sections 17200 et seq.; and (3) Civil Code Sections 1750 *et seq*.

2        Defendants also provisionally move the Court, pursuant to Rule 12(b)(6) of

3   the Federal Rules of Civil Procedure, to dismiss the Complaint for failure to state a

4   claim by joining the motion to dismiss concurrently filed by Evergreen at Lakeport,

5   L.L.C.

6        This motion will be based on this Notice of Motion and Motion, the attached

7   Memorandum of Points and Authorities, the concurrently filed Request for Judicial

8   Notice, all other pleadings and papers filed in this action, and any argument that

9   may be presented to the Court prior to or at the hearing on this Motion.

10

11

12   Dated:  February 18, 2011              MANATT, PHELPS & PHILLIPS

13

14                             By:  /s/ Barry S. Landsberg

15                               Barry S. Landsberg
                               *Attorneys for Defendants*

16                               EmpRes Healthcare, Inc.; EHC
                               Management, L.L.C.; EHC Financial

17                               Services, L.L.C.; Evergreen California
                               Healthcare, L.L.C.; Evergreen at Arvin,

18                               L.L.C.; Evergreen at Bakersfield, L.L.C.;
                               Evergreen at Heartwood Avenue, L.L.C.;

19                               Evergreen at Springs Road, L.L.C.;
                               Evergreen at Tracy, L.L.C.; Evergreen at

20                               Oroville, L.L.C.; Evergreen at Petaluma,
                               L.L.C.; Evergreen at Gridley (SNF), L.L.C.

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

300214012.3

2

DEFENDANTS EMPRES HEALTHCARE.
INC., ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................1

II.   PLAINTIFF'S ALLEGATIONS ...........................................................2

III.  LEGAL ARGUMENT............................................................................4

     A.     Plaintiff Cannot State a Section 1430(b) Claim Against
Facilities Where She Never Resided or Against Entities That
Were Not Licensees of any Skilled Nursing Facility............................4

          1.    Section 1430(b) Does Not Permit Claims Against The
Defendants Here Because Plaintiff Is Not A Current or
Former Resident or Patient .........................................................5

          2.    Section 1430(b) Does Not Allow Claims Against Non-
Licensees ......................................................................................5

          3.    Plaintiff's Alter Ego Allegations Do Not Save Her Claims
Against the Non-Licensee Defendants........................................6

     B.     Plaintiff's UCL Claim Fails Against Defendants Because She
Cannot, As a Matter of Law, Allege an Injury in Fact and Loss
of Money or Property Based on Alleged Inadequate Staffing at
Facilities Where She Never Resided .................................................. 11

     C.     The Third Cause of Action Similarly Fails as Plaintiff Was Not
A Resident ......................................................................................... 13

IV.  CONCLUSION................................................................................... 14

**TABLE OF AUTHORITIES**

Page

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. __, 129 S. Ct. 1937 (2009)................................................................ 4, 11

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 127 S.Ct. 1955 (2007)..................................................................4

*Butler v. Adoption Media, L.L.C.*,
    486 F.Supp.2d 1022 (ND Cal. 2007)...................................................................6

*Californians for Disability Rights v. Mervyn's, L.L.C.*,
    39 Cal.4th 223 (2006) ...................................................................................... 11

*Crosbie v. Endeavors, et al.*,
    2009 U.S. Dist. LEXIS 100244 (C.D.Cal. Oct. 22, 2009)....................................9

*Doe v. Unocal Corp.*,
    248 F.3d 915 (9th Cir. 2001) ........................................................................... 10

*Epstein v. Wash. Energy Co.*,
    83 F.3d 1136 (9th Cir. 1996) ..............................................................................4

*Exxon Mobil Corporation v. Freeman Holdings of Washington, L.L.C.*,
    2011 U.S.Dist. LEXIS 14064 (Feb. 10, 2011)............................................... 7, 10

*Flynt Distributing Co., Inc. v. Harvey*,
    734 F.2d 1389 (9th Cir. 1984) ............................................................................7

*Kearney v. Salomon Smith Barney, Inc.*,
    39 Cal.4th 95 (2006) ..........................................................................................7

*Kema, Inc. v Koperwhats*,
    2010 WL 3464737, *12 (N.D.Cal. Sept. 1, 2010) ..................................... 7, 9, 10

*Kwikset Corporation v. Superior Court*,
    __ Cal.4th __, 2011 Cal. LEXIS 532 (Jan. 27, 2011)........................................ 12

*Maganallez v. Hilltop Lending Corp.*,
    505 F.Supp.2d 594 (N.D. Cal. 2007) ................................................................ 10

*Massachusetts Mutual Life Ins. Co. v. Superior Court*,
    97 Cal.App.4th 1282 (2003) ............................................................................ 13

*Meisel v. M&N Modern Hydraulic Press Company*,
    97 Wn.2d 403 (1982) ..........................................................................................7

**TABLE OF AUTHORITIES**
(continued)

Page

*Meyer v. Sprint Spectrum LP*,
    45 Cal.4th 634 (2009) ............................................................... 13

*Minton v. Ralston Purina Co.*,
    146 P.3d 556 (2002)..................................................................7

*Neilson v. Union Bank of California*,
    290 F.Supp.2d 1101 (C.D. Cal. 2003) ...................................9

*People v. Pacific Landmark, L.L.C.*,
    129 Cal.App.4th 1203 (2005) ..................................................8

*Reich v. Purcell*,
    67 Cal.2d 551 (1967) ...............................................................7

*Robertson v. Dean Witter Reynolds, Inc.*,
    749 F.2d 530 (9th Cir. 1984) ...................................................4

*Sonora Diamond Corp. v. Superior Court*,
    83 Cal.App.4th 523 (2000) ......................................................9

*Wilens v. TD Waterhouse Group, Inc.*,
    120 Cal.App.4th 746 (2003) ............................................ 13, 14

**STATUTES**

22 California Code of Regulations § 72061 ....................................6

California Business & Professions Code § 17200 ..........................2

California Business and Professions Code § 17204,
    as amended by Stats. 1993, ch. 926, § 2, p. 5198 .............. 11

California Civil Code §§ 1750 *et seq.* ...........................................2

California Civil Code § 1780(a)................................................... 13

California Health & Safety Code § 1276.5 ............................... 2, 3

California Health & Safety Code § 1430(b) ......................... passim

Federal Rules of Civil Procedure, Rule 12(b)(6) ..........................4

**OTHER AUTHORITIES**

https://www.alirts.oshpd.ca.gov/default.aspx ...............................9

**MEMORANDUM**

## I.   INTRODUCTION

Plaintiff resided in a skilled nursing facility (aka a nursing home, or "SNF") operated by Evergreen at Lakeport, L.L.C., dba Evergreen Lakeport Healthcare ("Evergreen Lakeport"), located in Lakeport, California. This putative class action alleges that there was inadequate nurse staffing at that facility when Plaintiff resided there and at other times during a four-year putative class period. But she has also sued eight other independently licensed nursing homes throughout California. Plaintiff never resided in any of these other facilities, which are located in such diverse venues as Arvin, Bakersfield, Vallejo, Tracy, Oroville, Petaluma and Gridley. This lawsuit also names as defendants entities that are direct or indirect members of Evergreen Lakeport, including Evergreen California Healthcare, L.L.C., EmpRes Healthcare, Inc. and companies that provided management and consulting services directly or indirectly to Evergreen Lakeport, including EHC Management, L.L.C. and EHC Financial Services, L.L.C.

This motion to dismiss rests on a simple legal premise – a plaintiff may not sue defendants with which she has never done business, has no connection, and has no factual basis to allege she suffered an injury as a result of their conduct. These are the Defendants that submit the present motion to dismiss.

Plaintiff fails to state facts sufficient to constitute a claim against the eight independently licensed skilled nursing facilities in which she never resided. Nor, for the same legal reason, is Plaintiff able to state a claim against direct and indirect parent companies or direct and indirect management and consulting companies with which she never did business, which are, as far as Plaintiff's standing is concerned, simply a member of the actual defendant entity that operated Evergreen Lakeport, the member of a member, etc. (The single nursing home in which Plaintiff actually resided, Evergreen Lakeport, has moved to dismiss separately on different, substantive grounds, in which all defendants also join.)

1    Plaintiff's first and principal cause of action, for alleged violation of

2    California Health and Safety Code Section 1430(b) ("Section 1430(b)"), allows a

3    civil action only by a *current or former resident or patient* of a skilled nursing

4    facility."  And, such a claim may only be brought against the "*licensee* of a facility

5    who violates any rights of the resident or patient."  Health & Saf. Code § 1430(b).

6    This Plaintiff is not and never was a current or former resident of any of the eight

7    nursing homes she sued in addition to Evergreen Lakeport.  It is as simple as that.

8    Plaintiff cannot state a Section 1430(b) claim against any facility in which she

9    never resided.

10    Plaintiff's remaining claims under the Unfair Competition Law (Cal.

11    Busn. & Prof. Code §§ 17200, the "UCL"), and Consumer Legal Remedies Act

12    (Cal. Civil Code §§ 1750 *et seq.*, the "CLRA") fail for the same reason.  Because

13    she never resided in these facilities or did business with the other company entities,

14    Plaintiff cannot have suffered "injury in fact" and lost money or property as a result

15    of any allegedly unlawful or unfair conduct by the entities with which she never did

16    business.  Similarly, the CLRA claim is not viable because Plaintiff does not allege,

17    and could never allege, that she was deceived by entities with which she never did

18    business, or that she was damaged as a result of such non-existent deception.

19    The Complaint represents a textbook case of over-pleading.  Plaintiff

20    cannot cure these defects by amendment.  The Court should grant these Defendants'

21    motion to dismiss with prejudice.

22   **II.    PLAINTIFF'S ALLEGATIONS**

23    In her operative Complaint, Plaintiff alleges that Defendants failed to

24    provide sufficient nursing care for elderly and disabled residents by failing to meet

25    the minimum staffing requirements at SNFs owned, managed, controlled,

26    maintained and/or operated by the defendants named in the lawsuit.  (Comp., ¶ 1.)

27    The "minimum staffing requirements" are alleged to be established by California

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

300214012.3                                    2                    DEFENDANTS EMPRES HEALTHCARE,
INC., ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

1   Health & Safety Code § 1276.5 ("Section 1276.5").[3]  (Comp., ¶ 33.)  Based on this

2   single core allegation, Plaintiff attempts to state causes of action for purported

3   violations of: (1) Section 1430(b);[4] (2) the UCL; and (3) the CLRA.

4          The Complaint alleges the named plaintiff resided at a single facility,

5   Evergreen at Lakeport, L.L.C., doing business as Evergreen Lakeport.  (Comp.,

6   ¶ 6.)  Despite this, the Complaint names eight other companies that are the licensed

7   operators of facilities where Plaintiff never resided or was a patient, including

8   Evergreen at Arvin, L.L.C., Evergreen at Bakersfield, L.L.C., Evergreen at

9   Heartwood Avenue, L.L.C., Evergreen at Springs Road, L.L.C., Evergreen at

10  Tracy, L.L.C., Evergreen at Oroville, L.L.C., Evergreen at Petaluma, L.L.C. and

11  Evergreen at Gridley (SNF), L.L.C. (collectively, the "Facility Defendants").

12  (Comp., ¶¶ 12-20.)  Similarly, Plaintiff names EmpRes Healthcare, Inc., EHC

13  Management, L.L.C., EHC Financial Services, L.L.C. and Evergreen California

14  Healthcare, L.L.C., all companies in which neither Plaintiff nor any other individual

15  was alleged to be a "resident" or "patient" (collectively, the "Non-Licensee

16  Defendants").[5]  (Comp., ¶¶ 7-10.)

17         Ms. Wehlage never allegedly resided at, or was a patient at, any of the

18  Facility Defendants or did business with any of the Non-Licensee Defendants, or

19  otherwise had contacts with, or indeed any dealings of any nature with these

20  unrelated entities.  While the Complaint alleges that Plaintiff suffered mental and

21  physical harms purportedly attributable to the nurse staffing levels at Evergreen

22  Lakeport (Comp., ¶ 44), there are no similar allegations relating to the Facility

23  Defendants or the Non-Licensee Defendants.

24

25  [3] Section 1276.5 sets forth the minimum number of nursing hours per patient day
    ("NHPPD") as an aggregate of 3.2 hours.

26  [4] All further statutory reference are to the Health & Safety Code unless otherwise
    stated.

27  [5]  The Facility Defendants and the Non-Licensee Defendants are collectively
28  referred to as "Defendants."

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES
   300214012.3   3   DEFENDANTS EMPRES HEALTHCARE,
INC.. ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

III.  **LEGAL ARGUMENT**

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is proper if a complaint cannot plead a cognizable legal theory or is unable to allege sufficient facts to support a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). To survive a motion to dismiss for failure to state a claim, a pleading must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. FRCP 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, the court need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). Indeed, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

A.  **Plaintiff Cannot State a Section 1430(b) Claim Against Facilities Where She Never Resided or Against Entities That Were Not Licensees of any Skilled Nursing Facility.**

Section 1430(b) is both resident specific and facility/licensee specific. That is because it focuses on alleged violations of patient rights at a given nursing facility. A plaintiff cannot assert a claim based on alleged violation of rights against a facility where she never resided, and there can be no claim against an entity that was not a licensee of a skilled nursing facility. Plaintiff's Section

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

300214012.3                                  4                    DEFENDANTS EMPRES HEALTHCARE,
INC., ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

1   1430(b) claims fail as a matter of law for these fundamental reasons.

2             1.    <u>Section 1430(b) Does Not Permit Claims Against The</u>

3   <u>Defendants Here Because Plaintiff Is Not A Current or Former Resident or Patient.</u>

4         Section 1430(b) provides, in pertinent part, that "a *current or former*

5   *resident or patient* of a skilled nursing facility . . . may bring a civil action against

6   the licensee of a facility who violates any rights of the resident or patient . . . ."

7   Health & Saf. Code § 1430(b) (emphasis added). Therefore, to assert a claim under

8   Section 1430(b), an individual must have been a "current or former resident or

9   patient of a skilled nursing facility." *Id.* If so, Section 1430(b) provides that

10   individual with a private right of action against "the licensee of a facility who

11   violates any rights of the resident or patient. . . ." *Id.*

12         Because Section 1430(b) applies only to "a current or former resident

13   or patient of a skilled nursing facility," it logically follows that a non-resident has

14   no right to sue. Plaintiff was a resident only of Evergreen Lakeport, and is not

15   alleged to have been a resident of the Facility Defendants and the Non-Licensee

16   Defendants that she sues, and hence cannot bring a claim against them.

17         This conclusion is further underscored by the second clause of Section

18   1430(b), which creates a private cause of action against the licensee of a facility

19   that allegedly violated a right "*of the resident or patient*." Plaintiff does not allege,

20   nor could she ever allege, that any entity in which she did not reside violated ***her***

21   rights. The language of the statute is clear that suit will only lie against skilled

22   nursing facilities that supposedly violated "resident or patient" [Plaintiff's] rights.

23             2.    <u>Section 1430(b) Does Not Allow Claims Against Non-</u>

24   <u>Licensees.</u>

25         Plaintiff also cannot state a Section 1430(b) claim against the Non-

Licensee Defendants. By its own terms, Section 1430(b) does not permit claims

26   against any defendant other than the "*licensee* of a facility who violates any rights

27   of the resident or patient." Health & Saf. Code § 1430(b). In California, a

28

1   "[l]icensee means the person ... to whom a license has been issued."  22 Cal. Code

2   Regs. § 72061.

3           Evergreen Lakeport is licensed with California's Office of Statewide

4   Health Planning and Development ("OSHPD"), a department overseen by the

5   California Health and Human Services Agency ("CHHS").[6]  But Defendants are not

6   licensees of any facility that purportedly violated Plaintiff's rights.  Plaintiff cannot

7   state a Section 1430(b) claim against these Defendants as a matter of law.

8           3.    Plaintiff's Alter Ego Allegations Do Not Save Her Claims
                  Against the Non-Licensee Defendants.
9
        Plaintiff seeks to hold Defendants liable under an alter ego theory.[7]
10
    But since Section 1430(b) applies only to *licensees*, Plaintiff cannot establish
11
    liability through alter ego allegations.  In any event, Plaintiff's alter ego allegations
12
    are deficient.
13
            Defendants are alleged to be citizens of the State of Washington,
14
    organized under Washington law.  (Comp., ¶¶ 7-20.)  Federal courts sitting in
15
    diversity look to the law of the forum state when making a choice of law
16
    determination.  *See Butler v. Adoption Media, L.L.C.*, 486 F.Supp.2d 1022, 1036
17
    (ND Cal. 2007).  Because the Complaint here was filed in California, California's
18
    choice of law rules apply.
19
            In the absence of an effective choice of law by the parties, California
20
    applies the "governmental interest" test.  *See Butler*, 486 F.Supp.2d at 1036.  Under
21
    that analysis, a court examines the governmental interests served by the applicable
22
    statute or rule of law of each of the affected jurisdictions to determine whether there
23
    is a "true conflict."  If such a conflict is found, the court determines which
24

25   [6] A self-authenticating link to Evergreen Lakeport's license with the OSHPD is as
    follows:
26   https://www.alirts.oshpd.ca.gov/LFIS%5CLicenseDetail.aspx?LicenseId=47610.

27   [7] Plaintiff also apparently attempts to plead agency, including one line alternatively
    alleging that Defendants operate as a joint venture, single enterprise, agents and/or
    alter egos.  (Comp., ¶ 25.)  However, the Complaint fails to state facts to support an
28   agency theory of liability.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

300214012.3                          6                    DEFENDANTS EMPRES HEALTHCARE,
                                                         INC., ET AL'S MOTION TO DISMISS
                                                         (CASE NO. C 10-05839 CW)

1    jurisdiction's interests would be more severely impaired if its law were not applied.

2    *See Kearney v. Salomon Smith Barney, Inc.*, 39 Cal.4th 95, 100 (2006), *citing Reich*

3    *v. Purcell*, 67 Cal.2d 551 (1967); *Hurtado v. Superior Court*.  Under either

4    Washington or California law, however, Plaintiff's allegations fail to state a legally-

5    sufficient alter ego claim.

6              Under California law, a plaintiff seeking to hold a defendant liable

7    under the alter ego doctrine must show: (1) such a unity of interest and ownership

8    between the corporation and its equitable owner that the separate personalities of

9    the corporation and shareholder do not actually exist; and (2) failure to disregard

10   the corporation would result in fraud or injustice.  *See Kema*, 2010 WL 3464737, *

11   8, *citing Flynt Distributing Co., Inc. v. Harvey*, 734 F.2d 1389, 1393 (9th Cir.

12   1984).  To pierce the corporate veil under Washington law, two factors must be

13   established:  (1) the corporate form must be intentionally used to violate or evade a

14   legal obligation; and (2) corporate-veil piercing is necessary to prevent a loss to an

15   innocent party.  *See Exxon Mobil Corporation v. Freeman Holdings of Washington,*

16   *L.L.C.*, 2011 U.S.Dist. LEXIS 14064, * 8-10 (Feb. 10, 2011).[8]

17                    a.    Alter Ego Has Not been Properly Alleged Under
                           California Law.
18
                The Complaint's alter ego allegations are patently insufficient under
19
     California law.  Plaintiff alleges that there is a sufficient unity of interest and
20
     ownership among Defendants such that the acts of one are for the benefit and can
21
     be imputed to the acts of others.  For example, the Complaint alleges:
22
                      Plaintiff alleges on information and belief that, without
23                    limitation, the unity of interest and relationship between

24   _____

25   [8] While there appear to be no cases explicitly addressing the issue of conflicting
     alter ego laws in Washington and California, the difference is clear.  Washington
26   law requires, for alter ego to apply, that a corporation has been intentionally used to
     violate or evade a legal responsibility owed to another.  *See Exxon Mobil*, 2011
27   U.S.Dist. LEXIS 14064, *8-10, *citing Meisel v. M&N Modern Hydraulic Press*
     *Company*, 97 Wn.2d 403, 410 (1982) *and Minton v. Ralston Purina Co.*, 146 P.3d
28   556, 562 (2002).  California, on the other hand, does not require an overt intention
     or a legal responsibility owed to the party seeking to invoke the doctrine.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

300214012.3                          7                    DEFENDANTS EMPRES HEALTHCARE.
                                                          INC.. ET AL'S MOTION TO DISMISS
                                                          (CASE NO. C 10-05839 CW)

these defendants is evidenced by: (a) the Parent Entities either make or approve key decisions concerning each Facility's day-to-day operations, such as staffing levels, employee hiring and firing, budgets and related issues, which decisions and directives, on information and belief, were made at the direction of and/or the benefit of the Parent Entities; (b) communications by the Facilities, the operating entities and the management entities with the Department of Health Services with respect to licensing issues affecting the Facilities, which communications, on information and belief, were undertaken at the direction of and/or for the benefit of the Parent Entities; (c) overlapping officers, directors and employees between the various entities. Actions taken by these defendants were undertaken within the course and scope of their agency and employment, with the knowledge, consent, authorization, approval, and/or ratification of their co-defendants; (d) use of the Parent Entities to procure labor, services and/or merchandise for the Facilities; (e) the excessive fragmentation of the Parent Entities and the Facilities into separate corporations and/or legal entities in order to avoid liability.

(Comp., ¶ 23.)  These are not sufficient factual allegations to support the conclusory claim of alter ego.  Plaintiff makes generic allegations that Defendants are "jointly and separately responsible for the conduct alleged" in the Complaint (Comp., ¶ 24), with inadequate factual allegations to support an assertion that the Non-Licensee Defendants are anything other than separately organized limited liability companies or corporate entities.  Indeed, EHC Management, L.L.C., EHC Financial Services, L.L.C., Evergreen California Healthcare, L.L.C., Evergreen at Arvin, L.L.C., Evergreen at Bakersfield, L.L.C., Evergreen at Heartwood Avenue, L.L.C., Evergreen at Springs Road, L.L.C., Evergreen at Tracy, L.L.C., Evergreen at Oroville, L.L.C., Evergreen at Petaluma, L.L.C. and Evergreen at Gridley (SNF), L.L.C. are each independent, L.L.C.s.[9]  EmpRes Healthcare, Inc. is a separate corporation.  Similarly, each SNF named in the Complaint is separately licensed and regulated.[10]

---

[9] The same alter ego principles applicable to corporations apply to limited liability companies (L.L.C.s). *See People v. Pacific Landmark, L.L.C.*, 129 Cal.App.4th 1203, 1212 (2005).

[10] A link to the OSHPD's self-authenticating website, where license information

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

300214012.3                                   8                   DEFENDANTS EMPRES HEALTHCARE,
INC.. ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

1    California respects the corporate form as a legitimate way to set up and

2   run businesses.  To properly plead alter ego under California law, a plaintiff must

3   allege facts which, if proven, would establish:  (1) such a unity of interest and

4   ownership between the corporation and its equitable owner that the separate

5   personalities of the corporation and shareholder do not actually exist; and (2) failure

6   to disregard the corporation would result in fraud or injustice.  *See Kema*, 2010 WL

7   3464737, *8.  Factors relevant to a determination of the first prong of the alter ego

8   analysis include (1) commingling of funds and other assets of the two entities, (2)

9   the holding out by one entity that it is liable for the debts of the other, (3) identical

10   equitable ownership in the two entities, (4) use of the same offices and employees,

11   (5) use of one as a mere shell or conduit for the affairs of the other, (6) inadequate

12   capitalization, (7) disregard of corporate formalities, (8) lack of segregation of

13   corporate records, and (9) appointment of identical directors and officers. *See*

14   *Kema*, 2010 WL 3464737, *8, *citing Sonora Diamond Corp. v. Superior Court*, 83

15   Cal.App.4th 523, 538-39 (2000).

16    Here, the Complaint fails to allege *facts* establishing either prong, let

17   alone both.  Plaintiff's allegations amount to little more than a recitation of some

18   elements of alter ego, which is not sufficient to state a claim upon which relief can

19   be granted. *See Crosbie v. Endeavors, et al.*, 2009 U.S. Dist. LEXIS 100244, *8

20   (C.D.Cal. Oct. 22, 2009).  In short, the Complaint's allegations do not come close

21   to meeting the necessary standard.

22    The Complaint attempts, in a conclusory fashion, to recite some of the

23   elements of alter ego.  Yet, it provides *no facts* supporting the allegations.

24   Conclusory recitation of the elements of alter ego are insufficient to plead alter ego

25   liability. *See Neilson v. Union Bank of California,* 290 F.Supp.2d 1101, 1116 (C.D.

26   Cal. 2003) ("Conclusory allegations of 'alter ego' status are insufficient to state a

27   regarding every entity named in the Complaint is as follows:

28   https://www.alirts.oshpd.ca.gov/default.aspx.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

300214012.3                              9

DEFENDANTS EMPRES HEALTHCARE,
INC., ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

1   claim[;] [r]ather, a plaintiff must allege specifically both elements of alter ego

2   liability, as well as facts supporting each"); *Kema, supra*, 2010 WL 3464737, at *9

3   (same, dismissing insufficiently-pled alter ego allegations on this basis);

4   *Maganallez v. Hilltop Lending Corp.*, 505 F.Supp.2d 594, 607 (N.D. Cal. 2007)

5   ("conclusory allegations of alter ego status will not survive a motion to dismiss").

6   The present Complaint's alter ego allegations suffer from identical insufficiencies.

7   The Complaint likewise fails to properly allege alter ego based upon

8   parent-subsidiary status (EmpRes Healthcare, Inc., EHC Management, L.L.C., EHC

9   Financial Services, L.L.C., Evergreen California Healthcare, L.L.C.).  For alter ego

10   liability to exist against a parent company, facts must be alleged which, if true,

11   would establish absolute control by the parent over the subsidiary's day-to-day

12   business conduct.  *See Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001)

13   (noting the general rule that a subsidiary and parent are separate entities.

14
15          b.   Alter Ego Allegations Are Likewise Insufficient Under Washington Law.

16   Because Washington law requires the additional elements of *intent* by

17   the corporation to disregard the corporate form and a *legal responsibility* to the

18   party attempting to pierce the corporate veil (*See Exxon*, 2011 U.S. Dist. LEXIS

19   14064, * 8-10), alter ego simply cannot be found under Washington law where, as

20   here, there has been no showing of alter ego under California law.  The Complaint

21   contains no allegations of an intent by Defendants to do anything and no allegations

22   of a legal responsibility owed by Defendants to Plaintiff (who did not reside in any

23   facility owned by Defendants).

24   Plaintiff is plainly unable to state facts sufficient to constitute a cause

25   of action against the Non-Licensee Defendants where she never resided, was never

26   treated and with which she had no contractual relationship.  The Complaint's alter

27   ego allegations are insufficient.[11]  For these reasons, the Non-Licensee Defendants'

28   _____

[11] Plaintiff also makes a weak attempt to allege direct liability against the

1    Motion to dismiss to the Section 1430(b) claim should be granted without leave to

2    amend.

**B.      Plaintiff's UCL Claim Fails Against Defendants Because She**
3         **Cannot, As a Matter of Law, Allege an Injury in Fact and Loss of**
         **Money or Property Based on Alleged Inadequate Staffing at**
4         **Facilities Where She Never Resided.**

5

6              Plaintiff also cannot state a claim under the UCL against the licensed

7    operators of facilities in which she never resided.  Proposition 64 (enacted in 2004)

8    abolished the formerly broad standing requirements under the UCL.  Now, in order

9    to state a sufficient UCL claim, a plaintiff must plead and prove that she suffered an

10   injury in fact and a loss of money or property as a result of the alleged unfair

11   competition committed by the defendant.  In the post-Proposition 64 world, UCL

12   plaintiffs cannot act as self-appointed private attorneys general seeking to vindicate

13   the rights of third parties allegedly impacted by UCL violations.  *See Californians*

14   *for Disability Rights v. Mervyn's, L.L.C.*, 39 Cal.4th 223 (2006).  Where once

15   private suits could be brought by "any person acting for the interests of itself, its

16   members or the general public" (former § 17204, as amended by Stats. 1993, ch.

17   926, § 2, p. 5198), now private plaintiff standing is limited to any "person who has

18   suffered injury in fact and has lost money or property" as a result of unfair

19   competition (§ 17204, as amended by Prop. 64, as approved by voters, Gen. Elec.

20   (Nov. 2, 2004) § 3).  The intent of this change was to *confine standing to those*

21   *actually injured by a defendant's business practices* and to curtail the prior practice

22   of filing suits on behalf of "clients who have not used the defendant's product or

23   service, viewed the defendant's advertising, or had any other business dealing with

24   the defendant . . . ."  *Californians for Disability Rights*, 39 Cal.4th at 228, quoting

25

26   Defendants on the basis that Defendants caused the SNFs to ignore California's
     minimum staffing requirements.  (Comp., ¶ 26.)  However, these are not factual
27   allegations.  They are nothing more than boilerplate legal conclusions.  The Court is
     not required to assume the truth of Plaintiff's contentions and conclusions of law
28   that merely masquerade as factual allegations. *Iqbal*, 129 S.Ct. at 1949-1950.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

3002140123                            11              DEFENDANTS EMPRES HEALTHCARE,
                                                      INC., ET AL'S MOTION TO DISMISS
                                                      (CASE NO. C 10-05839 CW)

1   Prop. 64, § 1, subd. (b)(3) (emphasis added).

2          The California Supreme Court recently reconfirmed that Proposition

3   64 restricted UCL standing and eliminated private attorney general lawsuits: "[w]e

4   conclude Proposition 64 should be read in light of its apparent purposes, i.e., to

5   *eliminate standing for those who have not engaged in any business dealings with*

6   *would-be defendants* and thereby strip such unaffected parties of the ability to file

7   "shakedown lawsuits," while preserving for actual victims of deception and other

8   acts of unfair competition the ability to sue and enjoin such practices.  (Voter

9   Information Guide, Gen. Elec. (Nov. 2, 2004) argument in favor of Prop. 64, p. 40;

10  see also Prop. 64, § 1.)" *Kwikset Corporation v. Superior Court*, __ Cal.4th __,

11  2011 Cal. LEXIS 532 (Jan. 27, 2011).

12          Plaintiff cannot state a UCL claim against the moving Defendants,

13  with which she concededly "ha[s] not engaged in business dealings." *Kwikset,*

14  *supra,* 2001 Cal. LEXIS at *3.  Under Plaintiff's theory, her alleged injury is that

15  she lived in a nursing home that purportedly had inadequate levels of staffing, and

16  that she paid money based on the expectation that the facility would be adequately

17  staffed. (Comp., ¶ 68.)  Plaintiff's UCL claim seeks restitution of money paid to

18  the facilities that allegedly failed to provide adequate staffing or care.  But Plaintiff

19  never paid any money to the facilities where she never resided, and she could not

20  have suffered any injury as a result of conduct in a facility she never even visited.

21  What possible injury could Ms. Wehlage, who lived in Lakeport, have suffered if

22  the facilities in Vallejo had inadequate staffing?  None.  Plaintiff is seeking to act as

23  a private attorney general enforcing a purely regulatory statute.  She simply cannot

24  do that anymore.

25          The Complaint does not, and cannot, allege that Defendants provided

26  any care *to Plaintiff.*  Plaintiff implies that she (or members of the general public)

27  have been or are likely to be deceived by Defendants' statements, representations

28  and omissions (Comp., ¶ 64) and that the same persons have sustained economic

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

300214012.3                    12                    DEFENDANTS EMPRES HEALTHCARE,
INC.. ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

1  harm (Comp., ¶ 68).  That is precisely the sort of claim that Proposition 64

2  eliminated.  Plaintiff simply cannot meet the requirement that she plead facts

3  showing that she suffered injury in fact and lost money or property as a result of

4  Defendants' alleged unlawful or unfair conduct.[12]

5  **C.    The Third Cause of Action Similarly Fails as Plaintiff Was Not A Resident.**

6

7          The Complaint focuses exclusively on injuries allegedly caused by,

8  and suffered at, Evergreen Lakeport only.  Plaintiff never describes the nature of the

9  purported deficiencies caused by Defendants, or alleges that she suffered any harm

10  as a result of Defendants' actions.  The absence of any causal connection between

11  any injury she allegedly suffered and the alleged acts of a facility where she never

12  resided is fatal to Plaintiff's CLRA claim.

13          CLRA actions may be brought only by a consumer "who suffers any

14  damage *as a result of* the use or employment "of a proscribed method, act, or

15  practice."  Cal. Civ. Code § 1780(a).  "This language does not create an automatic

16  award of statutory damages upon proof of an unlawful act . . . . Relief under the

17  CLRA is specifically limited to those who suffer damage, making causation a

18  necessary element of proof."  *Wilens v. TD Waterhouse Group, Inc.*, 120

19  Cal.App.4th 746, 754 (2003).  Under the CLRA, a plaintiff cannot act as a private

20  attorney general, and instead "[must] show not only that a defendant's conduct was

21  deceptive but that the deception caused them harm."  *Massachusetts Mutual Life*

22  *Ins. Co. v. Superior Court*, 97 Cal.App.4th 1282, 1292 (2003).  The California

23  Supreme Court has stated unequivocally that the CLRA "provides that in order to

24  bring a CLRA action, not only must a consumer be exposed to an unlawful practice,

25  but *some kind of damage must result.*"  *Meyer v. Sprint Spectrum LP*, 45 Cal.4th

26  634, 641 (2009) (emphasis added).  In summary, <u>causation</u> and <u>actual damage</u> are

27

28

---

[12]  For the reasons discussed above, Plaintiff's alter ego allegations also cannot save her UCL claim.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

300214012.3                    13

DEFENDANTS EMPRES HEALTHCARE,
INC.. ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

1    essential elements to any CLRA claim.  See *Wilens*, 120 Cal.App.4th at 754-55.

2                 Plaintiff does not allege that she was a patient at any facility operated

3    by the Facility Defendants.  Furthermore, the Non-Licensee Defendants never

4    operated any healthcare facility.  In fact, Plaintiff was only admitted at Evergreen

5    Lakeport.  (Comp., ¶ 6.)  Because Plaintiff never resided at any facility of the

6    Defendants, she cannot claim that she was misled by Defendants, or that any such

7    alleged deception caused her any harm, or that she even had a contract with any

8    Defendant.  The Complaint fails to point to any facts showing causation or actual

9    damages as required by the CLRA.  Plaintiff simply suffered no damage as a result

10   of any purported false advertising by Defendants and she could never allege

11   otherwise.

12   **IV.   <u>CONCLUSION</u>**

13                Plaintiff has no individual claims against any of the Defendants.  She

14   does not allege that she received substandard care from any of the Defendants or

15   was impacted by any deficiency in staffing by any facility operated by any

16   Defendant, and there are no allegations that Plaintiff ever even set foot in the

17   Facility Defendants.  Furthermore, the Non-Licensee Defendants neither have nor

18   operate any healthcare facility.  Instead, Plaintiff seeks to invoke the equitable

19   powers of the Court to serve as a self-appointed private attorney general.  No legal

20   authority would permit her to do so.  The Court should grant this motion to dismiss

21   without leave to amend and dismiss this case in its entirety as to Defendants.

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

300214012.3                                    14                DEFENDANTS EMPRES HEALTHCARE,
                                                                INC.. ET AL'S MOTION TO DISMISS
                                                                (CASE NO. C 10-05839 CW)

1

Dated:  February 18, 2011

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

MANATT, PHELPS & PHILLIPS


By:  /s/ Barry S. Landsberg
        Barry S. Landsberg
        *Attorneys for Defendants*
        EmpRes Healthcare, Inc.; EHC
        Management, L.L.C.; EHC Financial
        Services, L.L.C.; Evergreen California
        Healthcare, L.L.C.; Evergreen at Arvin,
        L.L.C.; Evergreen at Bakersfield, L.L.C.;
        Evergreen at Heartwood Avenue, L.L.C.;
        Evergreen at Springs Road, L.L.C.;
        Evergreen at Tracy, L.L.C.; Evergreen at
        Oroville, L.L.C.; Evergreen at Petaluma,
        L.L.C.; Evergreen at Gridley (SNF), L.L.C.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

300214012.3

15

DEFENDANTS EMPRES HEALTHCARE,
INC.. ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)