1        IN THE UNITED STATES DISTRICT COURT

2        FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4  PHYLLIS WEHLAGE, on behalf of herself        No. C 10-05839 CW
   and on behalf of others similarly
5  situated,                                    ORDER GRANTING
                                                DEFENDANTS'
6            Plaintiff,                          REQUEST FOR LEAVE
                                                TO FILE
7       v.                                       ADDITIONAL
                                                AUTHORITY,
8  EMPRES HEALTHCARE, INC.; EHC                 DENYING WITHOUT
   MANAGEMENT, LLC; EHC FINANCIAL               PREJUDICE EMPRES
9  SERVICES, LLC; EVERGREEN CALIFORNIA          ENTITIES' RULE
   HEALTHCARE, LLC; EVERGREEN AT ARVIN,         12(B)(2) MOTION
10 LLC; EVERGREEN AT BAKERSFIELD, LLC;          TO DISMISS,
   EVERGREEN AT LAKEPORT, LLC; EVERGREEN        GRANTING EMPRES
11 AT HEARTWOOD, LLC; EVERGREEN AT              ENTITIES AND
   SPRINGS ROAD, LLC; EVERGREEN AT              EVERGREEN
12 TRACY, LLC; EVERGREEN AT OROVILLE,           ENTITIES' RULE
   LLC; EVERGREEN AT PETALUMA, LLC; and         12(B)(6) MOTION
13 EVERGREEN AT GRIDLEY (SNF), LLC,             TO DISMISS, AND
                                                GRANTING IN PART
14           Defendants.                         AND DENYING IN
                                                PART DEFENDANT
15 ───────────────────────────────────/         EVERGREEN AT
                                                LAKEPORT'S MOTION
16                                              TO DISMISS
                                                (Docket Nos. 22,
17                                              23, 25 and 45)

18

19        Plaintiff Phyllis Wehlage brings claims against Defendants

20 EmpRes Healthcare, Inc., et al., under California law for their

21 alleged failure to provide sufficient staffing at skilled nursing

22 facilities (SNFs).  Defendants EmpRes Healthcare, Inc.; EHC

23 Management, LLC; EHC Financial Services, LLC; and Evergreen

24 California Healthcare, LLC (collectively, EmpRes Entities) and

25 Defendants Evergreen at Arvin, LLC; Evergreen at Bakersfield, LLC;

26 Evergreen at Heartwood Avenue, LLC, erroneously sued as Evergreen

27 at Heartwood, LLC; Evergreen at Springs Road, LLC; Evergreen at

28

United States District Court
For the Northern District of California

Tracy, LLC; Evergreen at Oroville, LLC; Evergreen at Petaluma, LLC; and Evergreen at Gridley (SNF), LLC (collectively, Evergreen Entities) move to dismiss the claims Plaintiff brought against them.[1]  Defendant Evergreen at Lakeport, LLC (hereinafter, Evergreen Lakeport), on other grounds, moves to dismiss Plaintiff's complaint.  The EmpRes Entities and Evergreen Entities join Evergreen Lakeport's motion.  The motions were heard on April 7, 2011.  On April 26, 2011, Defendants moved for leave to file a notice regarding the Ninth Circuit's April 25, 2011 decision in Reudy v. Clear Channel Outdoor, Inc., a case cited by Evergreen Lakeport in connection with its motion to dismiss.  Having considered oral argument and the papers submitted by the parties, the Court GRANTS Defendants' motion for leave and the EmpRes and Evergreen Entities' motion to dismiss, and GRANTS in part Evergreen Lakeport's motion to dismiss and DENIES it in part.

BACKGROUND

I.   Factual Allegations and Procedural History

Plaintiff is a California resident.  EmpRes Healthcare, Inc., is a Washington corporation with a principal place of business in Washington.  EHC Management, LLC; EHC Financial Services, LLC; and Evergreen California Healthcare, LLC, are Washington limited

---

[1] The EmpRes Entities also filed a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, which was to be heard on April 7, 2011.  (Docket No. 22.)  However, pursuant to stipulation, the hearing on that motion was continued to July 14, 2011.  (Docket No. 38.)  The Court DENIES without prejudice the EmpRes Entities' Rule 12(b)(2) motion to dismiss.  (Docket No. 22.)  As explained below, Plaintiff's claims against the EmpRes Entities are dismissed with leave to amend.  If Plaintiff brings claims against the EmpRes Entities in an amended pleading, the EmpRes Entities may renew their Rule 12(b)(2) motion, if appropriate.

liability companies that have EmpRes Healthcare as their sole member.  Evergreen Lakeport and the Evergreen Entities are Washington limited liability companies that have Evergreen California Healthcare, LLC, as their sole member.  The following allegations are contained in Plaintiff's complaint.

Plaintiff resides at Evergreen Lakeport Healthcare (Lakeport Facility), an SNF run by Evergreen Lakeport.  She is a "dependent adult," as defined by California Welfare and Institutions Code section 15610.23, and a "disabled person," as defined by California Civil Code section 1761(g).[2]

Evergreen Lakeport did not maintain statutorily-mandated nursing staff levels at the Lakeport Facility.  As a result, Plaintiff suffered several "indignities and other harms," including a lack of or delayed responses to her call light and a lack of assistance with grooming, bathing and eating.  Compl. ¶ 44.  When Plaintiff was admitted to the Lakeport Facility, Evergreen Lakeport did not disclose that it did not comply with staffing requirements. Plaintiff lost money because of this non-disclosure.

The EmpRes Entities own and operate Evergreen Lakeport and the

_____

[2] Welfare and Institutions Code section 15610.23(a) provides:

"Dependent adult" means any person between the ages of 18 and 64 years who resides in this state and who has physical or mental limitations that restrict his or her ability to carry out normal activities or to protect his or her rights, including, but not limited to, persons who have physical or developmental disabilities, or whose physical or mental abilities have diminished because of age.

Civil Code section 1761(g) provides, "'Disabled person' means any person who has a physical or mental impairment that substantially limits one or more major life activities."

United States District Court
For the Northern District of California

Evergreen Entities, and "make or approve key decisions" and "procure labor, services and/or merchandise" for them.  Compl. ¶ 23.  All of the Defendants have overlapping officers, directors and employees, and "operate as a joint venture, single enterprise, are agents of one another, are alter egos, and/or conspire to increase profits by ignoring California's minimum staffing requirements."  Id. ¶ 25.  Further, Evergreen Lakeport and the Evergreen Entities communicated with the state department of health services for the benefit of the EmpRes Entities.

Plaintiff brings three claims against Defendants: (1) violation of California Health and Safety Code § 1430(b); (2) violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200, et seq.; and (3) violation of the California Consumers Legal Remedies Act (CLRA), Cal. Civ. Code §§ 1750, et seq.  She intends to bring these claims on behalf of a class comprised of residents of all SNFs operated by Evergreen Lakeport and the Evergreen Entities.

Plaintiff filed her lawsuit in Sonoma County Superior Court. It was subsequently removed based on the Class Action Fairness Act of 2005.

II.  Statutory and Regulatory Background

Plaintiff's action rests in large part on California Health and Safety Code section 1265.5(a), which provides that, subject to an exception that evidently does not apply here, "the minimum number of actual nursing hours per patient required in a skilled nursing facility shall be 3.2 hours."  Nursing hours, as used in section 1276.5(a), is defined to mean "the number of hours of work

United States District Court
For the Northern District of California

performed per patient day by aides, nursing assistants, or
orderlies plus two times the number of hours worked per patient day
by registered nurses and licensed vocational nurses (except
directors of nursing in facilities of 60 or larger capacity)."
Cal. Health & Saf. Code § 1276.5(b)(1).

In October 2010, legislation was enacted that amended the
California Welfare and Institutions Code by adding section
14126.022.  <u>See generally</u> S.B. 853, 2010 Cal. Stat. Ch. 717, at 5.
Section 14126.022 requires the California Department of Public
Health (CDPH) to impose, beginning in the 2010-2011 fiscal year,
administrative penalties on skilled nursing facilities that fail
"to meet the nursing hours per patient per day requirements
pursuant to Section 1276.5 of the Health and Safety Code."  Cal.
Welf. & Inst. Code § 14126.022(f)(2)(A).

On January 31, 2011, CDPH provided skilled nursing facilities
with the guidelines it will use "during state audits for compliance
with the 3.2 nursing hour per patient day (NHPPD) staffing
requirements."  Evergreen Lakeport's Request for Judicial Notice
(RJN), Ex. 5, at 2.[3]  In the guidelines, CDPH noted that the 3.2
NHPPD staffing requirement "does not assure that any given patient
receives 3.2 hours of nursing care; it is the total number of
nursing hours performed by direct caregivers per patient day

---

[3] Evergreen Lakeport asks the Court to take judicial notice of
letters sent by CDPH pursuant to its authority under California
Welfare and Institutions Code section 14126.022.  Because Plaintiff
does not oppose the request and because the fact that CDPH sent the
letters is "capable of accurate and ready determination by resort
to sources whose accuracy cannot reasonably be questioned," the
Court GRANTS Evergreen Lakeport's request.  Fed. R. Evid. 201.

1   divided by the average patient census."  Id.

2                        LEGAL STANDARD

3       A complaint must contain a "short and plain statement of the

4   claim showing that the pleader is entitled to relief."  Fed. R.

5   Civ. P. 8(a).  Dismissal under Rule 12(b)(6) for failure to state a

6   claim is appropriate only when the complaint does not give the

7   defendant fair notice of a legally cognizable claim and the grounds

8   on which it rests.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

9   (2007).  In considering whether the complaint is sufficient to

10  state a claim, the court will take all material allegations as true

11  and construe them in the light most favorable to the plaintiff.  NL

12  Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

13  However, this principle is inapplicable to legal conclusions;

14  "threadbare recitals of the elements of a cause of action,

15  supported by mere conclusory statements," are not taken as true.

16  Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009)

17  (citing Twombly, 550 U.S. at 555).

18      When granting a motion to dismiss, the court is generally

19  required to grant the plaintiff leave to amend, even if no request

20  to amend the pleading was made, unless amendment would be futile.

21  Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911

22  F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment

23  would be futile, the court examines whether the complaint could be

24  amended to cure the defect requiring dismissal "without

25  contradicting any of the allegations of [the] original complaint."

26  Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

27  Leave to amend should be liberally granted, but an amended

28

complaint cannot allege facts inconsistent with the challenged pleading. <u>Id.</u> at 296-97.

DISCUSSION

I.   EmpRes and Evergreen Entities' Rule 12(b)(6) Motion to Dismiss

    A.   Claims under California Health and Safety Code Section 1430(b)

Plaintiff brings claims against the EmpRes and Evergreen Entities under California Health and Safety Code section 1430(b), which provides,

> A current or former resident or patient of a skilled nursing facility . . . may bring a civil action against the licensee of a facility who violates any rights of the resident or patient as set forth in the Patients Bill of Rights in Section 72527 of Title 22 of the California Code of Regulations, or any other right provided for by federal or state law or regulation. . . .  The licensee shall be liable for up to five hundred dollars ($500), and for costs and attorney fees, and may be enjoined from permitting the violation to continue.

The EmpRes Entities argue that Plaintiff's section 1430(b) claims against them must be dismissed because they are not licensees of skilled nursing facilities.  The Evergreen Entities contend that Plaintiff cannot bring section 1430(b) claims against them because she is not a current or former resident of their facilities.  Plaintiff does not dispute that the EmpRes Entities are not licensees of SNFs.  Nor does she claim that she is a current or former resident of any of the Evergreen Entities' SNFs.  Instead, she argues that she may assert claims against Defendants because Evergreen Lakeport and the EmpRes and Evergreen Entities are agents for and alter egos of each other.  Her theory is that Defendants are a single entity that is a licensee for multiple SNFs, including the one in which she resides, and are thus jointly

7

1   responsible for her alleged injuries.

2       Plaintiff does not plead sufficient facts to support her

3   theory.  First, Plaintiff offers no factual basis for her assertion

4   that Evergreen Lakeport, the licensee of the SNF in which she

5   resides, is the agent for the EmpRes or Evergreen Entities.

6   Plaintiff argues that her mere allegation of agency is sufficient

7   to meet her pleading burden.  This is incorrect.  The Court need

8   not accept as true "a legal conclusion couched as a factual

9   allegation." Iqbal, 129 S. Ct. at 1950 (citation and internal

10  quotation marks omitted).

11      Second, Plaintiff's allegations do not support invocation of

12  the alter ego doctrine.  To avail herself of the doctrine,[4]

13  Plaintiff must allege two elements: "First, there must be such a

14  unity of interest and ownership between the corporation and its

15  equitable owner that the separate personalities of the corporation

16  and the shareholder do not in reality exist.  Second, there must be

17  an inequitable result if the acts in question are treated as those

18  of the corporation alone." Sonora Diamond Corp. v. Superior Court,

19  83 Cal. App. 4th 523, 526 (2000).  Factors that the court may

20  consider include "the commingling of funds and assets of the two

21  entities, identical equitable ownership in the two entities, use of

22  the same offices and employees, disregard of corporate formalities,

23  identical directors and officers, and use of one as a mere shell or

24  _____

25      [4] As noted above, Defendants are organized under Washington
    law.  However, they did not take the position that Washington law
26  controls in this case.  For the purposes of this motion, the Court
    assumes that California's alter ego doctrine, which is more lenient
27  than Washington's, applies.

28

United States District Court
For the Northern District of California

conduit for the affairs of the other." <u>Troyk v. Farmers Group,</u> <u>Inc.</u>, 171 Cal. App. 4th 1305, 1342 (2009).  The alter ego doctrine may apply between a parent and a subsidiary or, "under the single enterprise rule, . . . between sister or affiliated companies." <u>Id.</u> at 1341 (citation and internal quotation and editing marks omitted).  As to the first prong, Plaintiff provides general allegations that the EmpRes Entities make decisions for Evergreen Lakeport and the Evergreen Entities, that Evergreen Lakeport and the Evergreen Entities "use . . . the [EmpRes] Entities to procure labor, services and/or merchandise" for the SNFs and that Defendants share officers, directors and employees.  Compl. ¶ 23. These broad allegations are not sufficient to show a unity of interest and ownership.  Even if they were, Plaintiff does not satisfy the second prong; she fails to allege facts to suggest that an inequitable result will occur if the EmpRes and Evergreen Entities are not held liable for her injuries.

Plaintiff argues that, even if she does not have individual claims against the EmpRes or Evergreen Entities, she nevertheless should be able to assert claims against them for injuries they may have caused putative class members.  She invokes the "juridical link" doctrine and this Court's decision in <u>Cady v. Anthem Blue</u> <u>Cross Life and Health Insurance Company</u>, 583 F. Supp. 2d 1102 (N.D. Cal. 2008).  However, as <u>Cady</u> states, that doctrine pertains to the analyses of adequacy and typicality, as required by Federal Rule of Civil Procedure 23; it does not "apply to standing questions at the pleading stage." <u>Siemers v. Wells Fargo & Co.</u>, 2006 WL 3041090, at *5-*8 (N.D. Cal.) (citing <u>Forsythe v. Sun Life Fin., Inc.</u>, 417 F.

9

Supp. 2d 100, 119 n.19 (D. Mass. 2006); <u>Henry v. Circus Circus Casinos, Inc.</u>, 223 F.R.D. 541, 544 (D. Nev. 2004)).  Absent allegations that she suffered injury fairly traceable to the EmpRes or Evergreen Entities' conduct, Plaintiff lacks standing to bring claims against them.  <u>See</u> <u>Chandler v. State Farm Mut. Auto. Ins. Co.</u>, 598 F.3d 1115, 1122 (9th Cir. 2010) (discussing requirements for Article III standing) (citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992)).  As explained above, Plaintiff does not plead a sufficient factual basis for her assertion that her injuries were the result of any act by the EmpRes or Evergreen Entities.

Accordingly, the Court grants the EmpRes and Evergreen Entities' motion to dismiss Plaintiff's section 1430(b) claims.  Plaintiff's section 1430(b) claims against the EmpRes Entities are dismissed with leave to amend to plead facts showing that they are alter egos of Evergreen Lakeport.  Her claims against the Evergreen Entities are dismissed without leave to amend.

B.   UCL Claims

California's Unfair Competition Law (UCL) prohibits any "unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  The UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law.  <u>Chabner v. United Omaha Life Ins. Co.</u>, 225 F.3d 1042, 1048 (9th Cir. 2000).  Violation of almost any federal, state or local law may serve as the basis for a UCL claim.  <u>Saunders v. Superior Court</u>, 27 Cal. App. 4th 832, 838-39 (1994).  In addition, a business practice may be "unfair or

10

**United States District Court**
For the Northern District of California

fraudulent in violation of the UCL even if the practice does not violate any law." <u>Olszewski v. Scripps Health</u>, 30 Cal. 4th 798, 827 (2003).  To have standing to bring a UCL claim, plaintiffs must show that they "suffered an injury in fact" and "lost money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code § 17204.  The purpose of section 17204 is to "eliminate standing for those who have not engaged in any business dealings with would-be defendants." <u>Kwikset Corp. v. Superior Court</u>, 51 Cal. 4th 310, 317 (2011).

Plaintiff's UCL claims fail for the reasons stated above.  She has not alleged that the EmpRes or Evergreen Entities caused her an injury in fact.  Her allegations do not suggest that she had any business dealings with these Defendants. <u>People v. Witzerman</u>, 29 Cal. App. 3d 169 (1972), and <u>People v. Bestline Products, Inc.</u>, 61 Cal. App. 3d 879 (1976), are distinguishable and do not warrant a different conclusion.  These cases were brought by the California attorney general, who is not constrained by the standing requirement contained in section 17204.

Accordingly, the Court grants the EmpRes and Evergreen Entities' motion to dismiss Plaintiff's UCL claims.  Plaintiff's UCL claims against the EmpRes Entities are dismissed with leave to amend to plead facts showing that they are alter egos of Evergreen Lakeport.  Her UCL claims against the Evergreen Entities are dismissed without leave to amend.

C.   CLRA Claims

"The CLRA makes unlawful certain 'unfair methods of competition and unfair or deceptive acts or practices' used in the

11

sale of goods or services to a consumer." <u>Wilens v. TD Waterhouse</u> <u>Group, Inc.</u>, 120 Cal. App. 4th 746, 753 (2003) (quoting Cal. Civ. Code § 1770(a)).  Like the UCL, the CLRA has a provision requiring plaintiffs to have standing to bring claims under the law.  Section 1780(a) provides, "Any consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action" under the CLRA.  Thus, to pursue a CLRA claim, plaintiffs must have been "exposed to an unlawful practice" and "some kind of damage must result." <u>Meyer v. Sprint Spectrum L.P.</u>, 45 Cal. 4th 634, 641 (2009).

Plaintiff has not alleged that the EmpRes or Evergreen Entities deceived her in the sale of services to her and that she suffered damages as a result.  Accordingly, the Court grants the EmpRes and Evergreen Entities' motion to dismiss Plaintiff's CLRA claims.  Plaintiff's CLRA claims against the EmpRes Entities are dismissed with leave to amend to plead facts showing that they are alter egos of Evergreen Lakeport.  Her CLRA claims against the Evergreen Entities are dismissed without leave to amend.

II.  Evergreen Lakeport's Motion to Dismiss

Evergreen Lakeport argues that Plaintiff's case should not be adjudicated, in part or in whole.  First, Evergreen Lakeport asserts that the Court should abstain from hearing all of Plaintiff's claims or, in the alternative, stay her case pursuant to California's primary jurisdiction doctrine.  If Plaintiff's case is heard, Evergreen Lakeport asserts that her claims under section California Health and Safety Code section 1430(b) and the CLRA must

12

be dismissed.

A.   California's Equitable Abstention Doctrine

Evergreen Lakeport argues that California's equitable abstention doctrine requires the Court to abstain from hearing Plaintiff's case.

The judicially-created equitable abstention doctrine gives courts discretion to abstain from deciding a UCL claim.  <u>Desert Healthcare Dist. v. PacifiCare FHP, Inc.</u>, 94 Cal. App. 4th 781, 795 (2001); <u>see also</u> <u>Alvarado v. Selma Convalescent Hosp.</u>, 153 Cal. App 4th 1292, 1297-98 (2007).  Courts have such discretion "because the remedies available under the UCL, namely injunctions and restitution, are equitable in nature."  <u>Desert Healthcare</u>, 94 Cal. App. 4th at 795.  Abstention under the doctrine may be appropriate if: (1) resolving the claim requires "determining complex economic policy, which is best handled by the legislature or an administrative agency;" (2) "granting injunctive relief would be unnecessarily burdensome for the trial court to monitor and enforce given the availability of more effective means of redress;" or (3) "federal enforcement of the subject law would be more orderly, more effectual, less burdensome to the affected interests."  <u>Alvarado</u>, 153 Cal. App. 4th at 1298 (citations and internal quotation marks omitted).

In <u>Alvarado</u>, the state appellate court concluded that, for two reasons, the trial court did not abuse its discretion when it

**United States District Court**
For the Northern District of California

abstained from hearing the plaintiff's UCL claims,[5] which were based on numerous skilled nursing facilities' alleged failures to satisfy section 1276.5(a)'s staffing requirements.  First, the appellate court held that adjudicating Alvarado's UCL claims "would require the trial court to assume general regulatory powers over the health care industry through the guise of enforcing the UCL, a task for which the courts are not well-equipped."  153 Cal. App. 4th at 1304 (citation omitted).  The language and statutory context of section 1276.5(a), according to Alvarado, demonstrate that it "is a regulatory statute, which the Legislature intended the [Department of Health Services] to enforce."[6]  Id. at 1304.  The appellate court reasoned that determining compliance with the staffing requirement, in a class action, would require a trial court to make several determinations "better accomplished by an administrative agency."  Id. at 1306.  For instance, the trial court would need to "determine on a class-wide basis whether a particular skilled nursing or intermediate care facility is governed by section 1276.5 or 1276.9."  Id. at 1305.  Then, the trial court would be required to "calculate nursing hours for each facility involved in this case," which would entail classifying the

_____

[5] Alvarado brought three claims: "(1) unlawful business practice in violation of Business and Professions Code section 17200; (2) unfair and fraudulent business practice in violation of Business and Professions Code section 17200; and, (3) false advertising in violation of Business and Professions Code [section] 17500."  Alvarado, 153 Cal. App. 4th at 1296.

[6] Under the California Public Health Act of 2006, which took effect in July 2007, some of the responsibilities of the former Department of Health Services (DHS) were transferred to the newly-established CDPH.  See generally S.B. 162 § 1, 2006 Cal. Legis. Serv. Ch. 241.

14

United States District Court
For the Northern District of California

1   employees of that facility.  Id.  In addition, because section

2   1276.5(b) provides a different formula for skilled nursing

3   facilities with a capacity of sixty or more residents, "the court

4   would have to determine on a class-wide basis the size,

5   configuration and licensing status of skilled nursing and

6   intermediate care facilities."  Id. at 1306.

7        The second reason supporting abstention was the manageability

8   of injunctive relief.  The Alvarado court concluded that, if the

9   trial court found various SNFs in violation of section 1276.5(a),

10  "it would have to decide whether to issue networks of injunctions

11  across the State of California" and then "monitor and enforce

12  them."  153 Cal. App. 4th at 1306.  According to Alvarado,

13  administering such relief would be "unnecessarily burdensome" for a

14  trial court.  Id.  The court noted that the plaintiff could have

15  petitioned for a writ of mandamus, compelling the administrative

16  agency to enforce section 1276.5(a)'s staffing requirement.  Id. at

17  1306 n.5.  Because an administrative agency was better suited to

18  enforce of section 1276.5(a) on a class-wide basis and because

19  granting injunctive relief would be unnecessarily burdensome, the

20  Alvarado court concluded that the trial court acted within its

21  discretion to abstain.

22       Contrary to Evergreen Lakeport's argument, Alvarado does not

23  mandate abstention.[7]  The court made clear that the issue before it

24  _____

25       [7] Reudy v. Clear Channel Outdoor, Inc., 2011 WL 1542978 (9th
    Cir.), also does not require abstention.  Reudy, which is not
26  precedential, merely reiterates that a court "may abstain from
    employing the relief permitted by the UCL" under certain
27  circumstances.  Id. at *1.

28                                   15

United States District Court
For the Northern District of California

was whether "the trial court abused its discretion by abstaining from adjudicating the alleged controversy," not whether it would be an abuse of discretion not to abstain.  Alvarado, 153 Cal. App. 4th at 1297.  Indeed, Alvarado leaves open the possibility that district attorneys can bring claims against SNFs for alleged violations of section 1276.5(a), id. at 1297 n.3, which suggests that abstention is not mandatory.  Such actions would raise the same concerns of manageability posed by Alvarado's suit.

Here, abstention is not currently warranted.  The analyses required to adjudicate Plaintiff's UCL claim against Evergreen Lakeport have not been shown to be overly complex, nor is there any indication that enforcing injunctive relief against Evergreen Lakeport would be unduly burdensome.

Even if abstention were appropriate as to Plaintiff's UCL claims, the equitable abstention doctrine does not afford the Court discretion to abstain from hearing Plaintiff's claims for damages under section 1430(b) or the CLRA, which are legal remedies.  As noted above, courts have discretion to abstain from UCL claims because of its equitable remedies.  Evergreen Lakeport offers no authority granting the Court discretion to decline jurisdiction with respect to Plaintiff's section 1430(b) and CLRA claims.

Accordingly, Evergreen Lakeport's motion to dismiss Plaintiff's action based on California's equitable abstention doctrine is denied without prejudice to renewal if the circumstances change.

B.   Primary Jurisdiction Doctrine

Under the primary jurisdiction doctrine, federal and state

16

United States District Court
For the Northern District of California

courts may exercise discretion to stay an action pending "referral" of the issues to an administrative body.[8]  Chabner, 225 F.3d at 1051; Farmers Ins. Exch. v. Superior Court, 2 Cal. 4th 377, 386-390 (1992).  The doctrine applies "when a claim is originally cognizable in the courts, but is also subject to a regulatory scheme that is enforced by an administrative body of special competence."  Chabner, 225 F.3d at 1051.  "In federal and California state courts, 'no rigid formula exists for applying the primary jurisdiction doctrine.'"  Id. (quoting Farmers Ins., 2 Cal. 4th at 391) (editing marks omitted).  A court may consider "1) whether application will enhance court decision-making and efficiency by allowing the court to take advantage of administrative expertise; and 2) whether application will help assure uniform application of regulatory laws."  Chabner, 225 F.3d at 1051.

Evergreen Lakeport does not establish that a stay under the primary jurisdiction doctrine is necessary.  The matters raised by Plaintiff's claims do not pose any novel issues or suggest a need for the CDPH's expertise.  Furthermore, adjudication of Plaintiff's case would not threaten the uniform application of California's regulatory laws.  A judicial determination as to whether Evergreen Lakeport satisfies its obligation under section 1276.5(a)'s staffing requirement does not appear to implicate technical or

---

[8] Although courts use the word "referral" to explain the primary jurisdiction doctrine, this word "is perhaps not the most accurate term to describe this process, as most statutes do not authorize courts to require an agency to issue a ruling."  Clark v. Time Warner Cable, 523 F.3d 1110, 1115 n.9 (9th Cir. 2008) (citing Reiter v. Cooper, 507 U.S. 258, 268 n.3 (1993)).

policy determinations usually reserved to an administrative agency. <u>Clark</u>, 523 F.3d at 1114.  Finally, there is no evidence that the CDPH is currently considering whether Evergreen Lakeport meets nurse staffing requirements, or that it will do so in the future.

Accordingly, Evergreen Lakeport's motion to dismiss under the primary jurisdiction doctrine is denied.

C.   Claim Under California Health and Safety Code Section 1430(b)

As stated above, section 1430(b) gives current or former residents of an SNF a right to sue the licensee of that SNF for violations of "any rights of the resident or patient as set forth in the Patients Bill of Rights in Section 72527 of Title 22 of the California Code of Regulations, or any other right provided for by federal or state law or regulation."

Evergreen Lakeport argues that Plaintiff's section 1430(b) claim against it, to the extent it is based on allegations that Evergreen Lakeport violated section 1276.5(a)'s minimum staffing requirement, should be dismissed.  According to Evergreen Lakeport, the minimum staffing requirement does not provide a right of action under state law and, as a result, cannot give rise to a claim under section 1430(b).

The parties cite no California authority addressing directly which state laws or regulations create rights enforceable under section 1430(b).  <u>Lu v. Hawaiian Gardens</u>, 50 Cal. 4th 592 (2010), and <u>Moradi-Shalal v. Fireman's Fund Insurance Companies</u>, 46 Cal. 3d 287 (1988), are not entirely on point.  Both cases address whether certain state statutes give rise to private causes of action.  <u>See</u>

18

United States District Court
For the Northern District of California

1  <u>Lu</u>, 50 Cal. 4th at 596; <u>Moradi-Shalal</u>, 46 Cal. 3d at 305.  Here,

2  Plaintiff asserts a cause of action under section 1430(b) to

3  enforce a right she claims to exist under section 1276.5(a); she

4  does not bring a cause of action under section 1276.5(a).  Federal

5  cases interpreting claims under 42 U.S.C. § 1983 are instructive on

6  this point.[9]  Like section 1430(b), section 1983 "merely provides a

7  mechanism for enforcing individual rights 'secured' elsewhere."

8  <u>Gonzaga Univ. v. Doe</u>, 536 U.S. 273, 285 (2002).  Section 1983 "'by

9  itself does not protect anyone against anything.'"  <u>Id.</u> (quoting

10 <u>Chapman v. Houston Welfare Rights Org.</u>, 441 U.S. 600, 617 (1979)).

11      "A court's role in discerning whether personal rights exist in

12 the § 1983 context should . . . not differ from its role in

13 discerning whether personal rights exist in the implied right of

14 action context."  <u>Gonzaga</u>, 536 U.S. at 285.  The inquiries into

15 "whether a private right of action can be implied from a particular

16 statute" and whether a federal statute confers an right enforceable

17 under § 1983 share the common question of whether the legislature

18 "intended to confer individual rights upon a class of

19 beneficiaries."  <u>Id.</u>  Such intent could be gleaned from the text

20 and structure of the statute and the legislative history.  <u>Id.</u>; <u>see</u>

21 <u>also Lu</u>, 50 Cal. 4th at 596 (discussing analysis of whether state

22 statute contains private right of action).

23      Plaintiff does not argue that section 1276.5(a) contains

24 _____

25      [9] Plaintiff argues that § 1983 cases are inapposite because
   they address concerns over federalism.  Although determining
26 whether Congress intended to confer a federal right may require an
   analysis of the impact on the states, these cases' teachings that
27 legislative intent must be considered do not rely on federalism
   concerns.

28

United States District Court
For the Northern District of California

explicit language conferring rights on SNF residents.  Instead, she

asserts that the "any other right" language contained in section

1430(b) is directed at any statute or regulation that pertains to

"patient care standards or resident welfare issues," and that

section 1276.5(a) is such a statute.  Opp'n to Evergreen Lakeport's

Mot. to Dismiss 10:12.  She cites the Patients Bill of Rights,

which states that residents of SNFs have rights "as specified in

Health and Safety Code, Section 1599.1."  Cal. Code Regs., tit. 22,

§ 72527(24).  That statute provides several rights that are couched

as obligations of an SNF, such as, "The facility shall employ an

adequate number of qualified personnel to carry out all of the

functions of the facility."  Cal. Health & Safety Code § 1599.1(a).

Plaintiff also cites a legislative committee report on AB 2791, the

2004 assembly bill that amended section 1430(b) by, among other

things, adding the "any other right" language to the statute.  See

generally Pl.'s RJN, Ex. C.[10]  The report, however, does not discuss

the inclusion of this language.  It addresses only a proposal to

raise the statutory penalty for violations of section 1430(b) from

$500 to $5,000, in order to provide further financial incentives

for residents to enforce their rights through civil actions.[11]  This

_____

[10] Plaintiff asks the Court to take judicial notice of a
summary by the California Assembly Committee on Health of AB 2791,
which amended California Health and Safety Code section 1470(b).
Because Defendants do not oppose the request and the fact that the
committee issued the report is "capable of accurate and ready
determination by resort to sources whose accuracy cannot reasonably
be questioned," the Court GRANTS Plaintiff's request.  Fed. R.
Evid. 201.

[11] In relevant part, the report states,

According to the author, this bill is necessary because,

20

proposal was never adopted.

The Patients Bill of Rights and the legislative history of the 2004 amendments indicate that section 1276.5(a) may be enforced through a civil action under section 1430(b). As noted above, a resident of an SNF has a right to the facility employing "an adequate number of qualified personnel" to perform the facility's functions. Cal. Health & Safety Code § 1599.1(a). Section 1276.5(a) provides an objective measure of what constitutes "adequate." Further, the 2004 amendments were intended to expand private enforcement of residents' rights based on the bill author's concern that enforcement by CDPH would be constrained by financial and demographic pressures in the coming years. See Pl.'s RJN, Ex. C, at AP12. Thus, that the CDPH may enforce section 1276.5(a) does not preclude residents from doing so.

Evergreen Lakeport argues that section 1276.5(a) does not confer an individual right because it does not have an individual

_____

despite numerous deficiencies reported by the Department of Health Services every year and thousands of unresolved complaints received by the Ombudsman, SNF residents have not exercised their private right of action under current law which limits a nursing home's liability to $500. The author states that current law intended to provide a specific mechanism for an individual resident to enforce his or her rights through a private right of action. . . . The author notes that the State is facing severe health care cost pressures that are likely to continue and that the number of seniors in California is expected to double in the next 15 years. With such cost and demographic pressures, the author believes that state functions such as licensing and certification of health facilities may suffer, and it thus becomes more important than ever to ensure that residents' rights be respected and enforced.

Pl.'s RJN, Ex. C, at AP11-12.

21

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

focus.  This argument, however, is undermined by section 1599.1,
which confers rights on residents but is phrased, in part, as
obligations imposed on SNFs.  Evergreen Lakeport also argues that,
because section 1276.5(a) is regulatory in nature, it cannot confer
an enforceable right.  This is incorrect.  Determining whether a
so-called "regulatory statute" confers rights depends on the intent
underlying the law.  <u>Goehring v. Chapman Univ.</u>, 121 Cal. App. 4th
353, 375 (2004) ("The question of whether a regulatory statute
creates a private right of action depends on legislative intent.").

Accordingly, Evergreen Lakeport's motion to dismiss
Plaintiff's section 1430(b) claim is denied.

D.   CLRA Claim

As noted above, the CLRA prohibits "deceptive acts or
practices undertaken by any person in a transaction intended to
result or which results in the sale or lease of goods or services
to any consumer."  Cal. Civ. Code § 1770(a).  Evergreen Lakeport
contends that Plaintiff's CLRA claim fails a matter of law because
the CLRA does not encompass services provided by an SNF.  However,
the CLRA defines "services" to mean "work, labor, and services for
other than a commercial or business use, including services
furnished in connection with the sale or repair of goods."  <u>Id.</u>
§ 1761(b).  Health services, provided by SNFs, fall within this
definition.  The cases cited by Evergreen Lakeport, which concern
life insurance coverage, mortgages, credit cards, computer
software, securities, and services related to real estate
transactions do not warrant a contrary conclusion.

Plaintiff, however, fails to plead her CLRA claim with

22

United States District Court
For the Northern District of California

sufficient specificity.  Because the claim sounds in fraud, it is subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  Kearns v. Ford Motor Co., 567 F.3d 1120, 1125-26 (9th Cir. 2009).  "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Fed. R. Civ. Proc. 9(b).  The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985).  Statements of the time, place and nature of the alleged fraudulent activities are sufficient, id. at 735, provided the plaintiff sets forth "what is false or misleading about a statement, and why it is false."  In re GlenFed, Inc., Secs. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994).  Scienter may be averred generally, simply by saying that it existed.  Id. at 1547; see Fed. R. Civ. Proc. 9(b) ("Malice, intent, knowledge, and other condition of mind of a person may be averred generally.").  Allegations of fraud based on information and belief usually do not satisfy the particularity requirements of Rule 9(b); however, as to matters peculiarly within the opposing party's knowledge, allegations based on information and belief may satisfy Rule 9(b) if they also state the facts upon which the belief is founded. Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987).

     Plaintiff does not identify, with any specificity, the basis of her CLRA claim.  She states generally that Evergreen Lakeport,

in "promotional materials, admission agreements, submissions made to DHS and other materials disseminated to the public," represents that its facilities "provide sufficient and lawful staffing." Compl. ¶ 75; see also id. ¶¶ 37-38. She does not allege the circumstances in which she viewed these materials or what was false about them. Accordingly, Plaintiff's CLRA claim must be dismissed for failure to plead in accordance with Rule 9(b).

CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion for leave to file the additional authority of Reudy v. Clear Channel Outdoor, Inc. (Docket No. 46), DENIES without prejudice the EmpRes Entities' Rule 12(b)(2) motion to dismiss (Docket No. 22), GRANTS the EmpRes and Evergreen Entities' Rule 12(b)(6) motion to dismiss (Docket No. 25) and GRANTS in part Evergreen Lakeport's motion to dismiss and DENIES it in part (Docket No. 23). Plaintiff's claims against the EmpRes Entities are dismissed with leave to amend to plead facts showing that they are alter egos of Evergreen Lakeport. Her claims against the Evergreen Entities are dismissed without leave to amend. Plaintiff's CLRA claim against Evergreen Lakeport is dismissed with leave to amend to allege facts as required by Rule 9(b). In all other respects, Evergreen Lakeport's motion is denied.

If Plaintiff intends to file an amended complaint, she shall do so within fourteen days from the date of this Order. If an amended complaint is filed, the EmpRes Entities and Evergreen Lakeport shall answer or move to dismiss it fourteen days after it is filed. Plaintiff shall file her opposition to any motion to

24

dismiss fourteen days after it is filed.  Any reply, if necessary, shall be due seven days after Plaintiff files her opposition.  Any motion to dismiss will be decided on the papers.  With respect to Evergreen Lakeport, leave to amend is limited to Plaintiff's CLRA claim.  Accordingly, Evergreen Lakeport's motion to dismiss, if it chooses to file one, may concern only Plaintiff's CLRA claim.

Plaintiff's section 1430(b) and UCL claims against Evergreen Lakeport are cognizable.  The Court extends the time Evergreen Lakeport has to answer these claims.  Evergreen Lakeport's answer shall be due fourteen days after the Court enters an order on any motion to dismiss a first amended complaint.  If Plaintiff does not file an amended pleading, Evergreen Lakeport's answer shall be due twenty-eight days from the date of this Order.

The case management conference, currently set for July 14, 2011, is continued to July 26, 2011 at 2:00 p.m.

IT IS SO ORDERED.

Dated: 5/25/2011

CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California