MANATT, PHELPS & PHILLIPS, LLP
BARRY S. LANDSBERG (Bar No. CA 117284)
E-mail:  blandsberg@manatt.com
BRAD W. SEILING (Bar No. CA 143515)
E-mail:  bseiling@manatt.com
ANDREW H. STRUVE (Bar No. CA 200803)
E-mail:  astruve@manatt.com
JESSICA J. SLUSSER (Bar No. CA 217307)
E-mail:  jslusser@manatt.com
JUSTIN C. JOHNSON (Bar No. CA 252175)
E-mail:  jjohnson@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA  90064-1614
Telephone:  (310) 312-4000
Facsimile:  (310) 312-4224

DAVID L. SHAPIRO (*Pro Hac Vice*)
E-mail:  dshapiro@law.harvard.edu
1563 Mass. Ave.
Cambridge, MA  02138
Telephone:   (617) 495-4618
Facsimile:   (617) 495-1950

[Additional Counsel Appear on Signature Page]

*Attorneys for Specially Appearing Defendants* EMPRES
HEALTHCARE, INC., EHC FINANCIAL SERVICES,
L.L.C. AND EVERGREEN CALIFORNIA HEALTHCARE,
L.L.C.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Phyllis Wehlage, on her behalf and on behalf of others similarly situated,<br><br>          Plaintiff,<br><br>     vs.<br><br>EmpRes Healthcare, Inc., *et al.*,<br><br>          Defendants. | No.  C 10-05839 CW<br><br>**DEFENDANTS EMPRES HEALTHCARE, INC., EHC FINANCIAL SERVICES, L.L.C. AND EVERGREEN CALIFORNIA HEALTHCARE, L.L.C.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) OR IN THE ALTERNATIVE FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF DALE PATTERSON**<br><br>Hearing Date:  N/A<br>Judge:          Hon. Claudia Wilken |

**TO THE COURT AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD: PLEASE TAKE NOTICE** that defendants EmpRes Healthcare, Inc., EHC Financial Services, L.L.C. and Evergreen California Healthcare, L.L.C. (collectively, "Defendants") will and hereby do specially appear for the purpose of moving the Court, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, to dismiss the First Amended Complaint of plaintiff Phyllis Wehlage ("Plaintiff") for lack of *in personam* jurisdiction.  Defendants also provisionally move the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the First Amended Complaint for failure to state a claim by bringing three motions to dismiss concurrently filed by Evergreen at Lakeport, L.L.C. and EmpRes HealthCare, Inc., *et al.*[1]  Pursuant to the Court's Order dated May 25, 2011 granting in part and denying in part Defendants' motion to dismiss (Docket No. 46, the "May 25 Order"), the Court will decide this motion without a hearing.

This motion is and will be based on this notice of motion and attached memorandum of points and authorities and declaration of Dale Patterson, all pleadings and papers on file in this matter, and all other such evidence or argument as may be submitted to the Court at or prior to the hearing.

Dated:  June 22, 2011              MANATT, PHELPS & PHILLIPS


                                   By:  /s/ Barry S. Landsberg
                                        Barry S. Landsberg

                                   *Attorneys for Specially Appearing*
                                   *Defendants* EMPRES HEALTHCARE,
                                   INC., EHC FINANCIAL SERVICES,
                                   L.L.C. AND EVERGREEN CALIFORNIA
                                   HEALTHCARE, L.L.C.

---

[1] Despite the special appearance of these defendants to contest personal jurisdiction, it is settled practice for this court to deflect ruling on Rule 12(b)(2) motions pending a ruling on a potentially case-dispositive Rule 12(b)(6) motion.  *See Kema, Inc. v Koperwhats*, 2010 U.S. Dist. LEXIS 90790, *26 (N.D. Cal. Sept. 1, 2010) (holding that granting of Rule 12(b)(6) motion mooted consideration of Rule 12(b)(2) motion).

DEFENDANTS EMPRES HEALTHCARE, INC.,
ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................ 1

II.   RELEVANT FACTS ................................................................... 2

III.  ARGUMENT ............................................................................. 5

    A.   Plaintiff Bears the Burden to Prove Facts Establishing
Jurisdiction Over Defendants .................................................. 5

    B.   The Three Traditional Bases for Jurisdiction Are Not Present
Here ........................................................................................ 6

    C.   Defendants Do Not Have Sufficient Contacts With California to
Confer Either General or Specific Personal Jurisdiction ....... 7

        1.   The Court's Jurisdiction Over Parent or Subsidiary
Companies Alone Is Insufficient to Confer Jurisdiction
Over Defendants ............................................................ 7

        2.   The Court Lacks General Jurisdiction Over Defendants
Because They Do Not Have Substantial, Continuous and
Systematic Contacts With California and Because
Jurisdiction Is Not Reasonable ..................................... 8

        3.   The Court Lacks Specific Jurisdiction Over Defendants
Because They Have Not Purposefully Availed
Themselves of the Privileges of Conducting Activities in
California, Plaintiff's Claims Do Not Arise Out of
Defendants' Contacts With California, and the Exercise of
Jurisdiction Is Not Reasonable ................................... 12

            a.   Purposeful Availment ...................................... 13

            b.   Forum-Related Activities ................................. 14

            c.   Reasonableness ................................................ 15

IV.   CONCLUSION ......................................................................... 16

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

i

DEFENDANTS EMPRES HEALTHCARE, INC.,
ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

1

# TABLE OF AUTHORITIES

2

**Page**

3

## CASES

4

*Asahi Metal Industry Co. v. Superior Court,*
   480 U.S. 102 (1987) ......................................................................................... 9

*Ballard v. Savage,*
   65 F.3d 1495 (9th Cir. 1995) ............................................................... 12, 13, 15

*Bancroft & Masters, Inc. v. Augusta National Inc.,*
   223 F.3d 1082 (9th Cir. 2000) ............................................................. 8, 9, 10, 11

*Burger King v. Rudzewicz,*
   471 U.S. 462 (1985) ............................................................................. 12, 13, 14

*Burnham v. Superior Court,*
   495 U.S. 604 (1990) ..................................................................................... 5, 6

*Corporate Inv. Business Brokers v. Melcher,*
   824 F.2d 786 (9th Cir. 1987) .......................................................................... 12

*Data Disc, Inc. v. Systems Technology Assoc., Inc.,*
   557 F.2d 1280 (9th Cir. 1977) .......................................................................... 5

*Dielsi v. Falk,*
   916 F.Supp. 985 (C.D. Cal. 1996) .................................................................... 7

*Doe v. Unocal Corp.,*
   248 F.3d 915 (9th Cir. 2001) ................................................................... passim

*Dole Food Co., Inc. v. Watts,*
   303 F.3d 1104 (9th Cir. 2002) .................................................................... 7, 15

*Edmunds v. Superior Court (Ronson),*
   24 Cal.App.4th 221 (1994) ............................................................................ 14

*Gray Line Tours of Southern Nevada v. Reynolds Electrical & Engineering
   Co., Inc.,*
   193 Cal.App.3d 190 (1987) ............................................................................ 11

*Hammond v. Monarch Investors,*
   2010 U.S. Dist. LEXIS 66595 (S.D. Cal. Jul. 2, 2010) ...................................... 8

*Hanson v. Denckla,*
   357 U.S. 235 (1958) ...................................................................................... 13

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES
## (continued)

Page

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408 (1984) ................................................................ 8

*International Shoe Co. v. Washington*,
    326 U.S. 310 (1945) ............................................................ 5, 7

*Keeton v. Hustler Magazine, Inc.*,
    465 U.S. 770 (1984) ................................................................ 8

*Kema, Inc. v Koperwhats*,
    2010 U.S. Dist. LEXIS 90790 (N.D.Cal. Sept. 1, 2010) ..................... 2

*Marriage of Meredith*,
    129 Cal.App.3d 356 (1982) ..................................................... 6

*Metro-Goldwyn-Mayer Inc. v. Grokster, Ltd.*,
    243 F.Supp.2d 1073 (C.D. Cal. 2003) ........................................ 5

*Panavision Int'l, L.P. v. Toeppen*,
    141 F.3d 1316 (9th Cir. 1998) .................................................. 7

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) ................................................. 13

*SDS Korea Co. v. SDS USA, Inc.*,
    2010 U.S. Dist. LEXIS 80223 (S.D. Cal. Aug. 4, 2010) ................... 13

*Stone v. Advance Am. Cash Advance Centers, Inc.*,
    2009 U.S. Dist. LEXIS 24762 (S.D.Cal. Mar. 20, 2009) ................... 9

*Thomson v. Anderson*,
    113 Cal.App.4th 258 (2003) ................................................. 11

*Transure, Inc. v. Marsh and McLennan, Inc.*,
    766 F.2d 1297 (9th Cir. 1985) .................................................. 8

*Vons Cos., Inc. v. Seabest Foods, Inc.*,
    14 Cal.4th 434 (1996) ........................................................ 14

*West Corp. v. Superior Court (Sanford)*,
    116 Cal.App.4th 1167 (2004) .................................................. 7

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

DEFENDANTS EMPRES HEALTHCARE, INC.,
ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

# TABLE OF AUTHORITIES
### (continued)

**Page**

## STATUTES

28 USC § 1332(c)(1) ................................................................................6

Cal. Code Civ. Proc. § 410.10 ................................................................5

Cal. Corp. Code § 2105 ...........................................................................11

Cal. Corp. Code § 2105(a)(4) ................................................................11

Cal. Corp. Code § 2105(a)(5) ................................................................11

Cal. Corp. Code § 31420 .........................................................................11

Cal. Ins. Code § 1610 .............................................................................11

Cal. Ins. Code § 1611 .............................................................................11

## RULES

Fed. R. Civ. P. 4(k)(1)(A) .......................................................................5

Fed. R. Civ. P. 12(b)(2) ...........................................................................2

Fed. R. Civ. P. 12(b)(6) ...........................................................................2

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

iv

DEFENDANTS EMPRES HEALTHCARE, INC.,
ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

1

**MEMORANDUM**

2

**I.     INTRODUCTION**

3     Plaintiff Phyllis Wehlage filed this lawsuit against the skilled nursing facility

4     in which she lived, Evergreen Lakeport Healthcare ("Evergreen Lakeport") in

5     Lakeport, California.  In her First Amended Complaint ("FAC"), Plaintiff purports

6     to add ten new plaintiffs, and to state claims against facilities that have been

7     dismissed, or which were not named in the original Complaint.  However, for the

8     reasons set forth in the concurrently filed Motion to Dismiss or Strike First

9     Amended Complaint as Filed in Violation of the Court's May 25 Order Dismissing

10    the "Evergreen Entities," it is improper for Plaintiff to do so without filing a

11    separate action, and without properly serving the dismissed Evergreen Entities and

12    the new facility defendants.   Plaintiff's putative class action alleges that there was

13    inadequate nurse staffing at Evergreen Lakeport during a four-year class period

14    beginning November 15, 2006.

15    Plaintiff also names as defendants four entities that do not even hold licenses

16    to operate skilled nursing facilities (aka nursing homes, or "SNFs.")  These

17    defendants, which are either direct or indirect members of the licensed operating

18    companies, or are companies that provided certain limited direct and indirect

19    management and consulting services, are EmpRes Healthcare, Inc. ("EmpRes"),

20    EHC Management, L.L.C. ("EHC Management"), EHC Financial Services, L.L.C.

21    ("EHC Financial") and Evergreen California Healthcare, L.L.C. ("Evergreen").

22    Three of these entities, however, are citizens of the State of Washington, which are

23    not subject to personal jurisdiction in California, and hence should be dismissed

24    from this action.

25    This Court lacks personal jurisdiction over EmpRes, EHC Financial and

26    Evergreen (collectively, "Defendants").  EmpRes is a Washington corporation with

27    its principal place of business in the State of Washington.  Similarly, EHC

28    Financial and Evergreen are two Washington limited liability companies, also with

1

1    their principal places of business in the State of Washington.  None of the

2    Defendants has any relationship with the State of California that would give rise to

3    personal jurisdiction consistent with the established standards.  As personal

4    jurisdiction is lacking in California, the FAC as against Defendants must be

5    dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

6         Movants EmpRes, EHC Financial and Evergreen also join in their co-

7    defendants' concurrently-filed motions to dismiss under Rule 12(b)(6).[2]  Despite

8    the special appearance of Defendants to contest personal jurisdiction, it is settled

9    practice for this court to deflect ruling on Rule 12(b)(2) motions pending a ruling

10   on a potentially case-dispositive Rule 12(b)(6) motion.  *See Kema, Inc. v*

11   *Koperwhats*, 2010 U.S. Dist. LEXIS 90790, *26 (N.D. Cal. Sept. 1, 2010) (holding

12   that granting of Rule 12(b)(6) motion mooted consideration of Rule 12(b)(2)

13   motion).

14   ## II.   <u>RELEVANT FACTS</u>

15        Plaintiff's FAC asserts, as the sole basis for this Court's jurisdiction, that

16   during the class period, Defendants "regularly conducted business in the State of

17   California and – either directly or through [their] wholly-owned subsidiaries and/or

18   affiliated companies – owned, leased, licensed, operated, administered, managed,

19   directed, and/or controlled skilled nursing facilities in California."[3]  (FAC, ¶¶ 18,

20   _____

21   [2] A motion to dismiss pursuant to Rule 12(b)(6) is being filed concurrently by
     defendant Evergreen at Lakeport, L.L.C.  A second motion to dismiss pursuant to
     Rule 12(b)(6) is also being concurrently filed by defendants EmpRes HealthCare,
22   Inc., EHC Management, L.L.C., EHC Financial Services, L.L.C., and Evergreen
     California Healthcare, L.L.C.  A third motion to dismiss pursuant to Rule 12(b)(6)
23   or, in the alternative motion to strike pursuant to Rule 12(f), is being filed by all
     defendants.  Thus, in the alternative, and without waiving any rights or their
24   contention that personal jurisdiction is improper, Defendants hereby move for
     dismissal of the FAC pursuant to Rule 12(b)(6).

25   [3] In the FAC, the "Facilities" are defined as Evergreen at Lakeport, L.L.C.,
     Evergreen at Arvin, L.L.C., Evergreen at Bakersfield, L.L.C., Evergreen at Springs
26   Road, L.L.C., Evergreen at Chico, L.L.C., Evergreen at Heartwood Avenue, L.L.C.,
     Evergreen at Tracy, L.L.C., Evergreen at Gridley (SNF), L.L.C., Evergreen at
27   Petaluma, L.L.C., Evergreen at Oroville, L.L.C. and Evergreen at Fullerton, L.L.C.
     (FAC, ¶ 34.)  As stated previously, all entities besides Evergreen Lakeport are not
28   properly before this Court for the reasons set forth in the concurrently filed Motion

2

19, 21.)  Plaintiff further alleges, in general terms, that "each defendant has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market through participation in skilled nursing facilities located in California, derivation of substantial revenues from California, and other activities, so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice."  (FAC, ¶ 48.)

As to the moving Defendants, these allegations are false.  The Defendants bringing this Motion, namely EmpRes, EHC Financial and Evergreen, do not license, administer, operate, manage or supervise *any* nursing homes in the State of California.  No officers or employees of any of the Defendant entities make decisions regarding staffing at the Facilities.  (Declaration of Dale Patterson ("Patterson Decl.") ¶ 16.)  To the contrary, each Facility is an independent Washington limited liability company, individually licensed and regulated by California's Office of Statewide Health Planning and Development ("OSHPD").  The limited liability company membership units of the licensed operator of each Facility are owned 100% by Evergreen.  (Patterson Decl. ¶ 15.)

### Evergreen

Evergreen, which has never had any employees, is a holding company with no property other than limited liability company membership units in the subsidiary operating companies.  (Patterson Decl. ¶ 12.)  Evergreen does not transact or participate in business in California.  (Patterson Decl. ¶ 17.)  Evergreen has never maintained an office in California, does not own or possess any real or personal property and has never held any mortgages or liens in California, has never maintained a California account at any bank or depository institution, has never had a telephone listing in California, has never had officers in California, and has never incurred or paid income or property taxes in California.  (Patterson Decl. ¶ 13.)

to Dismiss or Strike First Amended Complaint as Filed in Violation of the Court's May 25 Order Dismissing the "Evergreen Entities".

100% of the limited liability company membership units of Evergreen are owned by EmpRes.  (Patterson Decl., ¶ 5.)

**EHC Financial**

EHC Financial is a management and consulting company.  It's business is to provide certain limited accounting, information technology services and other specified services to EHC Management.  (Patterson Decl. ¶ 6.)  EHC Financial does not makes sales in California, does not hold any California business licenses and does not solicit or engage in business in California.  EHC Financial does not purposefully direct its business activities toward California residents nor does it specifically seek out California residents for its business.  (Patterson Decl. ¶ 7.)  EHC Financial maintains the EHC Management website, which provides certain information on EHC Management and the individual SNFs.  (Patterson Decl. ¶ 10.)  EHC Financial has never maintained an office in California, does not own or possess any real or personal property and has never held any mortgages or liens in California, has not maintained a California account at any bank or depository institution since 2002, has never had a telephone listing in California, has not had officers or employees who resided or were based in California since 2001, and has never incurred or paid income or property taxes in California.  (Patterson Decl. ¶ 8.)  The limited liability company membership units of EHC Financial are owned 100% by EmpRes.  (Patterson Decl. ¶ 5.)

**EmpRes**

EmpRes is a holding company.  It provides no services and has no employees.  (Patterson Decl. ¶¶ 2, 3.)  EmpRes has never maintained an office in California, does not own or possess any real or personal property and has never held any mortgages or liens in California, has never maintained a California account at any bank or depository institution and has never had a telephone listing in California, has never had officers in California.  (Patterson Decl. ¶ 3.)  The stock of EmpRes is owned 100% by the EmpRes Healthcare, Inc. Employee Stock

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

4

DEFENDANTS EMPRES HEALTHCARE, INC.,
ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

Ownership Trust, a Washington trust.  (Patterson Decl. ¶ 4.)

Finally, Defendants neither have consented to jurisdiction nor have they appeared in this matter, other than for the sole limited purpose of joining in the removal of the action to federal court.  (Patterson Decl. ¶ 21.)

## III.   ARGUMENT

Traditionally, a California district court may exercise jurisdiction over a defendant if the defendant: (a) is personally served while physically present in California, (b) is domiciled within the State, or (c) consents to or appears in the action.  *See Burnham v. Superior Court*, 495 U.S. 604, 609 (1990); *see also Metro-Goldwyn-Mayer Inc. v. Grokster, Ltd.*, 243 F.Supp.2d 1073, 1082 (C.D. Cal. 2003). Based on California's long-arm statute, a district court also may exercise jurisdiction over a defendant that has sufficient minimum contacts with California. *See* Fed. R. Civ. P. 4(k)(1)(A); Cal. Code Civ. Proc. § 410.10; *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  None of these bases for personal jurisdiction exist with respect to Defendants.  Accordingly, this Court should grant the instant motion and dismiss the FAC against Defendants.

### A.   Plaintiff Bears the Burden to Prove Facts Establishing Jurisdiction Over Defendants.

The plaintiff has the burden of establishing the court's personal jurisdiction over a defendant.  *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).  In response to a challenge to the existence of personal jurisdiction, the plaintiff must make a *prima facie* showing of jurisdiction based upon admissible evidence in the form of declarations and authenticated documentary evidence.  *See Data Disc, Inc. v. Systems Technology Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).  Plaintiff's FAC does not set forth any specific contacts that EmpRes, EHC Financial or Evergreen have in California, nor could it do so.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

5

DEFENDANTS EMPRES HEALTHCARE, INC.,
ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

### B.     The Three Traditional Bases for Jurisdiction Are Not Present Here.

Defendants are not subject to personal jurisdiction under any of the three traditional bases for jurisdiction: (a) personal service on persons physically present in California, (b) domicile within the State, or (c) consent to or appearance in the action. *See Burnham*, 495 U.S. at 609.

*First*, Defendants were not personally served with the summons in California in a way that conferred jurisdiction over them.  As a courtesy to Plaintiff's counsel, Defendants' then counsel, Kathleen Walker, agreed to accept service on behalf of all parties named in the original Complaint, including Defendants.  However, Ms. Walker sent Plaintiff's counsel a letter with the Acknowledgements of Receipt wherein she confirmed the need for Defendants to preserve any and all jurisdictional challenges, and hence Ms. Walker's acceptance of service did not waive Defendants' rights to later assert a lack of personal jurisdiction.[4]  (Patterson Decl. ¶ 20.)

*Second*, Defendants are not domiciled within California.  A corporation is deemed a citizen of both the state in which it was incorporated and of the state in which it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Here, Defendants are a Washington corporation and two Washington limited liability companies, all with principal places of business in the State of Washington. (Patterson Decl. ¶¶ 2, 6, 11).  Thus, Defendants are not domiciled in the State of California.

---

[4] To that end, Ms. Walker added the following language to the Acknowledgement of Receipt for Defendants:  "The parties signing below do not consent to personal jurisdiction and reserve the right to contest personal jurisdiction.  The parties signing below have signed the Acknowledgment of Receipt in reliance on Plaintiff's agreement that plaintiffs will not use such signing as a basis to assert personal jurisdiction over the parties."  (Patterson Decl. ¶ 4, Ex. 1.)  Even without Defendants' specific reservation of rights, such service would not confer personal jurisdiction on Defendants.  *See Marriage of Meredith*, 129 Cal.App.3d 356, 362 (1982) (a non-resident's signing of an acknowledgement of service does not confer personal jurisdiction, absent a statement on the form that, by signing the document, the defendant is submitting to the jurisdiction of California courts).

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

6

DEFENDANTS EMPRES HEALTHCARE, INC.,
ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

1   *Third*, Defendants have not consented to jurisdiction nor have they appeared

2   in this action, other than for the limited purpose of removing the action to federal

3   court (Patterson Decl. ¶ 21), which does not waive the defense of personal

4   jurisdiction. *See Dielsi v. Falk*, 916 F.Supp. 985, 994 (C.D. Cal. 1996).

5   Thus, under the common law, no basis for jurisdiction exists over

6   Defendants.

7   ### C.   Defendants Do Not Have Sufficient Contacts With California to

8   ### Confer Either General or Specific Personal Jurisdiction.

9   Since personal jurisdiction over Defendants, which are non-resident entities,

10   does not otherwise exist, Plaintiff must show that Defendants had at least

11   "minimum contacts" with California, such that the exercise of jurisdiction "does not

12   offend traditional notions of fair play and substantial justice." *Dole Food Co., Inc.*

13   *v. Watts*, 303 F.3d 1104, 1110-11 (9th Cir. 2002) (quoting *International Shoe*, 326

14   U.S. at 316).  Under the minimum contacts test, an essential criterion is whether the

15   "quality and nature" of the defendant's activity is such that it is reasonable and fair

16   to require the defendant to conduct his defense in that state.  *West Corp. v. Superior*

17   *Court (Sanford)*, 116 Cal.App.4th 1167, 1172 (2004) (citations omitted).[5]

18   Applying the minimum contacts analysis, a court may obtain either general

19   or specific jurisdiction over a defendant.  *Doe v. Unocal,* 248 F.3d at 923.  As set

20   forth below, Plaintiff cannot establish either.

21   ### 1.   The Court's Jurisdiction Over Parent or Subsidiary Companies

22   ### Alone Is Insufficient to Confer Jurisdiction Over Defendants.

23   The fact that Defendants are alleged in the FAC to be affiliated in some

24   manner with other defendants which are subject to this Court's jurisdiction is

25   irrelevant to the analysis.  The mere existence of a relationship between a parent

26

27   [5] Where there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits.  *See*

28   *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

7

DEFENDANTS EMPRES HEALTHCARE, INC.,
ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

company and its subsidiaries is *not* sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum. *See Doe v. Unocal,* 248 F.3d at 925 (citing *Transure, Inc. v. Marsh and McLennan, Inc.*, 766 F.2d 1297, 1299 (9th Cir. 1985)); *see also Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984) ("jurisdiction over a parent corporation [does not] automatically establish jurisdiction over a wholly owned subsidiary"). Furthermore, Plaintiff fails to allege facts sufficient to establish, if proven, that Defendants are alter egos of the Facilities such that the acts of the Facilities in California could confer jurisdiction on Defendants. *See Unocal*, 248 F.3d at 927.

Thus, the Court may only consider Defendants' own minimum contacts, and not those of any subsidiary or affiliate, as a basis for exercising jurisdiction over Defendants.

2.   The Court Lacks General Jurisdiction Over Defendants Because They Do Not Have Substantial, Continuous and Systematic Contacts With California and Because Jurisdiction Is Not Reasonable.

None of the moving Defendants is subject to general jurisdiction in California.  General jurisdiction exists only when a defendant's activities in the state are "extensive or wide-ranging" or "substantial . . . continuous and systematic." *Bancroft & Masters, Inc. v. Augusta National Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984)); *see also Hammond v. Monarch Investors*, 2010 U.S. Dist. LEXIS 66595, at *5 (S.D. Cal. Jul. 2, 2010) ("Unless a defendant's contacts with a forum are so substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum for all purposes, a forum may exercise only 'specific' jurisdiction – that is, jurisdiction based on the relationship between the defendant's forum contacts and the plaintiff's claim").  In such a situation, there is a constitutionally sufficient relationship to warrant jurisdiction for all causes of action

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

8

DEFENDANTS EMPRES HEALTHCARE, INC.,
ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

1   against the defendant, regardless of whether the specific cause of action is

2   connected to the defendant's business activities in the forum.  *Bancroft*, 223 F.3d at

3   1086.

4         General jurisdiction exists where the defendant's contacts with the forum are

5   akin to physical presence, such as when a company operates most of its

6   administrative functions, employs most of its staff, and makes substantial purchases

7   in the forum.  *See Stone v. Advance Am. Cash Advance Centers, Inc.*, 2009 U.S.

8   Dist. LEXIS 24762, at *11 (S.D.Cal. Mar. 20, 2009).  The standard for establishing

9   general jurisdiction is "fairly high" and requires that the defendant's contacts be of

10  the sort that approximate physical presence.  *Bancroft*, 223 F.3d at 1086.

11        The exercise of jurisdiction must also be reasonable.  *Doe v. Unocal,* 248

12  F.3d at 925.  "A determination of the reasonableness of the exercise of jurisdiction

13  in a given case involves the evaluation of several factors:  the burden on the

14  defendant, the interests of the forum state, and the plaintiff's interest in obtaining

15  relief."  *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 113 (1987).

16        Defendants plainly are not subject to general jurisdiction in California.  A

17  defendant subject to general jurisdiction in the State of California is one whose

18  contacts with the forum are so substantial that they "approximate physical

19  presence."  *Bancroft*, 223 F.3d at 1086.  Defendants do not even remotely maintain

20  or approximate physical presence in California in the manner contemplated.  To

21  subject Defendants to the general jurisdiction of this Court, Plaintiff must therefore

22  establish that Defendants personally engaged in "substantial . . . continuous and

23  systematic" activities *within* the State of California.  *Id.*  She cannot do this.

24        Defendants' non-existent California "contacts" could not be classified as

25  "substantial . . . continuous and systematic."  Defendants have not (1) maintained

26  an office in California, (2) owned or possessed any real or personal property or held

27  any mortgages or liens in California, (3) had California accounts at any bank or

28

9                       DEFENDANTS EMPRES HEALTHCARE, INC.,
                        ET AL'S MOTION TO DISMISS
                        (CASE NO. C 10-05839 CW)

1    depository institution since 2002,[6] (4) had telephone listings in California, or (5)

2    had officers or employees in California since 2001.[7]   (Patterson Decl. ¶¶ 3, 8, 13.)

3         In fact, Plaintiff's only basis for asserting jurisdiction over Defendants is that

4    the collective body of various defendant entities, and certain of their subsidiaries

5    own, lease, license, administer, operate, manage, direct or control SNFs in the State

6    of California.  (FAC, ¶¶ 18, 19, 21.)  But Defendants do not license, administer,

7    operate, manage or supervise nursing homes in the State of California.  (Patterson

8    Decl. ¶ 18.)  And Evergreen's ownership of the membership units of the limited

9    liability companies that are the licensed operators of the SNFs is not sufficient.[8]

10        The present uncontroverted facts, established in Mr. Patterson's

11   accompanying declaration, make it clear that Defendants' contacts do not come

12   close to the minimum quantum needed for general jurisdiction under controlling

13   case law.  For example, in *Bancroft*, the Ninth Circuit agreed with the district court

14   that the defendant's contacts were insufficient to confer general jurisdiction over

15   the defendant.  *Bancroft*, 223 F.3d at 1086.  The Ninth Circuit noted that the

16   defendant was not registered or licensed to do business in California, paid no taxes

17   in California, maintained no bank accounts in California, had no advertising

18   targeted towards California, and maintained only a passive website (meaning

19   consumers could not use it to make purchases).  *Id.*  Though the defendant

20   occasionally sold merchandise to California residents and had license agreements

21   with two television networks and a handful of California vendors, the Ninth Circuit

22

23   [6] EHC Financial has not maintained a California account in any bank or depository institution since 2002.  EmpRes and Evergreen have never maintained any

24   California accounts.

25   [7] EHC Financial has not had employees in California since 2001.  EmpRes and Evergreen have never had officers or employees in California.

26   [8] As noted, the existence of a relationship between a parent company and its

27   subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum.  *Doe v. Unocal*, 248 F.3d at 925.  Thus, the Court may only consider Defendants' minimum contacts as

28   a basis for jurisdiction over Defendants.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

10

DEFENDANTS EMPRES HEALTHCARE, INC.,
ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

1   concluded that such limited contacts with California were insufficient to establish

2   general jurisdiction.  *Id.*

3        Here, like the defendant in *Bancroft*, Defendants are not registered to do

4   business in California[9] and maintained no accounts here since 2002.[10]  (Patterson

5   Decl. ¶¶ 3, 8, 13.)  EHC Financial uses employees in Washington to maintain a

6   passive website for EHC Management, which does not offer to sell anything online

7   or allow California residents to register to live at any of the Facilities.  The website

8   offers general information about the Facilities, but if potential residents or family

9   members want to ask specific questions about the Facilities or schedule a tour, they

10   are put in contact with the specific facility itself, or perhaps with EHC

11   Management.  (Patterson Decl. ¶ 10.)  Under *Bancroft*, this is not sufficient to

12   establish general jurisdiction.

13        Likewise, in *Unocal*, the Ninth Circuit granted a defendant's motion to

14   dismiss after determining that the defendant, Total, S.A., did not have sufficient

15   contacts with California.  Total's only alleged contacts with California were

16   through its subsidiary holding companies.  *Doe v. Unocal*, 248 F.3d at 930-31.

17   Defendants, too, have no direct contact with the State of California.  (Patterson

18

19   _____

20   [9] Qualification to do business in California does not operate to confer jurisdiction.
    An out-of-state corporation can "qualify" to do business in California by filing a
21   prescribed form with the Secretary of State and paying statutory fees.  *See* Cal.
    Corp. Code § 2105.  As part of the "qualification" process, a foreign corporation
22   must appoint a local agent for service of process (or consent to service on the
    Secretary of State, or, under the Franchise Investment Law, the Commissioner of
23   Corporations).  *See* Cal. Corp. Code §§ 2105(a)(4), (5) & 31420; Cal. Ins. Code §§
    1610–1611.  This is not a consent to jurisdiction: A foreign corporation's
24   designation of an agent for service of process in California is not a submission to
    personal jurisdiction here – *i.e.*, although service of summons may be made on the
25   designated agent, the action cannot be maintained against a foreign corporation
    absent minimum contacts with California.  *See Gray Line Tours of Southern
26   Nevada v. Reynolds Electrical & Engineering Co., Inc*., 193 Cal.App.3d 190, 193–
    194 (1987) (no personal jurisdiction found because defendant did not have
27   sufficient contacts with the State of California); *Thomson v. Anderson*, 113
    Cal.App.4th 258, 270 (2003).
28   [10] *See* footnote 6.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES                                11                DEFENDANTS EMPRES HEALTHCARE, INC.,
                                                             ET AL'S MOTION TO DISMISS
                                                             (CASE NO. C 10-05839 CW)

Decl. ¶¶ 18, 19.)  Their only connection with California is through the Facilities located there.

Therefore, Defendants lack the contacts in California required to establish general jurisdiction and jurisdiction is not reasonable.

3. <u>The Court Lacks Specific Jurisdiction Over Defendants Because They Have Not Purposefully Availed Themselves of the Privileges of Conducting Activities in California, Plaintiff's Claims Do Not Arise Out of Defendants' Contacts With California, and the Exercise of Jurisdiction Is Not Reasonable</u>.

Defendants also lack the contacts in California required to establish specific jurisdiction.  In contrast to general jurisdiction, a court may exercise specific jurisdiction over a defendant if the cause of action itself arises out of or has a substantial connection to the defendant's contacts with California.  The Ninth Circuit has applied a three-part test – and the plaintiff must demonstrate that the defendant meets each prong – to determine whether the assertion of specific jurisdiction comports with due process.  *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).  Here, none of the three conjunctive prongs is satisfied.

*First*, to be subject to specific jurisdiction, the defendant must have taken steps to "purposefully avail" itself of the privileges of conducting activities in the forum state, thereby invoking the benefits and protections of the forum and having "fair warning" that a particular activity may subject it to jurisdiction.  *Corporate Inv. Business Brokers v. Melcher*, 824 F.2d 786, 788 (9th Cir. 1987).  Purposeful availment is demonstrated when the defendant has taken deliberate action within the forum state or created continuing obligations to residents of the forum state. *Burger King v. Rudzewicz*, 471 U.S. 462, 475-76 (1985).  A defendant need not be physically present within the forum state, provided its efforts are purposefully directed towards forum residents.  *Ballard*, 65 F.3d at 1498.

*Second*, the claim must arise out of or result from the defendant's forum-related activities.  *Id.*  A claim "arises out of" the defendant's forum-related

1   activities if the injury to the plaintiff would not have occurred "but for" the

2   defendant's activities.  *Id.*

3        *Third*, the assertion of jurisdiction must be reasonable.  *Id.*  In considering

4   reasonableness, courts balance several factors to determine whether the asserted

5   jurisdiction comports with "fair play and substantial justice."  *Id.*

6        Plaintiff has the burden of establishing the first two elements.  *See SDS*

7   *Korea Co. v. SDS USA, Inc.*, 2010 U.S. Dist. LEXIS 80223, at *33 (S.D. Cal. Aug.

8   4, 2010).

9                          a.      Purposeful Availment

10       Plaintiff must satisfy the first prong by demonstrating that the defendant

11  "purposefully directed" its conduct toward the forum state, or "purposefully

12  availed" itself of the privilege of doing business in that state.  *SDS Korea Co.*, 2010

13  U.S. Dist. LEXIS 80223, at *32.  The defendant's intent must be "to perform an

14  actual, physical act in the real world, rather than an intent to accomplish a result or

15  consequence of that act."  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d

16  797, 806 (9th Cir. 2004).

17       In *Burger King*, the United States Supreme Court extensively discussed the

18  level of "purposeful availment" that must be demonstrated before a court may

19  constitutionally exercise personal jurisdiction over a nonresident defendant:

20          The unilateral activity of those who claim some
21          relationship with a nonresident defendant cannot satisfy
            the requirement of contact with a forum State.  The
22          application of that rule will vary with the quality and
            nature of the defendant's activity, *but it is essential in*
23          *each case that there be some act by which the defendant*
            *purposefully avails itself of the privilege of conducting*
24          *activities within the forum State, thus invoking its benefits*
            *and protections of its laws.*

25  *Burger King*, 471 U.S. at 474-75 (citing *Hanson v. Denckla*, 357 U.S. 235, 253

26  (1958) (emphasis added)).  The Supreme Court pointed out that the "purposeful

27  availment" requirement ensures that a defendant will not be haled into a jurisdiction

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

13

DEFENDANTS EMPRES HEALTHCARE, INC.,
ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

1   solely as a result of "fortuitous" or "attenuated" contacts.  *Id*. at 475.

2       "'[A]bsent some form of 'purposeful availment,' the fact a defendant's

3   conduct in the forum state has some relationship to the causes of action asserted in

4   the lawsuit, cannot, in and of itself, render jurisdiction reasonable.'"  *Edmunds v.*

5   *Superior Court (Ronson)*, 24 Cal.App.4th 221, 231 (1994) (citation omitted).

6   Specific jurisdiction over a nonresident defendant requires a substantial nexus

7   between the plaintiff's alleged claim and the defendant's activities *within* the state:

8         [T]he cause of action must arise out of an act done or

9         transaction consummated in the forum, or defendant must
      perform some other act by which he purposefully avails

10        himself of the privilege of conducting activities in the
      forum, thereby invoking the benefits and protections of its

11        laws.

12  *Vons Cos., Inc. v. Seabest Foods, Inc.*, 14 Cal.4th 434, 448 (1996), *cert. denied sub*

    *nom. Washington Restaurant Mgm't v. Vons Cos., Inc.*, 522 U.S. 808 (1997).
13
        Defendants' conduct does not remotely rise to the requisite standard.
14
    Defendants have not purposefully availed themselves of any benefit of the laws of
15
    the State of California such that they would reasonably expect to be haled into court
16
    here.  Again, Defendants have not (1) maintained an office in California, (2) owned
17
    or possessed any real or personal property or held any mortgages or liens in
18
    California, (3) had California accounts at any bank or depository institution since
19
    2002,[11] (4) had telephone listings in California, or (5) had officers or employees in
20
    California since 2001.[12]  (Patterson Decl. ¶¶ 3, 8, 13.)  Defendants conduct no
21
    activity in California and they certainly have done nothing to *purposefully* avail
22
    themselves of California privileges by invoking this state's benefits and protections.
23
            b.    Forum-Related Activities
24
        Plaintiff also cannot establish that her claims arise out of or result from
25
    Defendants' forum-related activities.  A claim "arises out of" the defendant's
26

27  [11] *See* footnote 6.

28  [12] *See* footnote 7.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

14

DEFENDANTS EMPRES HEALTHCARE, INC.,
ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

1   forum-related activities if the injury to the plaintiff would not have occurred "but

2   for" the defendant's activities.  *Ballard*, 65 F.3d at 1500.  In this case, even if

3   Plaintiff had suffered an injury, and Defendants contend she did not, the claims

4   alleged in the FAC could not have occurred "but for" Defendants' activities in

5   California, because Defendants conduct no activity in California.  In addition,

6   because Defendants do not license, administer, operate, manage or supervise any

7   SNF in California (Patterson Decl. ¶¶ 18, 19), they could not be the cause of any

8   injuries alleged in the FAC.

9                           c.      Reasonableness

10          Finally, though the Court need not reach the third prong of the specific

11   jurisdiction test because Plaintiff cannot establish either of the first two prongs

12   against Defendants, specific jurisdiction over Defendants also fails under the third

13   prong of the test because the assertion of jurisdiction over Defendants in California

14   is not reasonable.  In analyzing reasonableness, the Ninth Circuit considers seven

15   factors:

16                  (1) the extent of the defendant's purposeful interjection;

17                  (2) the burden on the defendant of defending in the forum;

18                  (3) the extent of conflict with the sovereignty of the defendant's state;

19                  (4) the forum state's interest in adjudicating the dispute;

20                  (5) the most efficient judicial resolution of the controversy;

21                  (6) the importance of the forum to the plaintiff's interest in convenient

22                  and effective relief; and

23                  (7) the existence of an alternate forum.

24   *Dole*, 303 F.3d at 1114.

25          A balancing of the factors shows that it is not reasonable to exercise

26   jurisdiction over Defendants, because Defendants have no presence in California.

27   They do not do business in California and do not have any offices or staff in

28   California.  It would be a burden for Defendants to defend a lawsuit in California,

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

15

DEFENDANTS EMPRES HEALTHCARE, INC.,
ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)

1   and there exist alternate forums where Defendants are subject to jurisdiction (for

2   example, the State of Washington, where each has its principal place of business).

3   Therefore, Plaintiff also fails to satisfy the final prong of the specific jurisdiction

4   test because jurisdiction over Defendants in California is unreasonable.

### IV.   CONCLUSION

For all of the foregoing reasons, Defendants respectfully requests that the Court grant their Motion to Dismiss.

Dated:  June 22, 2011                Respectfully submitted,

MANATT, PHELPS & PHILLIPS


By:  /s/ Barry S. Landsberg


WROTEN & ASSOCIATES, INC.
KIPPY WROTEN (Bar No. CA 134325)
E-mail: kwroten@wrotenlaw.com
LAURA K. SITAR (Bar No. CA 195806)
E-mail: lsitar@wrotenlaw.com
REGINA CASEY (Bar No. CA 213895)
E-mail: rcasey@wrotenlaw.com
20 Pacifica Ste 1100
Irvine, CA 92618
Telephone:  (949) 788-1790
Facsimile:   (949) 788-1799

*Attorneys for Specially Appearing Defendants* EMPRES HEALTHCARE, INC.; EHC FINANCIAL SERVICES, L.L.C. AND EVERGREEN CALIFORNIA HEALTHCARE, L.L.C.

300292938.1

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

16

DEFENDANTS EMPRES HEALTHCARE, INC.,
ET AL'S MOTION TO DISMISS
(CASE NO. C 10-05839 CW)