MANATT, PHELPS & PHILLIPS, LLP
BARRY S. LANDSBERG (Bar No. CA 117284)
E-mail:  blandsberg@manatt.com
BRAD W. SEILING (Bar No. CA 143515)
E-mail:  bseiling@manatt.com
ANDREW H. STRUVE (Bar No. CA 200803)
E-mail:  astruve@manatt.com
JESSICA J. SLUSSER (Bar No. CA 217307)
E-mail:  jslusser@manatt.com
JUSTIN C. JOHNSON (Bar No. CA 252175)
E-mail:  jjohnson@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA  90064-1614
Telephone:  (310) 312-4000
Facsimile:  (310) 312-4224

DAVID L. SHAPIRO (*Pro Hac Vice*)
E-mail:  dshapiro@law.harvard.edu
1563 Mass. Ave.
Cambridge, MA  02138
Telephone:  (617) 495-4618
Facsimile:  (617) 495-1950

[Additional Counsel Appear on Signature Page]

*Attorneys for Defendant* EHC MANAGEMENT, L.L.C.
*and Speciallly Appearing Defendants*
EMPRES HEALTHCARE, INC.; EHC FINANCIAL
SERVICES, L.L.C.; EVERGREEN CALIFORNIA
HEALTHCARE, L.L.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Phyllis Wehlage, on her behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EmpRes Healthcare, Inc., *et al.*,<br><br>Defendants. | No.  C 10-05839 CW<br><br>**DEFENDANTS EMPRES HEALTHCARE, INC. *ET AL*.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date:  N/A<br>Judge:          Hon. Claudia Wilken |

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:  PLEASE TAKE NOTICE** that defendants EmpRes Healthcare, Inc.; EHC Management, L.L.C.; EHC Financial Services, L.L.C.; and Evergreen California Healthcare, L.L.C. (collectively, "EmpRes Entities")[1] hereby move to dismiss with prejudice plaintiff Phyllis Wehlage's ("Plaintiff") First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6).  Pursuant to the Court's Order dated May 25, 2011 granting in part and denying in part Defendants' motion to dismiss (*Wehlage v. EmpRes Healthcare, Inc., et al.*, 2011 WL 2066625, at *11 (N.D. Cal. May 25, 2011) (Docket No. 46), the "Dismissal Order"), the Court will decide this motion without a hearing.

This Motion seeks dismissal of the FAC without leave to amend, on the ground that it fails to state a claim as a matter of law for alleged violations of: (1) California Health & Safety Code Section 1430(b); (2) California Business & Professions Code Sections 17200 *et seq.*; and (3) California Civil Code Sections 1750 *et seq.*  The EmpRes Entities also provisionally move the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint for failure to state a claim by joining the motion to dismiss concurrently filed by Evergreen at Lakeport, L.L.C.

This motion will be based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, all other pleadings and papers filed in this action, and any additional argument that may be presented to the Court.

---

[1] EmpRes Healthcare, Inc.; EHC Financial Services, L.L.C. and Evergreen California Healthcare, L.L.C. are specially appearing in this motion.  These defendants have also filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.  Despite the special appearance of these defendants to contest personal jurisdiction, it is settled practice for this court to deflect ruling on Rule 12(b)(2) motions pending a ruling on a potentially case-dispositive Rule 12(b)(6) motion.  *See Kema, Inc. v. Koperwhats,* 2010 U.S. Dist. LEXIS 90790, at *26 (N.D. Cal. Sep. 1, 2010) (holding that granting of Rule 12(b)(6) motion mooted consideration of Rule 12(b)(2) motion).

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS EMPRES ENTITIES'
MOTION TO DISMISS FAC
(CASE NO. C 10-05839 CW)

1

2    Dated:  June 22, 2011              Respectfully Submitted,

3                                       MANATT, PHELPS & PHILLIPS

4

5                                       By:  /s/ Barry S. Landsberg
                                               Barry S. Landsberg
6

7                                       *Attorneys for Defendant* EHC MANAGEMENT,
                                        L.L.C., *and Specially Appearing Defendants*
8                                       EMPRES HEALTHCARE, INC.; EHC
                                        FINANCIAL SERVICES, L.L.C.;
9                                       EVERGREEN CALIFORNIA HEALTHCARE,
                                        L.L.C.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS EMPRES ENTITIES'
MOTION TO DISMISS FAC
(CASE NO. C 10-05839 CW)

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ....................................................................................... 1

II. LEGAL ARGUMENT ................................................................................ 3

    A.  Washington Law Governs the Alter Ego Analysis ................................ 4

        1.  The California Corporations Code Provides That Washington Law Governs Questions Of Governance and Liability For Limited Liability Companies Formed In Washington, Which Means Washington Alter Ego Principles Must Apply In This Case ........................................... 4

        2.  The California Governmental Interests Analysis Also Dictates That Washington Alter Ego Law Applies to All EmpRes Entities .................................................................. 5

            a.  Washington and California Alter Ego Law Differ ........... 6

            b.  A "True Conflict" Does Not Exist Between Washington and California Alter Ego Law Because California Lacks Any Interest In Applying its Alter Ego Law in This Case ...................................... 7

            c.  Washington's Interests Would be More Impaired if its Alter Ego Liability Principles Were Subordinated to California's ......................................... 9

    B.  Plaintiff's Alter Ego Allegations Fail to Satisfy Washington's Strict Two-Prong Test ....................................................................... 10

        1.  Plaintiff Has Failed to Sufficiently Allege the First Prong of Alter Ego Liability Under Washington Law ....................... 11

        2.  Plaintiff Has Failed to Sufficiently Allege the Second Prong of Alter Ego Liability Under Washington Law ............. 12

    C.  In The Alternative, Plaintiff Has Also Failed to State Sufficient Allegations to Establish Alter Ego Liability Under California Law ................................................................................................ 14

        1.  Plaintiff Has Failed to Sufficiently Allege A Unity of Interest for Under California Law. ....................................... 14

        2.  Plaintiff Has Failed to Sufficiently Allege That an Injustice Will Result From Recognizing the Separate Existence of Each Separately Formed Entity Defendant Under California Law ............................................................ 16

III. CONCLUSION ......................................................................................... 17

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

-i-

DEFENDANTS EMPRES ENTITIES'
MOTION TO DISMISS FAC
(CASE NO. C 10-05839 CW)

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Associated Vendors, Inc. v. Oakland Meat Co.,*
   210 Cal.App.2d 825 (1962) .................................................................. 17

*Bernhard v. Harrah's Club,*
   16 Cal.3d 313 (1976) ............................................................................ 9

*Butler v. Adoption Media, L.L.C.,*
   486 F.Supp.2d 1022 (N.D. Cal. 2007) ................................................ 4, 5

*Calvert v. Huckins,*
   875 F.Supp. 674 (E.D.Cal. 1995) ...................................................... 15

*Comm. Nat'l. Bank v. Fidelity and Deposit Co. of Maryland*
   563 F.2d 1319 (9th Cir. 1977) ............................................................ 10

*CTS Corp. v. Dynamics Corp. of Amer.,*
   481 U.S. 69 (1987) ................................................................................ 7

*Doe v. Unocal Corp.,*
   248 F.3d 915 (9th Cir. 2001) .......................................................... 15, 16

*Eagle Pacific Ins. Co. v. Christensen Motor Yacht Corp.,*
   85 Wash. App. 695 (1997) ............................................................... 2, 10

*Gall Landau Young Constr. Co. v. Hedreen,*
   63 Wash. App. 91 (1991) .................................................................... 12

*Hurtado v. Superior Court,*
   11 Cal.3d 574 (1974) ........................................................................ 7, 9

*Kalb, Voorhis & Co. v. American Financial Corp.,*
   8 F.3d 130 (2d Cir. 1993) .................................................................... 10

*Kearney v. Salomon Smith Barney, Inc.,*
   39 Cal.4th 95 (2006) .................................................................... 6, 7, 9

*Kema, Inc. v. Koperwhats,*
   2010 U.S. Dist. LEXIS 90790 (N.D. Cal. Sep. 1, 2010) ................. 14, 16

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS EMPRES ENTITIES'
MOTION TO DISMISS FAC
(CASE NO. C 10-05839 CW)

-i-

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Leek v. Cooper*,
194 Cal.App.4th 399 (2011) ............................................................................. 17

*Liew v. Official Receiver & Liquidator*,
685 F.2d 1192 (9th Cir. 1982) ........................................................................... 6

*Maganallez v. Hilltop Lending Corp.*,
505 F.Supp.2d 594 (N.D. Cal. 2007) ............................................................... 16

*McNall v. Tatham*,
676 F.Supp. 987 (C.D. Cal. 1987) ..................................................................... 5

*Meisel v. M&N Modern Hydraulic Press Company*,
97 Wash. 2d. 403 (1982) .......................................................................... passim

*Mid-Century Ins. Co. v. Gardner*,
9 Cal.App.4th 1205 (1992) .............................................................................. 17

*Minton v. Ralston Purina Co.*,
47 Wash. 2d 385 (2002) ....................................................................... 6, 10, 11

*Morgan v. Burks*,
93 Wash. 2d 580 (1980) .................................................................................. 12

*Neilson v. Union Bank of California*,
290 F.Supp.2d 1101 (C.D. Cal. 2003) .............................................................. 16

*Norhawk Investments, Inc. v Subway Sandwich Shops, Inc.*,
61 Wash. App. 395 (1991) .................................................................... 11, 12, 13

*One Pac. Towers Homeowners' Ass'n v. HAL Real Estate Invs., Inc.*,
108 Wash. App. 330 (2001) ............................................................................. 11

*People v. Pacific Landmark, L.L.C.*,
129 Cal.App.4th 1203 (2005) ............................................................................ 8

*Reich v. Purcell*,
67 Cal.2d 551 (1967) ..................................................................................... 7, 9

*Royal Indem. Group, Inc. v. Traveler's Indem. Co.*,
2005 U.S. Dist. LEXIS 32467 (N.D. Cal. 2005) ................................................ 4

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

-ii-

DEFENDANTS EMPRES ENTITIES'
MOTION TO DISMISS FAC
(CASE NO. C 10-05839 CW)

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Six Companies of Cal. v. Joint Highways Dist. No. 13*
   311 U.S. 180 (1940) ............................................................... 10

*Sonora Diamond Corp. v. Superior Court,*
   83 Cal.App.4th 523 (2000) ............................................ 7, 14, 15, 16

*Southern Pacific Transp. Co. v. United States,*
   462 F.Supp. 1193 (E.D. Cal. 1978) ..................................... 5

*Troyk v. Farmers Group, Inc.,*
   171 Cal.App.4th 1305 (2009) ............................................. 14

*Truckweld Equip. Co. v. Olson,*
   26 Wash. App. 638 (1980) ........................................... 10, 12

*VirtualMagic Asia, Inc.,*
   99 Cal.App.4th 228, 245 (2002) .......................................... 16

**STATUTES**

Cal. Corp. Code § 17450 (a) .......................................... 2, 5, 8

Rev. Code Wash. § 25.15.060 ........................................... 7

Rev. Code Wash. § 25.15.125 ........................................... 7

300292006.4

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

-iii-

DEFENDANTS EMPRES ENTITIES'
MOTION TO DISMISS FAC
(CASE NO. C 10-05839 CW)

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff's additional factual allegations fail to establish any basis for liability against the "EmpRes Entities," as the Court referred to them in its May 25, 2011 Dismissal Order granting the EmpRes Entities' motion to dismiss, with leave to amend.[2]  The EmpRes Entities were corporate parents (or parents of parents) of Evergreen at Lakeport L.L.C. ("Evergreen Lakeport"), the facility where Plaintiff Wehlage resided.

Plaintiff's first amended complaint ("FAC") still contains no allegations of any direct dealings between Plaintiff and any of the EmpRes Entities, or conduct by the EmpRes Entities that caused her alleged harm.  Plaintiff instead seeks to hold the EmpRes Entities liable as purported alter egos of Evergreen Lakeport. Plaintiff's allegations fail to satisfy the strict requirements for imposing alter ego liability under Washington law.  The Court should grant the EmpRes Entities' motion to dismiss, this time with prejudice.

In their prior motion, the EmpRes Entities discussed both California and Washington alter ego law but took no position as to which law applied.  The Court applied California's more lenient alter ego doctrine and still found Plaintiff's allegations deficient.  The Court now should apply Washington's alter ego law to Plaintiff's allegations, because California's choice of law principles, which govern the Court's choice of law analysis, dictate that Washington's alter ego law applies.

In this case, a California statute expressly addresses and resolves the choice of law question.  The California Corporations Code expressly provides that the law of a foreign limited liability company's state of organization "govern[s] its organization and internal affairs and the liability and authority of its managers and members."  Cal. Corp. Code § 17450(a).  Thus, Washington law governs the

---

[2] The EmpRes Entities are Empres Healthcare, Inc.; EHC Management, L.L.C.; EHC Financial Services, L.L.C.; and Evergreen California Healthcare, L.L.C.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

1

DEFENDANTS EMPRESS ENTITIES'
MOTION TO DISMISS FAC
(CASE NO. C 10-05839 CW)

1    questions related to the purported alter ego liability of the three Washington limited

2    liability companies – EHC Management, L.L.C.; EHC Financial Services, L.L.C.;

3    and Evergreen California Healthcare, L.L.C.

4         With respect to EmpRes Healthcare, Inc., a Washington corporation, the

5    Court should apply California's three-part governmental interest test to determine

6    which state's law to apply to the alter ego analysis.  Applying that test dictates that

7    Washington law should apply to determine the potential alter ego liability of a

8    Washington corporation.

9         The Court has acknowledged that "California's alter ego doctrine ... is more

10   lenient than Washington's."  *See* Dismissal Order at fn. 4.  Under Washington law,

11   "[d]isregarding the corporate form or 'piercing the corporate veil' is an equitable

12   remedy *imposed only in exceptional circumstances*."  *Eagle Pacific Ins. Co. v.*

13   *Christensen Motor Yacht Corp.,* 85 Wash. App. 695, 708 (1997) (emphasis added).

14        Plaintiff's allegations fail to satisfy Washington's strict requirements for

15   imposing alter ego liability.  Under Washington law, a party seeking to disregard

16   the corporate form must plead and prove that the corporation *intentionally* used the

17   corporate form to violate or evade a duty.  *Meisel v. M&N Modern Hydraulic Press*

18   *Company*, 97 Wash. 2d. 403, 410 (1982).  In addition, the alleged abuse of the

19   corporate form must have been the *proximate cause* of the harm to the party

20   seeking to disregard the corporate form.  *Id.*

21        There is no allegation that the EmpRes Entities intentionally used the

22   corporate form to violate or evade a duty.  Plaintiff also fails to allege that the

23   alleged abuse of the corporate form caused her injuries, which allegedly stem from

24   Evergreen Lakeport's failure to comply with a regulatory law imposing aggregate

25   minimum hours requirements for nursing care provided to all residents of the

26   Evergreen Lakeport facility.  As the Defendants have noted without controversy,

27   Plaintiff is a putative private attorney general, whose claim would be the same had

28   she resided for only 24 hours at Evergreen Lakeport, without adverse consequence

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

2

DEFENDANTS EMPRES ENTITIES'
MOTION TO DISMISS FAC
(CASE NO. C 10-05839 CW)

to her.  She alleges no claim for relief for any individual or resident-specific injury to herself or anyone else, and the few things alleged are not tethered to an alleged abuse of the corporate form.

Plaintiff also comes up short under California's more lenient alter ego law. Her new allegations speak to nothing more than legitimate and appropriate business dealings between parent and subsidiary entities.  She should not be allowed to condemn the lawful governance and structure of highly regulated long term care providers just to suit her claims about one service item provided by a single licensed provider of nursing home services.

Plaintiff has had two tries to allege facts sufficient to impose alter ego liability on the EmpRes Entities.  Plaintiff's allegations fail to rise to the level of intentional abuse of the corporate form.  The Court should grant the EmpRes Entities' motion to dismiss without further leave to amend.

## II.   <u>LEGAL ARGUMENT</u>

The Court allowed Plaintiff "leave to amend to plead facts showing [the EmpRes Entities] are alter egos of Evergreen Lakeport."  Dismissal Order at *11. Plaintiff flouted that Order, adding two new defendants, ten new plaintiffs and asserting unauthorized claims against ten other Evergreen Entities[3] that the Court already dismissed without leave to amend.  Plaintiff apparently hopes to gain a false legal momentum by violating the Court's Order and lumping together her allegations concerning Evergreen Lakeport and all of the other Evergreen Entities, as though everyone is properly before the Court.  In fact, Evergreen Lakeport is the only Defendant whose prior motion to dismiss was not granted entirely.

Consistent with the Court's Dismissal Order, this motion focuses on the alter ego allegations as they relate to Evergreen Lakeport and the EmpRes Entities.[4]

---

[3] The EmpRes Entities will use the nomenclature that the Court used in its Dismissal Order to refer to the various groups of Defendants.
[4] The EmpRes Entities also join in the motion to dismiss filed concurrently by Evergreen Lakeport.

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

3

DEFENDANTS EMPRES ENTITIES'
MOTION TO DISMISS FAC
(CASE NO. C 10-05839 CW)

1    Only a single paragraph of Plaintiff's new allegations specifically describes the

2    relationship between any of the EmpRes Entities and Evergreen Lakeport.  (*See*

3    FAC, ¶ 38(d), which describes an alleged "Inter-Company Cash transfer of $90,766

4    to Evergreen at Lakeport from Evergreen Healthcare.")  As she did in her original

5    complaint, Plaintiff generically refers to all of the Evergreen Entities, including

6    Evergreen Lakeport, as "the Facilities," and makes general allegations about the

7    EmpRes Entities' (usually treated as a group) relationship with "the Facilities" (also

8    treated as a group).  Even assuming that such generic allegations apply to the

9    relationship between Evergreen Lakeport and the EmpRes Entities, Plaintiff's

10   allegations fall far short of alleging a basis for alter ego liability.

11        A.    <u>Washington Law Governs the Alter Ego Analysis.</u>

12        Before it can evaluate the sufficiency of Plaintiff's allegations, the Court first

13   must determine whether to apply Washington or California alter ego principles.

14   Federal courts sitting in diversity look to the law of the forum state when making a

15   choice of law determination.[5]  *See Butler v. Adoption Media, L.L.C.*, 486 F.Supp.2d

16   1022, 1036 (N.D. Cal. 2007).  Thus, California's choice of law rules apply.

17        **1.    The California Corporations Code Provides That**
             **Washington Law Governs Questions of Governance and**
18           **Liability for Limited Liability Companies Formed in**
             **Washington, Which Means Washington Alter Ego Principles**
19           **Must Apply In This Case.**

20        In California, the courts first look to whether there is an effective choice of

21   law by the parties or by statute.  Where a statute dictates the choice of law, the

22   Court need not engage in common law choice of law analysis.  *See Royal Indem.*

23   *Group, Inc. v. Traveler's Indem. Co.*, 2005 U.S. Dist. LEXIS 32467, *11-15 (N.D.

24   Cal. 2005) (choice of law dictated by statute controls over common law analysis);

_____

25   [5] Out of an abundance of caution, the Empres Entities note that the Dismissal Order
     cites the Class Action Fairness Act as the basis for removal of this action to federal
26   court.  *See* Dismissal Order at *7.  However, Defendants note that their Notice of
     Removal also asserted an alternative basis for removal based upon diversity
27   jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.  (*See* Docket Entry No. 1, ¶¶
     19-42, 44-45.)
28

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

4

DEFENDANTS EMPRES ENTITIES'
MOTION TO DISMISS FAC
(CASE NO. C 10-05839 CW)

1   *McNall v. Tatham*, 676 F.Supp. 987, 996 (C.D. Cal. 1987) (court refused to

2   circumvent statutory choice of law provision in favor of common law analysis);

3   *Southern Pacific Transp. Co. v. United States*, 462 F. Supp. 1193, 1195-1996 (E.D.

4   Cal. 1978) (statutory choice of law provision governs).

5        The California Corporations Code expressly provides that the law of the state

6   in which a limited liability company is organized will govern matters related to the

7   LLC's internal organization and liability:

8            The laws of the state or foreign country under which a foreign
             limited liability company is organized shall govern its
9            organization and internal affairs and the liability and authority
             of its managers and members.
10

11   Cal. Corp. Code § 17450(a).

12        Three of the EmpRes Entities (EHC Management, L.L.C.; EHC Financial

13   Services, L.L.C.; and Evergreen California Healthcare, L.L.C.) are alleged to be

14   (and in fact are) limited liability companies organized under the laws of the State of

15   Washington.  (FAC, ¶¶ 19-21.)  Alter ego is a common law principle that relates to

16   the liability of limited liability companies and their members.  Thus, Washington

17   law governs the alter ego analysis with respect to the Washington LLCs.

18        **2.        The California Governmental Interests Analysis Also
                      Dictates That Washington Alter Ego Law Applies to All
19                    EmpRes Entities.**

20        The remaining EmpRes Entity, EmpRes Healthcare, Inc., is a Washington

21   corporation.  No California statute expressly determines which state's law will

22   apply to determine the alleged alter ego liability of a foreign corporation.  In the

23   absence of a statute governing choice of law (like California Corporations Code

24   section 17450 (a)) or an effective choice of law by the parties, California applies the

25   "governmental interest" test in determining choice of law.  *See Butler*, 486

26   F.Supp.2d at 1036.  The governmental interest test involves a three-step analysis:

27            First, the court determines whether the relevant law of each of
             the potentially affected jurisdictions with regard to the
28            particular issue in question is the same or different.  Second, if

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

5

DEFENDANTS EMPRES ENTITIES'
MOTION TO DISMISS FAC
(CASE NO. C 10-05839 CW)

1   there is a difference, the court examines each jurisdiction's
2   interest in the application of its own law under the
    circumstances of the particular case to determine whether a true
3   conflict exists. Third, if the court finds that there is a true
    conflict, it carefully evaluates and compares the nature and
4   strength of the interest of each jurisdiction in the application of
    its own law to determine which state's interest would be more
5   impaired if its policy were subordinated to the policy of the
    other state, and then ultimately applies the law of the state
6   whose interest would be the more impaired if its law were not
    applied.

7   *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal.4th 95, 100 (2006) (citations and

8   quotation marks omitted); *see also Liew v. Official Receiver & Liquidator*, 685 F.2d

9   1192, 1196 (9th Cir. 1982).

10      Applying the three-step governmental interest test here establishes that

11   Washington alter ego law should apply to determine the sufficiency of Plaintiff's

12   alter ego allegations regarding EmpRes Healthcare, Inc.

13              **a.      Washington and California Alter Ego Law Differ.**

14      The difference between Washington and California alter ego law is clear.

15   For alter ego liability to apply, Washington law requires that the corporate form be

16   intentionally used to violate or evade a legal responsibility owed to another,

17   whereas California law does not; and Washington requires that the alleged misuse

18   of the corporate form caused the plaintiff's injury, whereas California does not.

19      The Washington Supreme Court has established a two-part test to determine

20   if the corporate form should be disregarded:  (1) the corporate form must be

21   intentionally used to violate or evade a duty; and (2) disregarding the corporate

22   form must be necessary and required to prevent unjustified loss to the injured party.

23   *See Meisel v. M&N Modern Hydraulic Press Company,* 97 Wash. 2d at 410 (1982);

24   *Minton v. Ralston Purina Co.*, 47 Wash. 2d 385, 398 (2002) ("an overt intention by

25   the corporation to disregard the corporate entity" is required).  The alleged abuse of

26   the corporate form must have been the proximate cause of the harm to the party

27   seeking to disregard the corporate form.  *Meisel*, 97 Wash. 2d at 410.

28      In contrast, California does not require an intention to use the corporate form

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

6

DEFENDANTS EMPRES ENTITIES'
MOTION TO DISMISS FAC
(CASE NO. C 10-05839 CW)

to violate or evade a duty.  Nor does California require that the alleged abuse of the corporate form was the cause of the injury to the party seeking to disregard the corporate form.  Instead, the California Supreme Court's two-part alter ego test requires: (1) such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and shareholder no longer exist; and (2) that an inequitable result would follow if the acts in question are treated as those of the corporation alone.  *Sonora Diamond Corp. v. Superior Court*, 83 Cal.App.4th 523, 526 (2000).

The requirements of alter ego liability differ between California and Washington law.  Thus, the first part of the governmental interest test is satisfied.

> **b.    A "True Conflict" Does Not Exist Between Washington and California Alter Ego Law Because California Lacks Any Interest In Applying Its Alter Ego Law in This Case.**

A "true conflict" exists where both states have a legitimate interest in having their law applied to the controversy.  *See Kearney,* 39 Cal.4th at 123.  If one state lacks a legitimate interest in having its law applied to the present controversy, the law of the other state governs.  *See Hurtado v. Superior Court*, 11 Cal.3d 574 (1974); *Reich v. Purcell*, 67 Cal.2d 551 (1967).

Here, Washington has an obvious interest in applying its alter ego law to a corporation formed under its laws.  Washington's interest is rooted in its goal of encouraging businesses to organize in Washington and preserving its authority to prescribe their powers and governance through uniform regulation of their internal affairs, rights, obligations, and liabilities.  Washington's alter ego doctrine espouses a public policy that honors the corporate form by limiting the liability of shareholders and members, except under narrow circumstances.  *See* Rev. Code Wash. §§ 25.15.125, 25.15.060; *see also CTS Corp. v. Dynamics Corp. of Amer.*, 481 U.S. 69, 91 (1987) ("It thus is an accepted part of the business landscape in this country for States to create corporations, to prescribe their powers, and to define the

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

7

DEFENDANTS EMPRES ENTITIES'
MOTION TO DISMISS FAC
(CASE NO. C 10-05839 CW)

1    rights that are acquired by purchasing their shares.  A State has an interest in

2    promoting stable relationships among parties involved in the corporations it

3    charters. . . .")

4         Washington necessarily has an interest in ensuring that EmpRes Healthcare

5    Inc.'s (and the LLC Defendants') rights and liabilities are governed by Washington

6    law.  This interest is magnified in this case in which Plaintiff seeks to drag the

7    EmpRes Entities into court in California.  None of the EmpRes Entities ia alleged

8    to have had any dealings in California.  Indeed, the EmpRes Entities have

9    challenged personal jurisdiction based on their lack of minimum contacts with this

10   California forum.[6]

11        In contrast, California has no apparent interest in controlling the corporate

12   governance, organization and liability of these foreign entities.  Indeed, the

13   California Legislature has expressly disclaimed an interest in applying California

14   law to the internal governance and liability of foreign limited liability companies,

15   and instead recognizes that the law of the state in which the entity is organized will

16   govern these issues.  Cal. Corp. Code § 17450(a).  The same rationale should apply

17   to corporations, because the same alter ego principles are applicable to limited

18   liability companies and corporations.  *See People v. Pacific Landmark, L.L.C.*, 129

19   Cal.App.4th 1203, 1212 (2005).  It would confound logic and common sense to

20   apply, in the same case, Washington alter ego law to Washington limited liability

21   companies and California alter ego law to a Washington corporation.  The corporate

22   form does not dictate choice of law analysis.

23        Because California does not have a legitimate interest in applying its alter

24   ego doctrine to this case, there is no true conflict between California's and

25   Washington's interest in applying their alter ego principles in this case.

26   _____

27   [6] EmpRes Healthcare, Inc.; EHC Financial Services, L.L.C. and Evergreen
     California Healthcare, L.L.C. are filing concurrently their renewed motion to
28   dismiss for lack of personal jurisdiction.  *See* Dismissal Order at n.1.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

8

DEFENDANTS EMPRES ENTITIES'
MOTION TO DISMISS FAC
(CASE NO. C 10-05839 CW)

1   Washington alter ego law applies.  *See Hurtado, supra; Reich, supra.*  No further

2   analysis is required.

3          **c.     Washington's Interests Would Be More Impaired if**
                    **Its Alter Ego Liability Principles Were Subordinated**
4                   **to Those of California.**

5          Assuming, *arguendo*, that this Court finds a true conflict, the third prong of

6   the governmental interest test still weighs in favor of applying Washington law.

7   Once a true conflict is established, the Court's final step is to "determine which

8   state's interest would be more impaired if its policy were subordinated to the policy

9   of the other state."  *Bernhard v. Harrah's Club*, 16 Cal.3d 313, 320 (1976).  The

10  law of the state whose interest would be most impaired is applied.  *Kearney*, 39

11  Cal.4th at 124.  The goal of the comparative impairment analysis is "to the extent

12  practicable, to achieve the maximum attainment of underlying purpose by all

13  governmental entities."  *Id*. (citations and quotation marks omitted).

14         If California alter ego law were applied, Washington would be deprived of

15  the ability to control the corporate governance and liability of businesses organized

16  under its laws.  As discussed above, Washington has a significant interest in

17  encouraging businesses to organize under its laws and to establish uniform rules for

18  their internal governance and liability.  Subjecting the EmpRes Entities to alter ego

19  liability under California law would undermine this interest.  This is particularly so

20  in this case, where the EmpRes Entities are not alleged to have had any dealings in

21  California.  Such a precedent might also deter Washington entities from doing

22  business in California, which would harm both states.

23         In contrast, there would be minimal, if any, impairment of California's

24  interests if Washington law were applied.  Applying Washington alter ego law does

25  not leave Plaintiff without a remedy.  Plaintiff can still pursue claims against

26  Evergreen Lakeport – the only facility in which she resided, and the only defendant

27  with which she had direct dealings.  She also is free to argue her claims against the

28  EmpRes Entities under Washington alter ego law, which this Court can decide.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

9

DEFENDANTS EMPRES ENTITIES'
MOTION TO DISMISS FAC
(CASE NO. C 10-05839 CW)

Evaluating Plaintiff's alter ego allegations under Washington law strikes the appropriate balance.  It serves Washington's interest in controlling the corporate governance and liability of those entities organized under its laws, and avoids creating a deterrent for Washington entities to do business in California.  At the same time, it satisfies California's interest in providing its consumers with an avenue of redress by permitting Plaintiff to pursue her direct claims against Evergreen Lakeport, and also to attempt to hold the EmpRes Entities derivatively liable, to the extent she can plead and establish the required elements of alter ego liability under Washington law.  The governmental interest analysis dictates that Washington alter ego law apply to the EmpRes Entities.  *See Kalb, Voorhis & Co. v. American Financial Corp.*, 8 F.3d 130, 132 (2d Cir. 1993) (applying governmental interest analysis to hold the law of the state of incorporation governs alter ego analysis; "Because a corporation is a creature of state law whose primary purpose is to insulate shareholders from legal liability, the state of incorporation has the greater interest in determining when and if that insulation is to be stripped away.").

## B.   Plaintiff's Alter Ego Allegations Fail to Satisfy Washington's Strict Two-Prong Test.

In Washington, "[d]isregarding the corporate form or 'piercing the corporate veil' is an equitable remedy *imposed only in exceptional circumstances*."  *Eagle Pacific Ins. Co. v. Christensen Motor Yacht Corp.,* 85 Wash. App. at 708 (emphasis added); *see also Truckweld Equip. Co. v. Olson*, 26 Wash. App. 638, 644 (1980).[7] Washington courts adhere to the corporate form and do not "disregard[] the separate corporate identities unless a fraud is being worked on a third party."

---

[7] Decisions of Washington state appellate courts control the application of Washington state law.  *See, e.g., Six Companies of Cal. v. Joint Highways Dist. No. 13*, 311 U.S. 180, 188  (1940) (holding that announcement of state law by an intermediate appellate state court must be accepted by federal courts in absence of convincing evidence that law of state is otherwise); *Comm. Nat'l. Bank v. Fidelity and Deposit Co. of Maryland*, 563 F.2d 1319, 1321 fn. 1 (9th Cir. 1977) (same).

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

10

DEFENDANTS EMPRES ENTITIES'
MOTION TO DISMISS FAC
(CASE NO. C 10-05839 CW)

*Minton,* 47 Wash. 2d at 399.  As set forth above, Washington law applies a two-part test to determine if the corporate form should be disregarded:  (1) the corporate form must be *intentionally* used to violate or evade a duty; and (2) disregarding the corporate form must be necessary and required to prevent unjustified loss to the injured party because the misuse of corporate form *proximately caused* the plaintiff's injury.  *Meisel,* 97 Wash. 2d. at 410.  The FAC does not allege facts sufficient to support either element.

### 1. Plaintiff Has Failed to Sufficiently Allege the First Prong of Alter Ego Liability Under Washington Law.

Under the first element, the court has to find an intentional "abuse of the corporate form."  *Meisel,* 97 Wash. 2d at 410.  "[T]he party seeking relief must show that there is an overt intention by the corporation to disregard the corporate entity in order to avoid a duty owed to the party seeking to invoke the doctrine." *Minton,* 47 Wash. 2d at 398.  Washington courts "will not imply an overt intent to disregard the corporate form from the presence of common directors, shareholders, or a common business address."  *One Pac. Towers Homeowners' Ass'n v. HAL Real Estate Invs., Inc.*, 108 Wash. App. 330, 350 (2001); *see also Minton,* 47 Wash. 2d at 399 ("[M]ere common ownership of stock, the same officers, employees, etc., do not justify disregarding the separate corporate identities unless a fraud is being worked upon a third person." ).  Nor will Washington courts imply an overt intent to disregard the corporate form based on undercapitalization, or commingling of property and assets.  *Norhawk Investments, Inc. v Subway Sandwich Shops, Inc.*, 61 Wash. App. 395, 401 (1991).

Here, the FAC contains no allegations of an overt intention by the EmpRes Entities to disregard the corporate form to violate or evade a duty owed to Plaintiff. Plaintiff has added a level of detail to her FAC – for example, alleging a centralized computer system and a "Core Systems Manual" that all facilities allegedly must follow.  (FAC ¶ 39(h) and (m).)  But these allegations merely show, at most, shared

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

11

DEFENDANTS EMPRES ENTITIES'
MOTION TO DISMISS FAC
(CASE NO. C 10-05839 CW)

ownership and management, and transfers between and among the various EmpRes Entities.  (FAC, ¶¶ 37-39.)  These general allegations do not justify disregarding the corporate form under Washington law.

To the contrary, Washington courts recognize that a certain degree of interrelation is legitimate and expected between a parent and a subsidiary.  *See Norhawk,* 61 Wash. App. at 400-01 (recognizing legitimate business reasons for the structure of a parent and subsidiary where the subsidiary and parent were owned by the same individuals; shared officers and management; commingled property and assets; and the subsidiary lacked substantial assets).  Plaintiff's allegations are consistent with such a legitimate relationship.  There are no allegations of "wrongful" or "abusive" corporate activities, and no allegation that the EmpRes Entities (individually or collectively) used the corporate or limited liability company form to violate or evade a duty to Plaintiff.

Thus, Plaintiff's alter ego allegations fail to establish an overt intention by the EmpRes Entities to disregard the corporate form in order to violate or evade a duty owed to Plaintiff.

### 2. Plaintiff Has Failed to Sufficiently Allege the Second Prong of Alter Ego Liability Under Washington Law.

Under the second element, the "wrongful corporate activities must actually harm the party seeking relief so that disregard is necessary."  *Meisel*, 97 Wash. 2d at 410-11.  "The doctrine of disregard of the corporate entity will not apply, even though the intent necessary to disregard the corporate entity may exist, unless it is necessary and required to prevent unjustified loss to the injured party."  *Morgan v. Burks*, 93 Wash. 2d 580, 587 (1980).  In other words, the disregard of the corporate form must be the *proximate cause* of the plaintiff's loss.  *See Gall Landau Young Constr. Co. v. Hedreen*, 63 Wash. App. 91, 101 (1991); *see also Truckweld,* 26 Wash. App. at 644-55 (the court refused to pierce the corporate veil because it found no misuse of the corporate entity *for the purpose* of benefiting the

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

12

DEFENDANTS EMPRES ENTITIES'
MOTION TO DISMISS FAC
(CASE NO. C 10-05839 CW)

stockholder and depriving the creditor).  "The absence of an adequate remedy alone does not establish corporate misconduct.  The purpose of a corporation is to limit liability."  *Meisel,* 97 Wash. 2d at 410-11; *see also Norhawk,* 61 Wash. App. at 400.

Plaintiff's allegations fail on this level as well.  The FAC contains no allegations of fact establishing that disregarding the corporate form is *necessary and required* to prevent an injustice to Plaintiff.  Plaintiff's alleged injury stems from Evergreen Lakeport's alleged failure to meet an aggregate level of nurse staffing set forth in a regulatory statute.  Plaintiff is pursuing claims directly against Evergreen Lakeport to seek redress for that wrong.  If successful, she can recover against Evergreen Lakeport.  There are no allegations that the alleged abuse of the corporate form (which did not occur, in any event) proximately caused this alleged injury.

Plaintiff apparently considers it necessary to sue the EmpRes Entities to make sure there are sufficient resources to satisfy any judgment in her favor.  Washington courts repeatedly have refused to disregard the corporate form in such circumstances.  *See, e.g., Meisel*, 97 Wash. 2d at 410-411 ("Separate corporate entities should not be disregarded solely because one cannot meet its obligations.  The absence of an adequate remedy alone does not establish corporate misconduct.  The purpose of a corporation is to limit liability."); *Norhawk,* 61 Wash. App. at 400-401 (corporate entity should not be disregarded solely because assets are not sufficient to discharge its obligations).

Plaintiff's allegation that honoring the separateness of the EmpRes Entities will allow them to "escape liability" is also insufficient.  (FAC, ¶ 43.)  The EmpRes Entities have no direct liability for any of Plaintiff's alleged injuries, because they had no business dealings with her.  Washington does not allow the alter ego doctrine to punish every member of an extended corporate family.  Whether the EmpRes Entities "escape liability" is not the test.  There is no basis to impose liability on them in the first place.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

13

DEFENDANTS EMPRES ENTITIES'
MOTION TO DISMISS FAC
(CASE NO. C 10-05839 CW)

Plaintiff simply cannot allege sufficient facts to drag the EmpRes Entities into this case.  Plaintiff has had two tries to allege the EmpRes Entities are the alter egos of Evergreen Lakeport.  Her failure to do so again justifies dismissing the EmpRes Entities without further leave to amend.

**C.    In The Alternative, Plaintiff Has Also Failed to State Sufficient Allegations to Establish Alter Ego Liability Under California Law.**

Plaintiff's alter ego allegations are woefully deficient under California law as well.  Though it sets a slightly lower bar for alter ego allegations than Washington, California still respects the corporate form and applies the alter ego doctrine only sparingly.  *See Sonora Diamond Corp.,* 83 Cal.App.4th at 539 ("Alter ego is an extreme remedy, sparingly used.").[8]

Under California law, a plaintiff seeking to hold a defendant liable under the alter ego doctrine must allege two elements: "First, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not really exist. Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone."  *Sonora Diamond Corp.,*83 Cal.App.4th at 526; *see also Kema, Inc. v. Koperwhats, Kema, Inc. v. Koperwhats,* 2010 U.S. Dist. LEXIS 90790, *16-17 (N.D. Cal. Sep. 1, 2010).  Plaintiff has not alleged facts sufficient to satisfy either element.

**1.    Plaintiff Has Failed to Sufficiently Allege a Unity of Interest Under California Law.**

Factors relevant to a determination of the first prong of the alter ego analysis include "the commingling of funds and assets of the two entities, identical equitable ownership in the two entities, use of the same offices and employees, disregard of

[8] As discussed above, applying the choice of law analysis to this case dictates that Washington law should apply.  Out of an abundance of caution, the EmpRes Entities also discuss California's alter ego principles.  While the analytical framework varies, the conclusion does not.  Plaintiff's allegations are woefully deficient.

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

14

DEFENDANTS EMPRES ENTITIES'
MOTION TO DISMISS FAC
(CASE NO. C 10-05839 CW)

corporate formalities, identical directors and officers, and use of one as a mere shell or conduit for the affairs of the other." *Troyk v. Farmers Group, Inc*., 171 Cal.App.4th 1305, 1342 (2009).  Some amount of control and overlap is "to be expected as an incident of the parent's ownership of the subsidiary." *Sonora Diamond Corp.,* 83 Cal.App.4th at 542.  "The parent's general executive control over the subsidiary is not enough; rather there must be a strong showing beyond simply facts evidencing 'the broad oversight typically indicated by [the] common ownership and common directorship' present in a normal parent-subsidiary relationship." *Id*. at 542 (*citing Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D.Cal. 1995)).  Accordingly, where a parent and subsidiary are involved, as here, the first prong requires "a showing that the parent controls the subsidiary to such a degree as to render the latter the mere instrumentality of the former." *Doe v. Unocal Corp*., 248 F.3d 915, 926 (9th Cir. 2001) (citations and quotation marks omitted.)

Here, the FAC fails to allege sufficient facts to establish this first prong.  As set forth above, all of the allegations included in the FAC are perfectly consistent with the legitimate relations between a parent and its subsidiary.  While Plaintiff attempts to put a nefarious spin on these facts (FAC, ¶¶ 37-39), it does not change the fact that the EmpRes Entities and Evergreen Lakeport are separate and distinct legal entities, observing all required corporate formalities.

The facts alleged confirm this.  For example, to argue that the EmpRes Entities exercise control over Evergreen Lakeport (which is perfectly legitimate in a parent/subsidiary relationship), Plaintiff references operating and management agreements and formal budgets.  (FAC, ¶ 39.)  But the existence of operating agreements actually evidences corporate separateness.  If the EmpRes Entities were disregarding the corporate form, why would they have an operating agreement? *See Doe v. Unocal,* 248 F.3d at 926 ("A parent corporation may be directly involved in financing and macro-management of its subsidiaries, however, without

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

15

DEFENDANTS EMPRES ENTITIES'
MOTION TO DISMISS FAC
(CASE NO. C 10-05839 CW)

exposing itself to a charge that each subsidiary is merely its alter ego.")

Plaintiff's allegation that the Defendants could draw on a common line of credit also do not evidence commingling of funds.  (FAC, ¶ 38.)  While allegations that a parent provides interest-free loans without agreement and without observing corporate formalities may support alter ego liability, properly documented interest-bearing loans between a parent and subsidiary, as alleged here, support the opposite conclusion.  *See Doe v. Unocal*, 248 F.3d at 927-928.  There is no allegation that this joint line of credit was anything other than a legitimate banking transaction entered into with a commercial bank.

Plaintiff's allegations of "inter-company" transfers (FAC, ¶ 39(d)) likewise do not support her alter ego theory.  One would expect there to be such transfers from admittedly related companies engaged in the same business.  There is no allegation that these transfers were not made in exchange for goods or services.  Such transfers actually evidence that the entities involved were observing corporate formalities, rather than simply commingling funds and assets.

Plaintiff's other new allegations similarly are consistent with a legitimate parent/subsidiary relationship, observing all corporate formalities.  Plaintiff has not alleged, and cannot allege, any facts to establish the contrary.  Even under California law, their alter ego claims against the EmpRes Entities should be dismissed without leave to amend.[9]

_____

[9] *See Neilson v. Union Bank of California*, 290 F.Supp.2d 1101, 1116 (C.D. Cal. 2003) ("Conclusory allegations of 'alter ego' status are insufficient to state a claim[;] [r]ather, a plaintiff must allege specifically both elements of alter ego liability, as well as facts supporting each"); *Kema, Inc.*, 2010 U.S. Dist. LEXIS 90790 at *16-18  (same, dismissing insufficiently-pled alter ego allegations on this basis); *Maganallez v. Hilltop Lending Corp.*, 505 F.Supp.2d 594, 607 (N.D. Cal. 2007) ("conclusory allegations of alter ego status will not survive a motion to dismiss").

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

16

DEFENDANTS EMPRES ENTITIES'
MOTION TO DISMISS FAC
(CASE NO. C 10-05839 CW)

2. **Plaintiff Has Failed to Sufficiently Allege That an Injustice Will Result From Recognizing the Separate Existence of Each Separately Formed Entity Defendant Under California Law.**

With respect to the second prong, "[a]lter ego will not be applied absent evidence that an injustice would result from the recognition of separate corporate identities, and 'difficulty in enforcing a judgment or collecting a debt does not satisfy this standard.'" *VirtualMagic Asia, Inc. v. Fil-Cartoons, Inc.*, 99 Cal.App.4th 228, 245 (2002) (*quoting Sonora Diamond Corp.*, 83 Cal.App.4th at 539); *Mid-Century Ins. Co. v. Gardner*, 9 Cal.App.4th 1205, 1213 (1992) ("Certainly, it is not sufficient to merely show that a creditor will remain unsatisfied if the corporate veil is not pierced, and thus set up such an unhappy circumstance as proof of an 'inequitable result.'  In almost every instance where a plaintiff has attempted to invoke the doctrine he is an unsatisfied creditor") (*quoting Associated Vendors, Inc. v. Oakland Meat Co.,* 210 Cal.App.2d 825, 842 (1962)).

California courts require pleading and proof of bad faith conduct by defendants before concluding that an inequitable result justifies an alter ego finding. *See Leek v. Cooper*, 194 Cal.App.4th 399, 415 (2011); *see also Mid-Century Ins. Co.*, 9 Cal.App.4th at 1213 (alter ego "is not to protect every unsatisfied creditor, but rather to afford him protection, where some conduct amounting to bad faith makes it inequitable, under the applicable rule above cited, for the equitable owner of a corporation to hide behind its corporate veil") (*quoting Oakland Meat Co.*).

Here, Plaintiff fails to make a single allegation regarding any bad faith on the part of the EmpRes Entities, or any potential injustice that may result if they aren't held as alter egos of Evergreen Lakeport.  There is no allegation that the EmpRes Entities used the corporate form to perpetrate a fraud, circumvent a statute, or accomplish some other inequitable purpose.  There is also no allegation that an injustice will result if the corporate form is not disregarded.  Alleging that the EmpRes Entities created shell entities to avoid liabilities of managing a skilled nursing facility is not sufficient.

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

17

DEFENDANTS EMPRES ENTITIES'
MOTION TO DISMISS FAC
(CASE NO. C 10-05839 CW)

1   **III.   <u>CONCLUSION</u>**

2   Plaintiff's allegations provide no basis to drag the EmpRes Entities into this

3   lawsuit.  The Court permitted Plaintiff leave to amend to allege the existence of an

4   alter ego relationship.  None of Plaintiff's new allegations justifies disregarding the

5   corporate form and imposing liability against entities that admittedly had no direct

6   dealings with Plaintiff and did not cause her alleged injuries.  The Court should

7   grant the EmpRes Entities' motion without further leave to amend.

8

9   Dated:  June 22, 2011               Respectfully Submitted,

10                                      MANATT, PHELPS & PHILLIPS

11

12                                      By:  /s/ Barry S. Landsberg
                                             Barry S. Landsberg
13

14

15                                      WROTEN & ASSOCIATES, INC.
                                        KIPPY WROTEN (Bar No. CA 134325)
                                        E-mail: kwroten@wrotenlaw.com
16                                      LAURA K. SITAR (Bar No. CA 195806)
                                        E-mail: lsitar@wrotenlaw.com
17                                      REGINA CASEY (Bar No. CA 213895)
                                        E-mail: rcasey@wrotenlaw.com
18                                      20 Pacifica Ste 1100
                                        Irvine, CA 92618
19                                      Telephone:  (949) 788-1790
                                        Facsimile:   (949) 788-1799
20
                                        *Attorneys for Defendant* EHC MANAGEMENT,
21                                      L.L.C., *and Specially Appearing Defendants*
                                        EMPRES HEALTHCARE, INC.; EHC
22                                      FINANCIAL SERVICES, L.L.C.;
                                        EVERGREEN CALIFORNIA HEALTHCARE,
23                                      L.L.C.

24

25

26

27

28

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

DEFENDANTS EMPRES ENTITIES'
MOTION TO DISMISS FAC
(CASE NO. C 10-05839 CW)