IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYLLIS WEHLAGE, on behalf of herself and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>EMPRES HEALTHCARE, INC; EHC MANAGEMENT, LLC; EHC FINANCIAL SERVICES, LLC; EVERGREEN CALIFORNIA HEALTHCARE, LLC; EVERGREEN AT ARVIN, LLC; EVERGREEN AT BAKERSFIELD, LLC; EVERGREEN AT LAKEPORT, LLC; EVERGREEN AT HEARTWOOD, LLC; EVERGREEN AT SPRINGS ROAD, LLC; EVERGREEN AT TRACY, LLC; EVERGREEN AT OROVILLE, LLC; EVERGREEN AT PETALUMA, LLC; and EVERGREEN AT GRIDLEY (SNF), LLC;<br><br>    Defendant. | No. C 10-05839 CW<br><br>ORDER GRANTING ADMINISTRATIVE MOTIONS FOR APPOINTMENT OF ISABEL S. SIMENTAL COLLIER AND MARILYN J. STARTS AS GUARDIANS AD LITEM (Docket No. 52 & 53) |

Pursuant to Federal Rule of Civil Procedure Rule 17(c), Plaintiffs move for the appointment of Marilyn J. Starts as guardian ad litem for Plaintiff Howard Richard Starts, Docket No. 52, and the appointment of Isabel S. Simental-Collier, as guardian ad litem of Plaintiff Maria Hernandez, Docket No. 53. Defendants do not oppose the motion. Having considered the submissions, the Court GRANTS the motions.

Under Rule 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Rule 17(c)(2) further states, "The court must appoint a guardian ad litem–or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). An application for appointment of a guardian ad litem is not guided by state law, but rather the protection of the individual's interests." <u>Estate of Ricardo Escobedo v. City of Redwood City</u>, 2006 U.S. Dist. LEXIS 12457, *21-22 (N.D. Cal.); 6A Charles Alan Wright & Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 1571 at 511-12 (1991).

Here Plaintiffs Maria Hernandez and Howard Richard Starts are intended class representatives in this action. Plaintiffs' counsel represent that no previous petitions for appointment of a guardian ad litem for Maria Hernandez or Howard Richard Starts have been filed in this matter. In addition, counsel state that no conflict of interest exists between Marilyn Starts and her husband, Howard Richard Starts. Nor does a conflict exist between Isabel S. Simental-Collier and her grandmother Maria Hernandez. The supporting declarations make clear that both Plaintiffs Hernandez and Starts lack capacity due to impairments in their alertness and attention, their ability to process information and other factors necessary for both to fully appreciate the rights, duties and responsibilities created by their participation in this lawsuit. Marilyn Starts and Isabel Simental-Collier are willing to serve as guardians ad litem, and to visit their respective relative

2

regularly and are able to identify and address their needs. Accordingly, the Court finds that it is in the best interest of Plaintiffs to grant the motions, and, therefore, appoints Isabel Simental-Collier as guardian ad litem of Maria Hernandez, and Marilyn Starts as guardian ad litem for Howard Richard Starts.

IT IS SO ORDERED.

Dated: 6/23/2011

CLAUDIA WILKEN
United States District Judge

3