1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4    PHYLLIS WEHLAGE on her behalf and          No. C 10-5839 CW
     on behalf of others similarly
5    situated,                                  ORDER GRANTING
                                                MOTION TO FILE
6              Plaintiffs,                       AMENDED COMPLAINT
                                                AND GRANTING IN
7         v.                                     PART MOTION TO
                                                DISMISS
8    EMPRES HEALTHCARE INC., et al.,

9              Defendants.

10   _____/

11

12        This case is based upon Plaintiff Phyllis Wehlage's

13   allegations in her First Amended Complaint (1AC) that Defendant

14   Evergreen Lakeport, the operator of a skilled nursing facility

15   (SNF), failed to disclose or concealed from her the fact that it

16   did not maintain minimum state-required nurse staffing hours and

17   thus violated California Health and Safety Code section 1430(b),

18   California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code

19   § 17200 et seq., and California's Consumers Legal Remedies Act

20   (CLRA), Cal. Civ. Code § 1750 et seq.  Plaintiff Wehlage moves for

21   leave to file a Second Amended Complaint (2AC) to: (1) name as

22   defendants the operators of the SNFs that were dismissed in the

23   Court's May 25, 2011 Order; (2) name as a defendant Evergreen at

24   Salinas, LLC dba Katherine Healthcare Center (Evergreen Salinas),

United States District Court
For the Northern District of California

the operator of a SNF that is part of the same Evergreen chain,[1]

and (3) name as plaintiffs and class representatives eleven

individuals, or their successors-in-interest or guardians

(proposed Plaintiffs), who resided at the SNFs whose operators she

wishes to sue.  Defendant Evergreen Lakeport and the proposed

Defendants oppose the motion to amend and move to dismiss the CLRA

damages claim for failure to notify proposed Defendants and to

dismiss the fraud-based CLRA and UCL claims for lack of

particularity.  The motions were taken under submission and

decided on the papers.  Having considered all the papers filed by

the parties, the Court grants the motion for leave to amend and

grants in part the motion to dismiss.

BACKGROUND

In the Court's May 25, 2011 Order addressing Plaintiff

Wehlage's original complaint, it dismissed without leave to amend

the claims against the operators of the SNFs that it defined as

the Evergreen Entities because Plaintiff Wehlage did not have

---

[1] In a footnote in her motion, Plaintiff Wehlage identifies the twelve proposed Defendants as: Evergreen at Lakeport, LLC (Evergreen Lakeport); Evergreen at Arvin, LLC (Evergreen Arvin); Evergreen at Bakersfield, LLC (Evergreen Bakersfield); Evergreen at Springs Road, LLC (Evergreen Springs Road); Evergreen at Chico, LLC (Evergreen Chico); Evergreen at Heartwood Avenue, LLC (Evergreen Heartwood Avenue); Evergreen at Tracy, LLC (Evergreen Tracy); Evergreen at Gridley, LLC (Evergreen Gridley); Evergreen at Petaluma, LLC (Evergreen Petaluma); Evergreen at Oroville, LLC (Evergreen Oroville); Evergreen at Fullerton, LLC (Evergreen Fullerton); and Evergreen at Salinas, LLC (Evergreen Salinas). However, as discussed below, she has not included Evergreen Salinas, Evergreen Fullerton or Evergreen Chico in the caption of her 2AC.

standing to sue any entity except Evergreen Lakeport, where she had resided.   Subsequently, Plaintiff Wehlage filed a 1AC in which she re-named as Defendants the Evergreen Entities named in her original complaint, named two new Evergreen Entities as Defendants and named ten individuals as Plaintiffs and class representatives who resided at SNFs operated by each of the proposed Defendants. In its October 31, 2011 Order, the Court held that Plaintiff Wehlage had improperly amended her complaint without the written consent of Defendants or leave of the Court and dismissed the claims re-stated against the Evergreen Entities and dismissed the claims by the newly added plaintiffs.   Also, in the October 31, 2011 Order, the Court dismissed Plaintiff Wehlage's CLRA and UCL claims against Evergreen Lakeport because her allegations failed to disclose the role of any specific Defendant in the intentional nondisclosure or concealment of the nursing staff violations. Plaintiff Wehlage was granted leave to amend to allege that Evergreen Lakeport failed to disclose or intentionally concealed material facts from Plaintiff Wehlage.

DISCUSSION

I. Motion for Leave to Amend

    A. Legal Standard

        1. Leave to Amend

    Under Rule 15(a) of the Federal Rules of Civil Procedure, leave of the court allowing a party to amend its pleading "shall be freely given when justice so requires."   Leave to amend lies

3

**United States District Court**
For the Northern District of California

within the sound discretion of the trial court, which discretion "must be guided by the underlying purpose of Rule 15--to facilitate decisions on the merits rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). Rule 15(a)'s policy of favoring amendments to pleadings thus should be applied with "extreme liberality." Id.; DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

The Supreme Court has identified four factors relevant to whether a motion for leave to amend should be denied:  undue delay, bad faith or dilatory motive, futility of amendment and prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit holds that these factors are not of equal weight, and that delay alone is an insufficient ground for denying leave to amend. Webb, 655 F.2d at 980. Rather, the court should consider whether the proposed amendment would cause the opposing party undue prejudice, is sought in bad faith, or constitutes an exercise in futility. DCD Programs, 833 F.2d at 186.

Prejudice typically arises where the opposing party is surprised with new allegations which require more discovery or will otherwise delay resolution of the case. Acri v. International Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398-99 (9th Cir. 1986). The party opposing the motion bears the burden of showing prejudice. DCD Programs, 833 F.2d at

186; <u>Beeck v. Aqua-Slide 'N' Dive Corp.</u>, 562 F.2d 537, 540 (8th Cir. 1977).

    2. Joinder of Parties

Rule 20(a)(1) and (2) permits the joinder of new plaintiffs and new defendants in one action if: (1) the rights to relief asserted arise "out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all plaintiffs and defendants will arise in the action." <u>Coughlin v. Rogers</u>, 130 F.3d 1348, 1350 (9th Cir. 1997). Rule 20(a)(3) provides, "Neither a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded.  The court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities."

Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." <u>League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency</u>, 558 F.2d 914, 917 (9th Cir. 1977) (citing <u>Mosley v. Gen. Motors Corp.</u>, 497 F.2d 1330 (8th Cir. 1974)).  "'Under the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" <u>League</u>, 558 F.2d at 917 (quoting <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 724 (1966)).  Once the two requirements of Rule 20(a) are met, "a district court must

examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir. 2000).

In order to show a "series of transactions or occurrences," a plaintiff does not need to seek the same relief against each defendant. Stone Age Foods v. Exch. Bank, 1997 U.S. Dist. LEXIS 4641, at *6 (N.D. Cal.) (citing Kuechle v. Bishop, 64 F.R.D. 179, 180 (N.D. Ohio 1974)). All that a plaintiff must show is that there is some systematic pattern or logical relationship connecting the tortious conduct of each defendant. Mosely, 497 F.2d at 1333.

B. Analysis

1. Rule 15

Evergreen Lakeport and proposed Defendants argue that the motion to add new parties should be denied because Plaintiff Wehlage unreasonably delayed more than one year before attempting to add the new parties despite knowing about the facts and the parties she now seeks to add. Defendants argue that this delay is prejudicial to them due to increased costs and further delay in defending another amended complaint and that, "but for Wehlage's bad faith, the parties could have confronted these issues six months ago."

Defendants' argument regarding prejudice is unpersuasive. From the time Plaintiff Wehlage filed her original complaint, she

6

has attempted to name the operators of Evergreen SNFs in addition to Evergreen Lakeport as Defendants.  The fact that the claims against the operators of these additional SNFs were dismissed previously does not foreclose these entities from properly being added as Defendants now.  Because Plaintiff Wehlage previously named these entities, neither they nor Evergreen Lakeport will be surprised by new allegations or by new discovery.  Furthermore, although the case is over one year old, it is early in the proceedings because, according to Plaintiff Wehlage, no formal discovery has commenced, and the Court has not held a case management conference or issued a pre-trial scheduling order. Neither Evergreen Lakeport nor the proposed Defendants explain how a six month delay, this early in the proceedings, in adding claims addressing the same allegations and issues contained in Plaintiff Wehlage's original complaint, would cause undue prejudice. Furthermore, although Defendants claim that Plaintiff Wehlage delayed in bad faith, they provide no evidence or argument supporting this accusation.

Defendants argue that, even if amendment is allowed to add the Evergreen Entities that Plaintiff named in her original complaint, she should not be allowed to join Evergreen Salinas, Evergreen Chico or Evergreen Fullerton because these entities were not parties to the original complaint.  Defendants argue that, because these three Evergreen Entities did not receive prior notice of the allegations brought against them in the proposed

**United States District Court**
For the Northern District of California

2AC, they are subject to more prejudice than the originally named Evergreen Entities. Defendants also point out that Evergreen Chico and Evergreen Fullerton are identified as defendants in the 2AC, but Plaintiff Wehlage has failed to seek leave to join them or to include them in the caption of the 2AC.

Plaintiff Wehlage responds that Evergreen Salinas had notice of the allegations in the 2AC because it is part of the group of SNF operators that comprise the Evergreen Entities that are proposed Defendants in this case and it is a defendant in <u>Grenzebach v. EHC Management LLC., et al.</u>, No. 11-cv-00197-MCE-DAD (E.D. Cal.), a pending class action in the Eastern District of California which is based on similar factual allegations of understaffing and concealment of material facts and asserts the same causes of action asserted here. The Court finds that Evergreen Salinas had sufficient prior notice of the allegations asserted here and no undue prejudice has been caused by any delay in naming it as a defendant in this action. However, because Evergreen Salinas is not named in the caption of the 2AC, Wehlage must file a Third Amended Complaint (3AC) that includes Evergreen Salinas in the caption.

In regard to Evergreen Chico and Evergreen Fullerton, Plaintiff points out that she named them in her 1AC and 2AC and listed them in footnote one in her motion for leave to amend as two of the entities that she sought to add. However, Plaintiff indicates that, due to an oversight, in the body of her motion for

leave to amend, she stated that she only sought to add the Evergreen Entities dismissed from the initial complaint, which did not include Evergreen Chico and Evergreen Fullerton.

The Court finds that Plaintiff Wehlage's failure to include Evergreen Chico and Evergreen Fullerton in the body of her motion seeking leave to amend is not determinative. Defendants' argument that these entities will suffer undue prejudice because of this oversight is not well-taken. Because Evergreen Chico and Evergreen Fullerton were named in the 1AC, they had prior notice of the claims asserted against them in the 2AC and cannot claim undue prejudice due to delay. However, as noted above, Evergreen Chico and Evergreen Fullerton are not included in the caption of the 2AC. If Plaintiff Wehlage wishes to sue them, she must file a 3AC and include Evergreen Chico and Evergreen Fullerton in the caption.

Accordingly, the Court grants Plaintiff Wehlage's motion to add the Proposed Evergreen Entities she lists in her motion for leave to amend. She must file a 3AC to include Evergreen Salinas, Evergreen Chico and Evergreen Fullerton in the caption.

B. Joinder Under Rule 20(a)

Plaintiff Wehlage seeks joinder of individuals who resided at the Evergreen SNFs other than Evergreen Lakeport so that the 2AC will include at least one resident or former resident of each Evergreen Entity named as a defendant. She argues that joinder is proper under Rule 20(a) because all claims are based upon proposed

United States District Court
For the Northern District of California

Defendants' deficient nurse staffing hours which they intentionally concealed or failed to disclose so that each proposed Plaintiff's claims and proposed Defendant's defenses arise out of the same transaction, occurrence or series of transactions or occurrences.  As support, Plaintiff Wehlage points to ¶ 39 in her 2AC, which alleges, among other things, that: (1) the parent entities exert substantial control over the day-to-day operations of the Evergreen Entities, including those decisions affecting nurse staffing; (2) ECH Management initiates and approves the budget for each facility; (3) a centralized computer system reports each Evergreen Entity's staffing level and calculates actual labor hours versus budgeted labor hours; and (4) all Evergreen Entities use the same admission agreement.

    Defendants argue that whether any individual proposed Defendant failed to provide adequate nurse staffing hours and failed to disclose this fact depends upon the individual actions of each proposed Defendant's personnel.  They contend that, because the analysis for liability and damages must be individualized to the precise circumstances within each proposed Defendant's SNF, the claims of each proposed Plaintiff and the defenses of each proposed Defendant do not arise from the same series of transactions or occurrences.  They also argue that Plaintiff Wehlage impermissibly relies on allegations directed at the EmpRes Entities, the claims against which were dismissed by the Court in its May 25 and October 31, 2011 Orders.

United States District Court
For the Northern District of California

Defendants' argument that the proposed Defendants are independent organizations ignores Plaintiff Wehlage's allegations that there is an interrelationship between the Evergreen Entities stemming from their connection to the EmpRes Entities.  Although the Court dismissed the claims against the EmpRes Entities, it did not strike the allegations about the interrelationship between the EmpRes Entities and the Evergreen Entities.  And, even if the circumstances giving rise to proposed Plaintiffs' claims differ from those giving rise to Plaintiff Wehlage's claims, "'absolute identity of all events is unnecessary' for the purposes of joinder under Rule 20(a)."  Hill v. R+L Carriers, Inc. 2011 U.S. Dist. LEXIS 54873, *6 (N.D. Cal.) (citing Mosley, 497 F.2d at 1333). "Rule 20(a) permits all reasonably related claims for relief by . . . different parties to be tried in a single proceeding."  Id.

Further, as provided in Rule 20(a)(3), joinder is permissible even if the liability of each defendant and the damages awarded to each plaintiff will differ.  See e.g., Greeley v. Walters, 2011 U.S. Dist. LEXIS 28917, *15-16 (D. S.D.) (permitting joinder based on allegations of similar conduct by defendants regarding independent but closely related real estate transactions); Singleton v. Adick, 2010 U.S. Dist. LEXIS 47506, *8 (D. Ariz.) (permitting joinder although some of the specific facts related to certain employees' wages might differ).  The 2AC contains sufficient allegations to satisfy Rule 20's requirement that the proposed Plaintiffs' right to relief and proposed Defendants'

defenses arise out of the same series of transactions or occurrences.

Adjudication of the Evergreen Entities' claims would also entail common questions of law and fact.  Defendants do not dispute that the legal issues for proposed Plaintiffs' claims are the same, nor could they, because Plaintiff Wehlage and the proposed Plaintiffs assert the same three claims against all proposed Defendants.  And whether proposed Defendants violated Plaintiff Wehlage's and the proposed Plaintiffs' rights under California Health and Safety Code section 1430(b), the CLRA and the UCL claims will entail similar factual questions such as the number of hours nurses worked at each proposed Defendant and whether this fact was disclosed to each proposed Plaintiff. Although the personnel and the particular circumstances giving rise to each claim at each proposed Defendant's facility may differ, the particular inquiry will be similar.

Finally, Defendants argue that joinder of these parties will not promote justice or judicial efficiency or reduce expense because mini trials would be needed to adjudicate the issues as to each proposed Defendant.  This would increase the risk of juror confusion and potentially result in the jury improperly imputing liability to particular Defendants.  This argument is without merit.  Every case involving multiple defendants requires consideration of each defendant's liability separately.  The allegations in this case are not so complex as to confuse a jury

United States District Court
For the Northern District of California

or result in an improper verdict. The Court finds that no party will suffer prejudice from the joinder of proposed Plaintiffs and proposed Defendants and that joinder comports with the principles of fundamental fairness.

Accordingly, Plaintiff Wehlage's motion for leave to amend her complaint to join additional defendants and plaintiffs is granted.

II. Motion to Dismiss

A. Legal Standard

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

United States District Court
For the Northern District of California

13

B. Analysis

Defendants move to dismiss the CLRA claim because they did not receive proper notice and they move to dismiss the CLRA and UCL claims because Plaintiff Wehlage's fraud-based allegations lack the required specificity.

1. Notice of CLRA Claims

Plaintiff Wehlage brings claims under the CLRA for injunctive relief and for damages.

Under the CLRA, thirty days or more prior to the commencement of "an action for damages," the consumer shall notify the defendant of the particular alleged violations of California Civil Code section 1770, and demand that the defendant correct, repair, replace, or otherwise rectify those violations. Cal. Civ. Code § 1782(a). The notice must be in writing and must be sent by certified or registered mail, return receipt requested. Id.

However, an action for "injunctive relief" brought under section 1770 may be commenced without compliance with the notice requirements. Cal. Civ. Code § 1782(d). If a complaint seeks only injunctive relief, not less than thirty days after it has been filed and, after compliance with the thirty day notice requirement under section 1770(a), the consumer may amend the complaint without leave of the court to include a request for damages. Id.

The CLRA's notice requirement is not jurisdictional, but compliance with the requirement is necessary to state a claim.

14

Outboard Marine Corp. v. Superior Court, 52 Cal. App. 3d 30, 40-41 (1975).  "[T]he clear intent of the [CLRA] is to provide and facilitate pre-complaint settlements of consumer actions wherever possible and to establish a limited period during which such settlement may be accomplished."  Id. at 41; Laster v. T-Mobile USA, Inc., 407 F. Supp. 2d 1181, 1195-96 (S.D. Cal. 2005) (describing statutory policy of fostering early settlement of disputes).  A "literal application of the notice provisions" is the only way to accomplish the CLRA's purposes.  Outboard Marine, 52 Cal. App. 3d at 41.

Paragraph 89 of the proposed 2AC alleges, "Despite receipt of written notice and an opportunity to cure the violations alleged herein pursuant to Civil Code section 1782(a), defendants have failed to provide any remedy or appropriate relief for the CLRA violations within the statutory 30-day time period."[2]  Defendants state that they are unaware of any notice provided to them by anyone other than Plaintiff Wehlage, who the Court has held lacks standing to sue any Evergreen Entity, other than Evergreen Lakeport, at whose facility she resided.  They contend that, because only a consumer can allege a CLRA violation, a letter

---

[2] Paragraph 89 of the proposed 2AC states that Plaintiffs seek CLRA damages against seven Evergreen Entities (Chico, Gridley, Arvin, Oroville, Springs Road, Tracy and Petaluma), as well as Evergreen Lakeport.  There is no allegation that Evergreen Salinas, Evergreen Fullerton, Evergreen Bakersfield and Evergreen Heartwood received notice.

served by Plaintiff Wehlage on an Evergreen Entity, other than Evergreen Lakeport, does not constitute effective notice.[3]

Plaintiff Wehlage responds that notice from herself to all eight Evergreen Entities is sufficient because section 1781 of the CLRA authorizes actions asserted on behalf of similarly situated individuals.  However, section 1781 does not specifically provide that a plaintiff without standing to sue a prospective defendant under the CLRA may provide that entity proper notice of CLRA violations.  Plaintiff Wehlage provides no authority that supports the theory that a person with no standing to sue can provide adequate notice.

On the other hand, Defendants cite <u>Stearns v. Select Comfort Retail Corp.</u>, 2009 WL 1635931, *15 (N.D. Cal.), which stated that, even if the defendant was put on notice by customer complaints, "the CLRA does not provide that notice may be provided on behalf of the aggrieved consumer by third parties."  However, in <u>Stearns</u>, although there were customer complaints, there was no letter that properly put the defendant on notice of claims asserted under the CLRA.

The CLRA defines consumer as "an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family or household purposes."  Cal. Civ. Code

---

[3] California Civil Code section 1780 provides that any consumer may bring an action under the CLRA.  California Civil Code section 1782 provides that the consumer shall provide notice to the person who allegedly violated the CLRA.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

§ 1761(d). As this Court previously held, because Plaintiff Wehlage was a consumer only of the services offered by Evergreen Lakeport, she lacked standing to sue any other Evergreen Entity. It follows that a person who lacks standing to sue cannot put an entity on notice of CLRA claims against it. As a result, the CRLA claims against all Evergreen Entities, with the exception of Evergreen Lakeport, must be dismissed for lack of notice.

Plaintiffs request that, if the Court finds that Plaintiff Wehlage's notice is deficient, the CLRA injunctive relief claims be allowed to stand, and that they be allowed to amend to add damages claims after proper CLRA notice is provided. In Keilholtz v. Superior Fireplace Co., 2009 WL 839076, *3 (N.D. Cal.), this Court noted that there was a difference of opinion as to whether a premature claim for damages under the CLRA required dismissal with or without prejudice. In Keilholtz, the Court cited Dietz v. Comcast Corp., 2006 WL 3782902, *5 (N.D. Cal.), where the plaintiff brought a CLRA claim for injunctive relief and damages but failed to provide proper notice, and the court dismissed the damages claim without prejudice on the ground that the legislature specifically contemplated that an action seeking injunctive relief could be amended to include a damages claim after the thirty-day notice period had run. Id. (citing Dietz, 2006 WL 3782902 at *5). In Keilholtz, the Court also noted Laster v. T-Mobile USA, Inc., 407 F. Supp. 2d 1181, 1195-96 (S.D. Cal. 2005), where the court dismissed a CLRA damages claim with prejudice because the

plaintiff failed to comply with notice requirements.  In

Keilholtz, the Court was persuaded that Dietz presented the

better-reasoned analysis, dismissed the CLRA damages claim without

prejudice, and granted leave to amend to include a request for

damages once the plaintiffs could show compliance with section

1782(d) and the thirty day notice period.

     A California appellate case, Morgan v. AT & T Wireless

Servs., Inc., 177 Cal. App. 4th 1235, 1261-62 (2009), supports the

decision in Keilholtz to dismiss with leave to amend.  In Morgan,

the plaintiffs filed a second amended complaint seeking damages

and injunctive relief under the CLRA but did not provide proper

notice.  The court denied the defendant's motion to dismiss the

CLRA claim with prejudice based on improper notice, explaining

that the notice requirement "exists in order to allow a defendant

to avoid liability for damages if the defendant corrects the

alleged wrongs within 30 days after notice, or indicates within

that 30-day period that it will correct those wrongs within a

reasonable time."  Id. at 1261.  The court explained further, "A

dismissal with prejudice of a damages claim filed without the

requisite notice is not required to satisfy this purpose.

Instead, the claim must simply be dismissed until 30 days or more

after the plaintiff complies with the notice requirements.  If,

before that 30-day period expires, the defendant corrects the

alleged wrongs or indicates it will correct the wrongs, the

defendant cannot be held liable for damages."  Id.

United States District Court
For the Northern District of California

As in <u>Keilholtz</u>, the Court is persuaded by the reasoning articulated in <u>Dietz,</u> and now in <u>Morgan</u>.  Plaintiffs' damages claims are dismissed without prejudice and they are granted leave to amend to include such claims once they can show they have complied with the notice requirements of section 1782(d) and the thirty day notice period has passed.

2. Specificity Regarding CLRA and UCL Fraud-Based Claims

In the October 31, 2011 Order, the Court held that the fraud-based CLRA and UCL claims were deficient under Federal Rule of Civil Procedure 9(b) because none of Plaintiff's allegations indicated the role of any specific Defendant in the intentional non-disclosure or concealment of the nurse staffing violations. The Court granted Plaintiff leave to amend to cure this deficiency, if she truthfully could do so.  Plaintiff corrects this deficiency in paragraph 80a-l of the proposed 2AC.  Each subsection of paragraph 80 identifies a specific proposed Defendant and alleges that entity failed to disclose or concealed material information from a specific proposed Plaintiff.  This is sufficient to remedy the deficiency noted by the Court. Defendants' argument that these allegations are still insufficient is unpersuasive.

Defendants also argue that paragraph 86 is generic as to materiality and paragraphs 87 and 88 are generic as to Plaintiffs' knowledge and detrimental reliance, so that the CLRA and UCL

claims sounding in fraud still fail to meet Rule 9(b)'s specificity requirements.

Paragraph 86 alleges:

> The facts concealed and/or not disclosed by each of the defendants are material. Each of the Facilities is labeled and held out to the consuming public as a "skilled nursing facility," which necessarily means the Facility will comply with applicable nurse staffing requirements. The named plaintiffs, class members and reasonable consumers would have considered the defendants' failure to meet the minimum and adequate nursing staffing requirements to be important (if not critical) in deciding whether to enter into the subject transactions and reside in defendants' Facilities. . . . Had the true facts concerning the understaffed conditions at the Facilities been disclosed, the named plaintiffs and class members would not have agreed to reside at the Facilities.

Paragraph 86, together with the preceding allegations in paragraph 80a-l, is sufficient to allege materiality and detrimental reliance with the required specificity.

Therefore, Defendants' motion to dismiss the CLRA and UCL fraud-based claims based on lack of specificity is denied.

CONCLUSION

For the foregoing reasons, Plaintiff Wehlage's motion for leave to file the 2AC is granted. However, the 2AC must be amended to include in its caption all the parties she wishes to name as Defendants. Plaintiff Wehlage shall file a 3AC within three days from the date of this order. Defendants' motion to dismiss the CLRA damages claims for lack of notice is granted. Plaintiffs are granted leave to amend to include claims for damages once they can show they have complied with the notice requirements of section 1782(d), the thirty day notice period has

United States District Court
For the Northern District of California

passed and Defendants did not correct or agree to correct the

alleged violation.

A case management conference is scheduled for Wednesday,

March 21 at 2:00 pm.


IT IS SO ORDERED.


Dated: 2/6/2012

_____
CLAUDIA WILKEN
United States District Judge