UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Phyllis Wehlage, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Evergreen at Arvin LLC; Evergreen at Bakersfield LLC; Evergreen at Lakeport LLC; Evergreen at Heartwood LLC; Evergreen at Springs Road LLC; Evergreen at Tracy LLC; Evergreen at Oroville LLC; Evergreen at Petaluma LLC; Evergreen at Gridley (SNF) LLC; Evergreen at Chico LLC; Evergreen at Salinas LLC; Evergreen at Fullerton LLC,<br><br>Defendants. | Case No. 4:10-cv-05839-CW<br><br>**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS, APPROVING PROPOSED NOTICE, AND SCHEDULING FINAL FAIRNESS HEARING** |

Upon review and consideration of the Settlement Agreement and its exhibits ("Settlement"), which have been filed with the Court, it is hereby ORDERED and ADJUDGED as follows:

1. The parties have agreed to settle the above-referenced action upon the terms and conditions set forth in the Settlement. The definitions in the Settlement are hereby incorporated as though fully set forth in this Order. This Court has jurisdiction over the subject matter and parties to this action pursuant to 28 U.S.C. § 1332(d)(2) and 28 U.S.C. § 1453.

2. The Settlement, including all exhibits thereto, is preliminarily approved as fair, reasonable, and adequate. The Plaintiffs, by and through their counsel, have investigated the facts and law related to the matters alleged in their Complaint, have engaged in extensive motion practice, and have evaluated the risks associated with continued litigation, trial, and/or appeal. The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arms-length negotiations between the parties and their capable and experienced counsel, and was reached with the assistance of a well-qualified and experienced mediator, Catherine A. Yanni. The Court further finds that the proposed Settlement Class meets the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(2) and should be certified for settlement purposes only; that the Named Plaintiffs should be appointed class representatives and the attorneys identified below should be appointed as Class Counsel; and that it is appropriate to effectuate notice to the Settlement Class and to schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter Final Judgment.

3. The Court finds that the Settlement confers substantial benefits upon the Settlement Class, particularly in light of the damages that Plaintiffs and Class Counsel believe are recoverable at trial, without the costs, uncertainty, delays, and other risks associated with continued litigation, trial, and/or appeal. Under the Settlement, Defendants have agreed to a stipulated Injunction that requires them to consistently utilize staffing practices at their skilled nursing facilities which will ensure that they comply with applicable California law. The record before the Court shows that this injunction carries a substantial value and obtains fair and adequate relief for the Class defined below.

4. Although the Settlement does not provide for cash payments to the unnamed Class members, the record demonstrates that such payments are not realistically possible because they would likely result in the Defendants and/or their corporate affiliates entering bankruptcy proceedings. *See* 4 *Newberg on Class Actions* § 11:50 (noting that "[c]ollectibility of a judgment . . . bear[s] on the reasonableness of a settlement in relation to the defendants' ability to withstand a greater one."). Given Defendants' demonstrated financial condition, continued litigation is unlikely to yield a recovery greater than that provided for under

1  the Settlement. Moreover, the claims are expressly not being released by the Settlement. Thus,
2  the Class members retain the ability to pursue separate claims for damages. Under these
3  circumstances, the Court finds that the absence of cash compensation to the Class is reasonable.

4        5.      The Settlement Class (the "Class") consists of all persons who resided at
5  any of Evergreen's skilled nursing facilities in California (the "Facilities") from November 15,
6  2006 through the date of class certification (the "Class Period"). Each Settlement Subclass (the
7  "Subclasses") consists of all persons who currently reside or previously resided at a specific one
8  of the Facilities during the Class Period. The Facilities include Evergreen Lakeport Healthcare,
9  Evergreen Bakersfield Post Acute Care, Evergreen Arvin Healthcare, Springs Road Healthcare,
10 Heartwood Avenue Healthcare, Petaluma Health and Rehabilitation, Katherine Healthcare
11 Center, Olive Ridge Post Acute Care, Evergreen Gridley Healthcare, Fullerton Post Acute Care,
12 Twin Oaks Post Acute Rehab, and New Hope Post Acute Care. Excluded from the Class and
13 Subclasses are: (a) Defendants; any entity in which Defendants have a controlling interest; the
14 officers, directors, and employees of any Defendant; and the legal representatives, heirs,
15 successors, and assigns of Defendants; and (b) the Judge to whom this case is assigned and any
16 member of the Judge's immediate family.

17       6.      The Court finds that the prerequisites for a class action under Rules 23(a)
18 and (b)(2) of the Federal Rules of Civil Procedure have been satisfied:

19       a.      The members of the Class and the Subclasses are so numerous that
20 joinder of all members is impractical. Fed. R. Civ. P. 23(a). In addition, the Class and Subclasses
21 are composed of readily ascertainable persons who resided at one or more of Defendants'
22 Facilities during the Class Period.

23       b.      This litigation involves common class-wide issues that, absent the
24 Settlement, would drive the resolution of the claims. Fed. R. Civ. P. 23(b); *Wal-Mart Stores, Inc.*
25 *v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Several disputed issues are common to Plaintiffs, the
26 Class, and the Subclasses, including whether Defendants violated and continue to violate
27 California Health and Safety Code section 1430(b) by, among other things, failing to comply with
28 California Health and Safety Code section 1276.5.

          c.        The claims of the named Plaintiffs are typical of the claims of the Class and of every Subclass.  Fed. R. Civ. P. 23(c).  Typicality is satisfied because the conduct at issue is alleged to have caused similar harm to all Class members.

          d.        The named Plaintiffs are adequate Class representatives and possess the same interests in the outcome of this case as the other Class and Subclass members.  Fed. R. Civ. P. 23(d).  The named Plaintiffs—like all Class and Subclass members—resided at one or more of the Facilities during the Class period.  The Court designates the Plaintiffs as representatives of the Settlement Class.  The Court also finds Class Counsel adequate, based on their prosecution of this case and their experience litigating complex class actions, including cases involving understaffing at skilled nursing homes.  Accordingly, the Court appoints, as Class Counsel to effectuate the Settlement:  Lieff Cabraser Heimann & Bernstein, LLP (attorneys Robert J. Nelson and Lexi Hazam); Michael D. Thamer; Kathryn A. Stebner; Christopher J. Healey; W. Timothy Needham; Robert S. Arns; C. Brooks Cutter; and Edward P. Dudensing.  For purposes of these Settlement approval proceedings, the Court finds that these attorneys and their law firms are well-qualified to serve as Class Counsel.

          e.        Every Class member is entitled to pursue a claim for injunctive relief under Health and Safety Code section 1430(b) as a result of the asserted inadequate levels of qualified nursing staff at Defendants' Facilities.  Plaintiffs allege that Defendants have acted and/or refused to act on grounds that apply generally to the Class and Subclasses of residents at those Facilities, such that final injunctive relief of the nature obtained under the Settlement "is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).  Accordingly, the Court hereby certifies the injunctive-relief class under Rules 23(a) and 23(b)(2).

          7.        The Court approves, as to form and content, the Notice attached as Exhibit B to Plaintiffs' Motion for Preliminary Approval.  The Court finds that the Notice is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and meets the requirements of due process and Rule 23.  The Court further finds that the Notice complies with Rule 23(c)(2)(A) because it is appropriate under the circumstances, provides individual notice to all Class Members who can be identified through a reasonable effort, and is

1  reasonably calculated under all the circumstances to apprise the Class members of the pendency
2  of this action, the terms of the Settlement, and the right to object to the Settlement.

3        8.     No later than 30 days from today, the Settlement Administrator shall
4  disseminate notice to the Class and Subclasses.  Class members shall receive individualized
5  notice via U.S. Mail as described in the Settlement.  In addition, the Notice shall be published as a
6  one-time paid advertisement in *USA Today*.  All costs associated with this notice program shall be
7  paid as provided for in the Settlement Agreement.

8        9.     Under the Settlement, Class Counsel shall file their application for
9  attorneys' fees no later than 30 days from today.  Any Class member may object to the Settlement
10 and/or to Class Counsel's request for attorneys' fees and costs; any such objection must be
11 received by the Court and by Counsel no later than 55 days from today.  Class Counsel shall file
12 their motion for final Settlement approval (and responses to any objections) no later than 85 days
13 from today.

14       10.    The dates of performance contained herein may be extended by Order of
15 the Court, for good cause shown, without further notice to the Class.

16       11.    The Fairness Hearing shall be held before this Court **on Thursday,**
17 **October 4, 2012, at 2:00 p.m.,** to determine whether the Settlement is fair, reasonable, and
18 adequate and should receive final approval, and whether Class Counsel's application for an award
19 of attorneys' fees and costs, and for service awards for the Named Plaintiffs, should be granted.
20 The Court's determination of whether to approve the Settlement is separate from any award of
21 attorneys' fees and costs and/or service awards.  The Fairness Hearing may be postponed,
22 adjourned, or continued by Order of the Court without further notice to the Class.  After the
23 Fairness Hearing, the Court may enter a Final Order and Judgment in accordance with the
24 Settlement.

25       12.    Pending the Fairness Hearing, other than proceedings necessary to carry
26 out or to enforce the terms and conditions of the Settlement, this matter is stayed.

27
28

13. If the Settlement does not receive Final Approval, then the Settlement shall become null and void. Plaintiffs, the Class members, and the Defendants shall be restored to their respective positions prior to the entry of this Preliminary Approval Order.

14. The parties shall select a Settlement Administrator that shall perform all the duties assigned to it by this Order and the Settlement.

15. Class Counsel and Counsel for Defendants are hereby authorized to employ all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement, including making, without further approval of the Court, non-material changes to the form or content of the Notice.

IT IS SO ORDERED this 25th day of June, 2012

_____
The Honorable Claudia Wilken
United States District Judge