1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Phyllis Wehlage, *et al*., on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>      v.<br><br>Evergreen at Arvin LLC; Evergreen at Bakersfield LLC; Evergreen at Lakeport LLC; Evergreen at Heartwood LLC; Evergreen at Springs Road LLC; Evergreen at Tracy LLC; Evergreen at Oroville LLC; Evergreen at Petaluma LLC; Evergreen at Gridley (SNF) LLC; Evergreen at Chico LLC; Evergreen at Salinas LLC; Evergreen at Fullerton LLC,<br><br>                Defendants. | Case No. 4:10-cv-05839-CW<br><br>~~[PROPOSED]~~ ORDER GRANTING CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES AND EXPENSES AND FOR SERVICE AWARDS<br><br>Date:       October 4, 2012<br>Time:      2 p.m.<br>Judge:     The Honorable Claudia Wilken<br>Courtroom: 2, 4th Floor |

1049389.1

- i -

~~[PROPOSED]~~ ORDER GRANTING CLASS COUNSEL'S
APPLICATION FOR ATTORNEYS' FEES AND EXPENSES
AND FOR SERVICE AWARDS
CASE NO. 4:10-CV-05839-CW

1    These matters come before the Court upon Plaintiffs' and Class Counsel's Motion for

2    Attorneys' Fees and Expenses and for Service Awards for Class Representatives, filed on July 25,

3    2012.  Upon consideration of the papers and arguments presented, the Court ORDERS as follows:

4        Plaintiffs and Class Counsel ask the Court to approve the payment of attorneys' fees and

5    expenses, and service awards for the Class Representatives, that Defendants have agreed to pay

6    under the proposed Settlement Agreement ("Settlement") entered into by the parties and

7    submitted to the Court for approval.  The Court finds that Class Counsel negotiated at arms-

8    length with Defendants to arrive at a fee that all parties concluded is reasonable.  The award of

9    Class Counsel's fees and costs will be paid directly by Defendants and will not affect the

10   injunctive relief benefiting the Class.  Under these circumstances, the Court finds that the agreed

11   amounts for attorneys' fees and expenses, and service awards for the Class Representatives, are

12   presumed to be reasonable.  *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("A request for

13   attorney's fees should not result in a second major litigation.  Ideally, of course, litigants will

14   settle the amount of a fee."); *In re Apple Computer, Inc. Derivative Litig.*, 2008 U.S. Dist. LEXIS

15   108195, at *12 (N.D. Cal. Nov. 5, 2008) ("A court should refrain from substituting its own value

16   for a properly bargained-for agreement."); *Ingram v. Coca-Cola Co.*, 200 F.R.D. 685, 695 (N.D.

17   Ga. 2001) (absent evidence of collusion or detriment to a party, court "should give substantial

18   weight to a negotiated fee amount, assuming that it represents the parties' best efforts to

19   understandingly, sympathetically, and professionally arrive at a settlement as to attorney's fees.").

20       As explained herein, the Court finds that the agreed-upon attorneys' fees, expenses, and

21   service awards are fair, reasonable, and justified given the circumstances of this case, and are

22   hereby approved.  *See In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 n.2

23   (9th Cir. 1994) (overriding principle is that the fee award be "reasonable under the

24   circumstances").

25       <u>Attorneys' Fees</u>

26       Class Counsel seek an award of attorneys' fees in the amount of approximately

27   $1,835,857.82, which is lower than their combined lodestar in this case.  *See* Declaration of

28   Robert J. Nelson, ¶ 16-17.  Thus, Class Counsel do not seek a multiplier on their lodestar, and in

1    fact the requested fee is a negative multiplier (-.79). The Court finds that this award is appropriate

2    here.

3         Because Plaintiffs asserted claims under California law, California law governs the award

4    of attorneys' fees.  *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).  Under

5    well-established California law, the Court has the power to award reasonable attorneys' fees and

6    costs where, as here, a litigant proceeding in a representative capacity secures a "substantial

7    benefit" for a class of persons.  *Serrano v. Priest*, 20 Cal. 3d 25, 38 (1977).  The two primary

8    methods for determining reasonable fees in a class case are the "lodestar-multiplier" method and

9    the "percentage of the fund" method.  *See Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th

10   224, 254 (2001); *accord*, *Hanlon v. Chrysler Group, Inc.*, 150 F.3d 1011, 1029 (9th Cir. 1998).

11        The Court will use the lodestar-multiplier method as the primary method for analyzing

12   this fee request, as there is no common fund.  *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1134

13   (2001); *Lealao v. Beneficial Calif. Inc.*, 82 Cal. App. 4th 19 (2000); *see also Goldkorn v. County*

14   *of San Bernardino*, 2012 U.S. Dist. LEXIS 17934, at *25 (C.D. Cal. Feb. 13, 2012).  The first

15   step in the lodestar analysis is to multiply the number of hours counsel reasonably expended on

16   the litigation by a reasonable hourly rate.  *See Graham v. DaimlerChrsyler Corp.*, 34 Cal. 4th

17   553, 579 (2004); *Hanlon*, 150 F.3d at 1029.  Once this raw lodestar figure is determined, the

18   Court may take into consideration certain factors to adjust the lodestar, including, *inter alia*: (1)

19   the results obtained; (2) the novelty and difficulty of the questions involved; (3) the requisite legal

20   skill necessary; (4) the preclusion of other employment due to acceptance of the case; and (5)

21   whether the fee is fixed or contingent.  *Serrano*, 20 Cal. 3d at 48; *Hanlon*, 150 F.3d at 1029

22   (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)).

23        The Court finds that Class Counsel's lodestar in this case, as set forth in the declaration of

24   Class Counsel, is reasonable.  Specifically, Class Counsel and their professional staffs have spent

25   approximately 4,505 hours working on this case, for a total unadjusted lodestar of approximately

26   $2,231,382.27 to date, exclusive of costs.  Nelson Decl., ¶ 17, Ex. A.  The Court finds that the

27   billing rates used by Class Counsel to calculate their lodestar are reasonable and in line with

28   prevailing rates in this District for personnel of comparable experience, skill, and reputation.

1   Nelson Decl., ¶ 18; *see Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1994).  The Court further finds

2   that the number of hours billed in this case by Class Counsel and their attorneys and staff is

3   reasonable.  Nelson Decl., ¶¶ 6-15, 17; *Serrano*, 20 Cal. 3d at 49 (counsel is entitled to recover

4   for all hours reasonably expended); *Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1028 (9th Cir.

5   2000) (same).

6       The Court now turns to the *Serrano* enhancement factors, and finds that they support

7   awarding the fee requested here, as follows.

8       *First*, Class Counsel achieved significant benefits for the Class Members and other elders.

9   *See Thayer v. Wells Fargo Bank,* 92 Cal. App. 4th 819, 838 (2001) (results obtained by counsel

10  are an important factor in determining a reasonable fee); *accord, Kerr*, 526 F.2d at 70.  Both the

11  Ninth Circuit and the Federal Rules Advisory Committee have recognized that injunctive relief

12  may properly figure in a reasonable award of attorneys' fees.  *See Vizcaino*, 290 F.3d at 1049

13  ("Incidental or nonmonetary benefits conferred by the litigation are a relevant circumstance" in

14  determining fee awards); Advisory Committee Notes to Fed. R. Civ. P. 23(h) (2003

15  Amendments) ("[I]t is important to recognize that in some class actions the monetary relief

16  obtained is not the sole determinant of an appropriate attorney fees award.") (citation omitted);

17  *see, e.g.*, *In re HP Laser Printer Litig.*, 2011 U.S. Dist. LEXIS 98759, at *5, 12-18 (C.D. Cal.

18  Aug. 31, 2011) (awarding attorneys' fees as negotiated by the parties, based on lodestar, where

19  the "primary relief" secured by a class settlement was injunctive in nature); *Osher v. SCA Realty*

20  *I, Inc.*, 945 F. Supp. 298, 301 (D.D.C. 1996) (awarding attorneys' fees to class and derivative

21  counsel who negotiated a settlement requiring consummation of corporate restructuring).

22      Under the present Settlement, Defendants have agreed to a stipulated injunction that

23  requires them to consistently utilize staffing practices at their skilled nursing facilities which will

24  ensure that they comply with applicable California law.  This consent decree not only mandates

25  that Defendants immediately comply with the law by adequately staffing their Facilities, but also

26  requires them to extensively document their compliance and submit to ongoing review by an

27  independent monitor.  The Court finds that the monitoring and oversight compelled by the

28  injunction will provide the residents of the Facilities with a level of care they would not otherwise

[PROPOSED] ORDER GRANTING CLASS COUNSEL'S
APPLICATION FOR ATTORNEYS' FEES AND EXPENSES
AND FOR SERVICE AWARDS
CASE NO. 4:10-CV-05839-CW

1    enjoy.  Should Defendants fail to comply, the Court retains jurisdiction and the ability to order

2    remedial sanctions.  The record before the Court shows that this injunction carries a substantial

3    value and obtains fair and adequate relief for the Class of skilled nursing home residents.

4         *Second*, this case involved numerous complex and novel issues of both fact and law that

5    presented significant risks.  *See Ketchum*, 24 Cal. 4th at 1132; *Serrano*, 20 Cal. 3d at 49; *Hanlon*,

6    150 F.3d at 1029.  The parties litigated four rounds of motions to dismiss, and the process of

7    litigating these complex motions informed the settlement negotiations.  In addition, the process of

8    litigating this series of motions placed this case at a relatively more advanced stage than many

9    cases which settle prior to a litigated class certification determination;.  Nelson Decl., ¶ 7; *cf.*

10   *Hanlon*, 150 F.3d at 1026.  Class Counsel faced several major obstacles in prosecuting this case,

11   including Washington's strict alter-ego law and the Defendants' tenuous financial condition.

12   While the Settlement does not provide for payments to the unnamed Class members, the record

13   discloses that such payments are not realistically possible because they would likely result in the

14   Defendants and/or their corporate affiliates entering bankruptcy proceedings, and the Settlement

15   includes no release.  *See Schwarm v. Craighead*, 814 F. Supp. 2d 1025, 1029-33 (E.D. Cal. 2011).

16   Given all the circumstances, the Court finds that Class Counsel successfully navigated the risks to

17   obtain favorable class-wide injunctive relief.

18        *Third*, Class Counsel prosecuted this case on a purely contingent basis, agreeing to

19   advance all necessary expenses, knowing that they would only receive a fee if there were a

20   recovery.  Nelson Decl., ¶ 4; *see In re Washington Public Power*, 19 F.3d at 1299-1300

21   ("Contingent fees that may far exceed the market value of the services if rendered on a non-

22   contingent basis are accepted in the legal profession as a legitimate way of assuring competent

23   representation for plaintiffs who could not afford to pay on an hourly basis regardless whether

24   they win or lose.").; *Ketchum*, 24 Cal. 4th at 1138; *Serrano*, 20 Cal. 3d at 48; *Kerr*, 526 F.2d at 70.

25   Class Counsel expended considerable time and money in this case with no guarantee of

26   reimbursement.  Nelson Decl., ¶ 4.  They had to forego other work in order to devote the requisite

27   amount of time, resources, and energy to handle this demanding matter.  Nelson Decl., ¶ 5;

28   *Serrano*, 20 Cal. 3d at 49; *Ketchum*, 24 Cal. 4th at 1132; *Kerr*, 526 F.2d at 70.

Fourth, the reputation, experience, and ability of Class Counsel were essential to the success of this litigation.  Nelson Decl., ¶ 3; *Serrano*, 20 Cal. 3d at 49; *Hanlon*, 150 F.3d at 1029.

Finally, while the benefits do not take the form of a common fund, the reasonableness and propriety of the requested fee are confirmed by a cross-check based on a percentage of the estimated monetary value of the injunctive relief obtained.  *See Hanlon*, 150 F.3d at 1029 (affirming fee award based on the lodestar approach where the district court performed a cross-check using the percentage approach with respect to the estimated value of the injunctive relief). The agreed-upon fee here represents approximately 19-22% of the estimated value of the injunctive relief obtained under the Settlement.  *See* Declaration of Christopher J. Healey, ¶¶ 11-17 (Dkt. No. 107–11) (discussing two separate valuation methods, each of which the Court finds to be reasonable, yielding estimates of $8.4 million and $9.75 million, respectively, for the class-wide injunctive relief).  These percentage estimates are less than the "benchmark" percentage of 25% applied in the Ninth Circuit, and are reasonable, particularly in light of the important structural change that Class Counsel achieved here, the complexity and novelty of the issues, and the contingent nature of Class Counsel's fee.  *See Vizcaino*, 290 F.3d at 1047-1050.

For the foregoing reasons, the Court finds that the requested attorneys' fees of $1,835,857.82 are fair, reasonable, and justified, and should be granted.

<u>Reimbursement of Out-of-Pocket Expenses</u>

Class Counsel also seek reimbursement of their out-of-pocket expenses in this litigation, in the amount of $129,142.18.  Nelson Decl., ¶ 21.  As with fees, reimbursement of costs here will be paid directly by the Defendants and and will not affect the injunctive relief benefiting the Class. Nelson Decl., ¶ 23.  Class Counsel are entitled to reimbursement of the costs they reasonably advanced to investigate and prosecute this case.  *See In re Media Vision Tech. Sec. Litig.*, 913 F.Supp. 1362, 1366 (N.D. Cal. 1996) (citing *Mills v. Electric Auto–Lite Co.*, 396 U.S. 375, 391–92 (1970)); *Staton*, 327 F.3d at 974.  The Court finds that Class Counsel's out-of-pocket expenses were reasonably incurred in connection with the prosecution of this litigation, were advanced by Class Counsel for the benefit of the Class, and should be reimbursed in full.

1

      <u>Service Awards for Class Representatives</u>

2

      "[N]amed plaintiffs, as opposed to designated class members who are not named

3 plaintiffs, are eligible for reasonable incentive payments."  *Staton*, 327 F.3d at 977; *Rodriguez v.*

4 *West Publishing Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) (service awards "are fairly typical in

5 class action cases.").  Such awards are "intended to compensate class representatives for work

6 done on behalf of the class [and] make up for financial or reputational risk undertaken in bringing

7 the action."  *Id.*; *see also Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal.

8 1995).

9

      The requested service awards here are justified.  In addition to lending their names to this

10 case, and thus subjecting themselves to public attention, the twelve Class Representatives actively

11 participated in the litigation, consulting with Class Counsel on a regular basis.  Nelson Decl., ¶ 4.

12 Moreover, the $2,500 awards requested here will be paid directly by Defendants, will not affect

13 the injunctive relief benefiting the Class, and are reasonable in amount.  *See*, *e.g.*, *In re Mego Fin.*

14 *Corp. Sec. Litig.*, 213 F.3d 454, 457, 463 (9th Cir. 2000) (approving service awards of $5,000);

15 *Hughes v. Microsoft Corp.*, 2001 WL 34089697, at *12-13 (W.D. Wash. Mar. 26, 2001) ($7,500,

16 $25,000, and $40,000 awards).

17

      Therefore, the Court finds that Class Representatives Phyllis Wehlage, John Michael

18 Beauvais, Isabel S. Simental-Collier, Earl Roberts, Sherri Avalos, Marie-Louise Patch, Howard

19 Richard Starts, Dea Barry, Frances Benveniste, Paige Melendez, Tamara Dillon, and Francis

20 Nishida are each entitled to receive service awards in the amount of $2,500 for their efforts on

21 behalf of the Class.

22

      For the reasons set forth above, the Court hereby GRANTS Plaintiffs' and Class

23 Counsel's Motion for Attorneys' Fees and Expenses and for Service Awards for Class

24 Representatives, and ORDERS as follows:

25

      1.      Class Counsel is hereby awarded attorneys' fees in the amount of $1,835,857.82

26 and reimbursement of out-of-pocket expenses in the amount of $129,142.18; and

27

      2.      Class Representatives Phyllis Wehlage, John Michael Beauvais, Isabel S.

28 Simental-Collier, Earl Roberts, Sherri Avalos, Marie-Louise Patch, Howard Richard Starts, Dea

1    Barry, Frances Benveniste, Paige Melendez, Tamara Dillon, and Francis Nishida are hereby

2    awarded service awards of $2,500 each.

3

4          IT IS SO ORDERED.

5

6    Dated:     10/4/2012

     The Honorable Claudia Wilken
7    Chief Judge, United States District Court

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28