UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Phyllis Wehlage, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Evergreen at Arvin LLC; Evergreen at Bakersfield LLC; Evergreen at Lakeport LLC; Evergreen at Heartwood LLC; Evergreen at Springs Road LLC; Evergreen at Tracy LLC; Evergreen at Oroville LLC; Evergreen at Petaluma LLC; Evergreen at Gridley (SNF) LLC; Evergreen at Chico LLC; Evergreen at Salinas LLC; Evergreen at Fullerton LLC,<br><br>Defendants. | Case No. 4:10-cv-05839-CW<br><br>**[PROPOSED] FINAL APPROVAL ORDER** |

This case was filed as a proposed class action in California state court on November 15, 2010, removed by Defendants to this Court on December 22, 2010, and resolved pursuant to the terms of the Class Action Settlement Agreement executed between April 30 and May 16, 2012 ("Settlement Agreement"). (Dkt. No. 107, Exhibits 1–4.) Where not otherwise defined, all capitalized terms in this Order shall have the same meaning as set forth in the Settlement Agreement. The proposed Settlement Agreement has proceeded through the required process for Court approval and is now formally and finally approved by this Court.

1  Due and adequate notice having been given of the proposed Settlement as required
2  by the Preliminary Approval Order (Dkt. No. 113), and the Court having considered all papers
3  filed and proceedings had herein, the Court now enters Order granting final approval to the
4  Settlement.

5  It is hereby ORDERED and DECREED as follows:

6  1.  The Parties have agreed to settle this action upon the terms and conditions
7  set forth in the Settlement. (Dkt. No. 107, Exhibits 1–4.) The definitions in the Settlement are
8  incorporated as though fully set forth herein. This Court has jurisdiction over the subject matter
9  and Parties in this action pursuant to 28 U.S.C. § 1332(d)(2) and 28 U.S.C. § 1453.

10  2.  The Settlement, including all Exhibits thereto, is finally approved as fair,
11  reasonable, and adequate, based upon the findings below.

12  3.  The Plaintiffs, by and through their counsel, investigated the facts and law
13  related to the matters alleged in their Complaint, engaged in extensive motion practice, and
14  evaluated the risks associated with continued litigation, trial, and/or appeal.[1]

15  4.  The Settlement before the Court was reached in the absence of collusion, is
16  the product of informed, good-faith, arms-length negotiations between the parties and their
17  capable and experienced counsel, and was reached with the assistance of a well-qualified and
18  experienced mediator, Catherine A. Yanni.

19  5.  The Settlement confers substantial benefits upon the Settlement Class,
20  particularly in light of the limited economic damages that Plaintiffs and Class Counsel believe
21  would be recoverable at trial given Defendants' financial condition, and the costs, uncertainty,
22  delays, and other risks associated with continued litigation, trial, and/or appeal. Under the
23  Settlement, Defendants have agreed to a stipulated Injunction that requires them to consistently
24  utilize staffing practices at their skilled nursing facilities which will ensure that they comply with
25  applicable California law. This Injunction carries a substantial value and obtains fair and
26  adequate relief for the Class.

---

[1] The Court will address Class Counsel's application for attorneys' fees and costs (Dkt. Nos. 115–116) in a separate Order.

6. Accordingly, pursuant to the terms of the Settlement Agreement, Defendants are hereby ENJOINED as provided for in the Stipulated Order for Injunction, which is attached as Exhibit 1 to the Settlement Agreement. (Dkt. No. 107–2.) This Order incorporates all provisions of the aforementioned Stipulated Order for Injunction as though fully set forth herein.

7. While the Settlement does not provide for cash payments to the unnamed Class members, the record demonstrates that such payments are not realistically possible because they would likely result in Defendants and/or their corporate affiliates entering bankruptcy or facing financial impairment at such a level that they would be in imminent threat of bankruptcy proceedings. *See* 4 *Newberg on Class Actions* § 11:50 (noting that "[c]ollectibility of a judgment . . . bear[s] on the reasonableness of a settlement in relation to the defendants' ability to withstand a greater one."). Given Defendants' demonstrated financial condition, continued litigation is unlikely to yield a recovery greater than that provided for under the Settlement. Moreover, the Class members' claims are expressly not being released by the Settlement. Thus, the Class members retain the ability to pursue separate claims for damages. Under these circumstances, the Court finds that the absence of cash compensation to the Class is reasonable.

8. The best notice practicable was provided to the Class, via direct mailing to each Class member as well as publication in *USA Today*. The Notice program fully complied with due process and with Federal Rule of Civil Procedure 23. Both the mailed and published Notices informed the Class Members of the material terms of the Settlement and their right to object to it. There were no objections.

9. This Order incorporates the Court's prior class certification decision, and its underlying findings, as though fully set forth herein. (Dkt. No. 113.) In granting preliminary approval, the Court certified an injunctive-relief Class for settlement purposes pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2), consisting of all persons who resided at any of Evergreen's skilled nursing facilities in California (the "Facilities") from November 15, 2006, through the date of class certification. Each Settlement Subclass consists of all persons who currently reside or previously resided at a specific one of the Facilities during the Class Period.

1 | The Facilities include Evergreen Lakeport Healthcare, Evergreen Bakersfield Post Acute Care, Evergreen Arvin Healthcare, Springs Road Healthcare, Heartwood Avenue Healthcare, Petaluma Health and Rehabilitation, Katherine Healthcare Center, Olive Ridge Post Acute Care, Evergreen Gridley Healthcare, Fullerton Post Acute Care, Twin Oaks Post Acute Rehab, and New Hope Post Acute Care.  Excluded from the Class and Subclasses are:  (a) Defendants; any entity in which Defendants have a controlling interest; the officers, directors, and employees of any Defendant; and the legal representatives, heirs, successors, and assigns of Defendants; and (b) the Judge to whom this case is assigned and any member of the Judge's immediate family.

10. This Court retains continuing and exclusive jurisdiction over the Class representatives, the Settlement Class, and Defendants with respect to the Settlement Agreement and this Order, including (a) implementation of the Settlement Agreement, (b) oversight of the Settlement Monitor and of Defendants' compliance with the terms and conditions of the Stipulated Order for Injunction, and (c) jurisdiction over the Class representatives, members of the Settlement Class, and Defendants for purposes of construing, enforcing, and administering the Settlement Agreement and this Order, including the Stipulated Order for Injunction that is fully incorporated herein.

11. Based on the foregoing, the Court grants final approval to the Settlement, and stays this litigation for the period during which the Injunction remains in place.

IT IS SO ORDERED.

Dated:  10/4/2012

_____
The Honorable Claudia Wilken
Chief Judge, United States District Court