Email:  renelson@lchb.com
Lexi J. Hazam, State Bar No. 224457
Email:  lhazam@lchb.com
**LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP**
275 Battery St., 29th Floor
San Francisco, CA 94111-3339
Tel:  (415) 956-1000
Fax:  (415) 956-1008

Kathryn A. Stebner, State Bar No. 121088
Email:  kathryn@stebnerassociates.com
Sarah Colby, State Bar No. 194475
Email:  Sarah@stebnerassociates.com
**STEBNER AND ASSOCIATES**
870 Market Street, Suite 1212
San Francisco, CA 94102
Tel:  (415) 362-9800
Fax:  (415) 362-9801

Michael D. Thamer, State Bar No. 101440
Email:  michael@trinityinstitute.com
**LAW OFFICES OF MICHAEL D. THAMER**
Old Callahan School House
12444 South Highway 3
Post Office Box 1568
Callahan, CA 96014-1568
Tel:  (530) 467-5307
Fax:  (530) 467-5437

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Phyllis Wehlage, on her behalf and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EmpRes Healthcare, Inc.. et al.,<br><br>Defendants. | Case No. C10-05839 CW<br><br>**STIPULATED ORDER FOR INJUNCTION** |

1

2

3      Pursuant to the parties' stipulation, IT IS HEREBY ORDERED, ADJUDGED AND

4   DECREED as follows.

5      As referenced herein, the term "Class Counsel" means counsel of record for the Class

6   Plaintiffs, specifically, Stebner and Associates; The Law Offices of Michael D. Thamer; The Arns

7   Law Firm; Janssen Malloy LLC; Lieff, Cabraser, Heimann & Bernstein, LLP; McKenna Long &

8   Aldridge LLP; The Law Office of Ed Dudensing; and Kershaw Cutter & Ratinoff.

9      As referenced herein, the term "Facilities" means the following skilled nursing facilities:

10  Evergreen at Lakeport, L.L.C., dba Evergreen Lakeport Healthcare; Evergreen at Arvin, L.L.C.,

11  dba Evergreen Arvin Healthcare; Evergreen at Bakersfield, L.L.C., dba Evergreen Bakersfield

12  Post Acute Care; Evergreen at Springs Road, L.L.C., dba Springs Road Healthcare; Evergreen at

13  Chico, L.L.C., dba Twin Oaks Post Acute Rehab; Evergreen at Heartwood Avenue, L.L.C., dba

14  Heartwood Avenue Healthcare; Evergreen at Tracy, L.L.C., dba New Hope Post Acute Care;

15  Evergreen at Petaluma, L.L.C., dba Petaluma Health and Rehabilitation; Evergreen at Oroville,

16  L.L.C., dba Olive Ridge Post Acute Care; Evergreen at Fullerton, L.L.C., dba Fullerton Post Acute

17  Care; and Evergreen at Salinas, L.L.C., dba Katherine Healthcare.

18     This Court has jurisdiction over the parties and the claims asserted by the Class Plaintiffs

19  in this action. The following injunction ("Injunction") shall be entered against each of the

20  Facilities and EmpRes Healthcare Management, LLC (collectively "Defendants") and any and all

21  predecessors, successors and/or assigns of any such entities.

22     **COMPLIANCE WITH LAW**

23     1.      At all times, Defendants shall comply with Health and Safety Code section 1276.5 by

24  providing a minimum of 3.2 actual nursing hours per patient day ("NHPPD") at any skilled

25  nursing home owned or operated by the Defendants, or any of them, in California.  Pursuant to

26  Health & Safety Code section 1276.5(b), "nursing hours" means the number of hours of work

27  performed per patient day by aides, nursing assistants, orderlies, registered nurses, and licensed

28  vocational nurses (excluding Director of Nurses in facilities of 60 or larger capacity) who perform

direct nursing services.  Notwithstanding the foregoing, "nursing hours" includes the number of hours of work performed per patient day by Directors of Nurses who perform direct nursing services when such Directors of Nurses have worked more than 8 hours in one day or more than 40 hours in one week and properly document that such direct nursing services were provided to residents. In order to count for purposes of the 3.2 NHPPD requirement, an "aide" or "orderly" must qualify as a "nurse assistant" as that term is defined in Health and Safety Code sections 1337(d)(1) and 1337.5.

2.      At all times, Defendants shall comply with Health and Safety Code section 1599.1 by employing an adequate number of qualified personnel to carry out all of the functions of the facility at any skilled nursing home owned or operated by the Defendants, or any of them, in California.  Without limitation, this paragraph shall require that Defendants employ[1] an adequate number of qualified nursing personnel to provide skilled nursing services (as that term is defined in 22 CCR section 72309) at the Facilities or any other skilled nursing facility owned or operated by the Defendants, or any of them, in California.

3.      At all times, Defendants shall comply with all applicable nurse posting requirements, including without limitation, 42 C.F.R. § 483.30(e) by posting the following information in a prominent public place at the Facilities or any other skilled nursing facility owned or operated by the Defendants, or any of them, in California: (a) the actual nursing hours for each shift; and (b) the resident census for each day. In addition, Defendants shall retain the daily posted nurse staffing sheets for the term of this Injunction, or the period required under applicable law, whichever is longer.

**THIRD PARTY MONITOR/COMPLIANCE REPORTS**

4.  A third party monitor ("Monitor") shall be appointed to review Compliance Reports (defined below) submitted by the Defendants and undertake all other necessary actions to monitor Defendants' compliance with the terms of this Injunction.  All fees and costs of the Monitor shall

---

[1] "Employ", for purposes of this Injunction, shall mean "to use on a daily basis".

1   be paid by the Defendants.  The parties shall meet and confer to select the Monitor; if no

2   agreement is reached, the Court shall appoint the Monitor.

3        5.   Commencing twenty-five (25) days following the end of the month in which this order

4   is approved by the Court, and continuing each month thereafter for as long as this Injunction is in

5   effect, Defendants shall provide the Monitor and one law firm designated by Class Counsel with a

6   monthly report that contains all of the following information (herein, "Compliance Report") for

7   each skilled nursing facility owned or operated by the Defendants, or any of them, in California:

8   (a) The actual nursing hours for each day during the prior monthly period (the "reporting period");

9   (b) the resident census for each day during the reporting period[2]; (c) the NHPPD for each day

10  during the reporting period; (d) the hire date, enrollment status, and training commencement date

11  for each nurse assistant who is not yet certified, if any, whose hours have been included in the

12  NHPPD calculation during the reporting period; (e) documentary evidence, such as time card

13  correction forms signed by the employee and supervisor, for all Nursing Hours claimed for any

14  personnel with primarily administrative and/or non-nursing titles or duties; (f) documentary

15  evidence demonstrating actual dates, hours and assignments of all registry personnel providing

16  direct nursing care and included in categories of "Nursing Staff" as defined above.  This data shall

17  not be used by the Monitor for any purposes other than overseeing compliance with this

18  Injunction.  Class Counsel may only use this data to enforce the Injunction in this litigation.

19       6.     The Compliance Report shall be signed under penalty of perjury under the laws of the

20  State of California by the Facility's Director of Nursing or the Facility's Administrator for each

21  facility submitting a Compliance Report.  In addition to the Compliance Report, Defendants shall

22  provide the Monitor with all payroll data[3], daily labor reports, and the census reports for each

23

24  [2]  "Resident Census" means the average number of residents in the facility on any given calendar
    day as set forth on the Department of Public Health's All Facility Letter AFL 11-19. If the method
25  of calculating the "Resident Census" is changed by the Department of Public Health during the
    existence of this Injunction, the "Resident Census" to be provided with the Compliance Report
26  shall be calculated and reported as is then required by the Department's rules and regulations.

27  [3]  "Payroll data" means the electronic version of Defendants' daily staffing which contains the
    total hours of labor by employee, by Job Code, delivered at the facility on a daily basis.  Daily
28  labor reports means the electronic version of Defendants' staffing which contains the same
    information, including the actual NHPPD for each calendar day. Defendants shall use their best

Facility for all pay periods during the previous month. The Compliance Reports and other documentation shall be delivered on or before the 25th day of each month.

7.      In the event that a question is raised by the Class Counsel, the Monitor, or any of them, with respect to information contained in a Compliance Report, the Monitor shall request clarifying information or data from the Defendant or Defendants in question ("Backup Information"). The Monitor shall be authorized to receive and request information from Defendants concerning any staffing concerns raised by residents or family members. Defendants shall provide a full and complete response to any such request to both the Monitor and one law firm designated by Class Counsel not later than fifteen  (15) calendar days  after receiving the request.

8.      Nothing stated in this Injunction shall relieve Defendants, or any of them, from complying with any other applicable federal or state law or regulation.

9.      This Injunction shall be effective as of the date the Final Approval Order is signed by the Court and shall remain in full force and effect for 2.5 years from that date. If Defendants violate the terms of this Injunction, however, Plaintiffs may seek a Court order extending the Injunction duration, in addition to any other available remedy.

## OTHER PROVISIONS

10.     Pursuant to Code of Civil Procedure section 664.6, the Court shall retain continuing jurisdiction over all parties and over this action to enforce the terms of this Injunction.

11.     Without limitation to Defendants' obligations to comply with applicable law and this stipulated injunction and for purposes of enforcement of this Injunction only, the parties agree that Plaintiffs will not seek to enforce the terms of this Injunction unless: (a) any of the Facilities fails to meet the 3.2 NHPPD requirement on more than one day in any Compliance Report; or (b) cumulatively, there are six or more days under 3.2 NHPPD reported in total in the Compliance Reports for all Facilities in a single month. If Plaintiffs seek to enforce the Injunction, Defendants

---

good-faith efforts to access and produce the "electronic version" of the Kronos data and of the Daily Labor Reports, but may seek leave of the Court and/or of the Monitor to produce such data and information in other mutually-acceptable formats upon determining that they will be unable to produce the "electronic version."

1  shall be entitled to argue (if applicable) that the non-compliance was caused by fire, flood,

2  earthquake, disease outbreak or some other cause completely beyond the control of Defendants.

3      12.    If Nursing Hours Per Patient Day Standard set forth by Health and Safety Code section

4  1276.5 or Health and Safety Code section 1599.1 is changed, clarified and/or modified by statute

5  or regulation, either substantively or in the manner of state or federal enforcement, the Parties may

6  move the court for modification of this Stipulation consistent with such new statutes and/or

7  regulations.

8          **IT IS SO ORDERED, ADJUDGED AND DECREED.**

9

10  DATED: _____10/9/2012_____    _____
                                     The Honorable Claudia Wilken
11                                   United States District Court Judge

12  **SO STIPULATED:**

13  DATED: _____    _____
                                     Christopher J. Healey
14                                   McKenna, Long & Aldridge, LLP
                                     Attorneys for Plaintiffs
15

16  DATED: _____    _____
                                     Regina Casey
17                                   Wroten & Associates
                                     Attorneys for Defendants

18

19

20

21

22

23

24

25

26

27

28

EVER-0112/124007.1

6

STIPULATED ORDER FOR INJUNCTION